IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., individually and on behalf of a class of all persons and entities similarly situated, | )<br>)  Case No. 1:15-cv-9025<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| OH INSURANCE AGENCY and THE ALLSTATE CORPORATION, | )  **JURY TRIAL DEMANDED**<br>)<br>) |
| Defendants. | ) |

**CLASS ACTION COMPLAINT**

**Preliminary Statement**

1.  Plaintiff Abante Rooter and Plumbing, Inc. ("Abante" or "Plaintiff"), which is owned and operated by Fred Heidarpour ("Mr. Heidarpour"), brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage over the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs.*, *LLC*, 132 S. Ct. 740, 745 (2012).

2.  "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the [Federal Communications] Commission" ("FCC").[1] The TCPA is designed to protect consumer privacy by, among other things, prohibiting the making of autodialed or prerecorded voice calls to cellular telephone numbers. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

3.  Defendant Oh Insurance Agency made unsolicited telephone calls to Abante and others' cellular telephone numbers using an automatic telephone dialing system ("autodialer")

---

[1] *Omnibus TCPA Order*, GC Docket 02-278, FCC 15-72, 2015 WL 4387780, ¶1 (July 10, 2015).

and prerecorded voice to promote the goods or services of Defendant The Allstate Corporation ("Allstate") (collectively referred to as the "Defendants"), in violation of the TCPA.

4. Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of persons who likewise received illegal telephone calls by or on behalf of Defendants.

5. A class action is the best means of obtaining redress for the Defendants' illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

6. Plaintiff Abante is a California corporation.

7. Defendant Oh Insurance Agency is a business based in California that has its principal office is at 1421 Warner Avenue, Suite B, in Tustin, California 92780.

8. Defendant The Allstate Corporation is a Delaware corporation headquartered in Northfield Township, Illinois, in this District, which has a registered agent of CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

## Jurisdiction & Venue

9. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. 1332(d)(2). The matter in controversy exceeds $5,000,000, in the aggregate, exclusive of interest and costs, as each member of the proposed Class of at least tens of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA. Further, Plaintiff alleges a nationwide class, which will result in at least one Class member residing in a state different from a Defendant.

10. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

11. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2) because Defendant Allstate is a resident of this District, and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District. Among other things, Allstate contracted in this District with third parties, such as Oh Insurance Agency, to make the telemarketing calls at issue in this action, including to Class members in this District.

## TCPA Background

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy[,]" and found that "[b]anning such automated or prerecorded telephone calls … is the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, §§ 2(5), 2(14) (1991) (codified at 47 U.S.C. § 227).

13. Some of the TCPA's most stringent restrictions pertain to calls placed to cell phones: The statute categorically bans the making of any non-emergency call using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, unless with the "prior express consent" of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii); *see also Soppet v. Enhanced Recovery Co.*, 679 F.3d 637, 638 (7th Cir. 2012) ("An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance."). The FCC—charged by Congress to develop the rules and regulations implementing the TCPA, *see* 47 U.S.C. § 227(b)(2)—has further strengthened this prohibition; for autodialed or prerecorded voice telemarketing calls made to cell phones on

or after October 16, 2013, prior express *written* consent is required. *See* 47 C.F.R. § 64.1200(a)(2).

14. Further, a person or entity can be liable for calls made on its behalf in violation of the TCPA, even if that person or entity did not directly dial such calls. *See, e.g., In re Rules & Regs. Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995) (explaining that the FCC's "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any [TCPA] violations"). In fact, in May 2013, the FCC issued a binding declaratory ruling clarifying that sellers "may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers ... under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification." *In re Joint Petition Filed by DISH Network, LLC et. al for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd 6574, 6584 ¶ 28 (2013) ("FCC 2013 Ruling").

15. Accordingly, it is undeniably clear that, even if it did not directly place the call itself, an entity can be liable under the TCPA for a prohibited call made on its behalf under a number of theories, including vicarious liability. Under those circumstances, including as described herein as to Defendants, the seller is properly deemed to have initiated the call through the person or entity that actually placed it.

## Factual Allegations Relating to Plaintiff

16. Oh Insurance Agency makes telemarketing calls to attempt to solicit customers for Allstate.

17. Oh Insurance Agency's telemarketing efforts include the use of a prerecorded voice.

18. Oh Insurance Agency telemarketing efforts included calling the cellular telephone number of Plaintiff.

19. On September 24, 2015, Oh Insurance Agency placed two telemarketing calls to Plaintiff's telephone number used by Mr. Heidarpour, which is registered with a cellular telephone service.

20. Mr. Heidarpour did not answer the first call, which came from (888) 772-1946, a telephone number with which he was not familiar.

21. However, less than two minutes after Mr. Heidarpour ignored the first call, a second call was placed from the same number, (888) 772-1946.

22. The (888) 772-1946 number is the toll-free number for Oh Insurance Agency, and is publicly advertised as such.

23. Mr. Heidarpour answered the second call from (888) 772-1946, after which there was a significant pause, with no one audibly on the other end of the call.

24. When there was finally a response on the other end of the telephone, it was not a live person who answered.

25. Rather, a prerecorded voice message played. The prerecorded message was generic, advertised insurance services, and asked the recipient to please call (888) 772-1946—the number for the Oh Insurance Agency.

26. The facts in the preceding paragraphs indicate that the call was placed using an "automatic telephone dialing system" as defined in 47 U.S.C. § 227(a)(1).

27. In order to identify the calling party, Mr. Heidarpour called the telephone number that was left and spoke with a "Josh" with Oh Insurance Agency.

28. The assistant for "Josh", Wendy Morales, later e-mailed Mr. Heidarpour forms for his completion, following up on the sales calls.

29. These forms, which were sent to Mr. Heidarpour as the information needed to issue him an Allstate insurance quote, included the following information for the Oh Insurance Agency:

> **Oh Insurance Agency**
> CA Lic.    #0D12116
> Phone:    (714) 247-1030
> Toll Free: (888) 772-1946
> Fax:        (714) 247-1031
> Email:   SarahStangl@allstate.com

30. The toll-free telephone number advertised in the form referenced above, (888) 772-1946, is the same number for the prerecorded voice calls to Plaintiff.

31. Defendants did not have Plaintiff's prior express consent to make these telemarketing calls, whether in writing or otherwise.

32. In fact, prior to the filing of this lawsuit, Mr. Heidarpour contacted Oh Insurance Agency regarding any purported consent it had to make the calls at issue. In response, Oh Insurance Agency did not provide any evidence of consent, but admitted that it made the calls to Plaintiff.

33. Upon information and belief, the calls to Plaintiff and the Class defined below were made without regard to whether the called party consented to such calls, and neither Allstate nor Oh Insurance Agency obtained express consent for any of the calls before they were made.

### Allstate's Liability for the Calls at Issue

34. Allstate requires its insurance agents to represent the company to consumers, including non-customers.

35. Allstate relies on third parties, such as Oh Insurance Agency, to solicit new applications for its business.

36. Allstate also makes significant investments in its agents that attempt to solicit new customers and, according to its 2014 10-K Statement, Allstate currently has $341,000,000 in "investments" through "agent loans".

37. The third parties that Allstate contracts with, such as Oh Insurance Agency, engage in telemarketing to promote Allstate's products.

38. Allstate is aware that the third parties it relies upon to solicit new applications for its business use telemarketing. In fact, there are companies that are solely dedicated to telemarketing for Allstate agents. *See, e.g.,* http://1to1insurancecalls.com/about-us/ (identifying itself as "an approved Allstate Insurance marketing vendor") (last accessed October 2, 2015).

39. In fact, for more than ten years, Allstate has been aware that it is liable for the telemarketing activities of its agents, as it paid a fine to the Pennsylvania Attorney General's office in 2003 to resolve violations of "Do Not Call" laws for the actions of Allstate agents located in Pennsylvania.

40. Through its contracts, as well as by other means, Allstate maintains interim control over its agents' actions, both as to telemarketing and other activities. Moreover, Allstate, at all times, has the absolute ability to control Oh Insurance Agency's use and method of telemarketing.

41. For example, upon information and belief, Allstate directs the geographical area for which its agents may take credit and earn fees.

42. Furthermore, Allstate had the interim right to instruct each and every one of its agents not to submit applications for insurance that were obtained through telemarketing.

7

43. Allstate manifested assent to the Oh Insurance Agency's telemarketing campaign by issuing quotes and writing insurance policies arising directly therefrom. Allstate either had actual knowledge that such quotes or new customers arose from such telemarketing campaigns, or made a conscious decision not to learn the specifics, such that it manifested assent in that way.

44. Allstate also allows its agents—including, on information and belief, Oh Insurance Agency—to submit reimbursements for their marketing activities, including telemarketing.

45. Allstate had absolute control over whether, and under what circumstances, they issue an insurance quote to a prospective customer.

46. Allstate knowingly and actively accepted business that originated through the illegal telemarketing calls complained of herein.

## Class Action Allegations

47. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of himself and a Class consisting of:

> All persons in the United States (i) to whom a call was made for the purpose of encouraging the purchase of Allstate goods or services (ii) to a cellular telephone number (iii) using the same or similar telephone dialing system or prerecorded voice message as in Defendants' calls to Plaintiff (iv) from the four-year period preceding the filing of this action through the date of class certification.
>
> Plaintiff alleges a subclass of Class members to whom such calls were made on or after October 16, 2013.

48. Upon information and belief, the cellular telephone numbers of more than 100 persons were called for the purpose of encouraging the purchase of Allstate insurance in the four years prior to the filing of this action, using the same or similar telephone dialing system or prerecorded voice message used in Defendants' calls to Plaintiff.

49. Common questions of law or fact exist as to all members of the Class, and predominate over any questions solely affecting any individual member, including Plaintiff. Such questions common to the Class include but are not limited to:

    a. Whether Defendants used an "automatic telephone dialing system" or an "artificial or prerecorded voice" as such terms are defined or understood under the TCPA and applicable FCC regulations and orders;

    b. Whether Defendants had "prior express consent" to contact Plaintiff and the other members of the Class when making calls to such persons' cell phones using an automatic telephone dialing system or an artificial or prerecorded voice;

    c. Whether Allstate should be held liable for the calls made by Oh Insurance Agency and others on its behalf; and

    d. Damages, including whether Defendants' violations were performed willfully or knowingly such that Plaintiff and the other members of the Class are entitled to trebled damages under 47 U.S.C. § 227(b)(3).

50. Plaintiff's claims are typical of the claims of the other members of the Class. The factual and legal bases of Defendants' liability to Plaintiff and the other members of the Class are the same: Defendants violated the TCPA by causing the cellular telephone number of each member of the Class, including Plaintiff, to be called using an automatic telephone dialing system and/or an artificial or prerecorded voice, without permission.

51. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests that might conflict with the interests of the Class. Plaintiff, including through its principal, Mr. Heidarpour, is interested in pursuing its claims vigorously, and has retained

counsel competent and experienced in class and complex litigation, including with regards to the claims alleged herein.

52. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual action would entail. There are, on information and belief, thousands of members of the Class, such that joinder of all members is impracticable.

53. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

54. Defendants have acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, thereby making relief appropriate with respect to the Class as a whole. Prosecution of separate actions by individual members of the Class, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct.

55. The identity of the Class is, on information and belief, readily identifiable from Defendants' records.

WHEREFORE, Plaintiff, individually and on behalf of the Class, requests that the Court enter judgment against Defendants for:

    A.    An injunction against further violations;

    B.    Statutory damages; and

C.	Such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: October 13, 2015

ABANTE ROOTER AND PLUMBING, INC., individually and on behalf of a class of all persons and entities similarly situated

By: /s/ Alexander H. Burke
Alexander H. Burke
Email: aburke@burkelawllc.com
Daniel J. Marovitch
Email: dmarovitch@burkelawllc.com
BURKE LAW OFFICES, LLC
155 North Michigan Avenue, Suite 9020
Chicago, Illinois 60601
Telephone: (312) 729-5288
Facsimile: (312) 729-5289

Edward A. Broderick
Email: ted@broderick-law.com
Anthony Paronich
Email: anthony@broderick-law.com
BRODERICK LAW, P.C.
99 High St., Suite 304
Boston, Massachusetts 02110
Telephone: (617) 738-7080
Subject to *Pro Hac Vice*

Matthew P. McCue
Email: mmccue@massattorneys.net
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, Massachusetts 01760
Telephone: (508) 655-1415
Facsimile: (508) 319-3077
Subject to *Pro Hac Vice*