## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into between and among Plaintiff Abante Rooter and Plumbing, Inc. ("Plaintiff"), on behalf of itself and all Settlement Class Members as defined herein on the one hand, and Defendants Oh Insurance Agency ("Oh Agency") and Allstate Insurance Company ("AIC") (collectively, "Defendants"), on the other hand. Plaintiff and Defendants are referred to collectively in this Settlement Agreement as the "Parties."

**1.     RECITALS**

1.1.     On October 13, 2015, Plaintiff filed a lawsuit against Oh Insurance Agency and The Allstate Corporation (later replaced through amendment with AIC), which is pending in the United States District Court for the Northern District of Illinois, Case No. 1:15-cv-09025 (the "Litigation"). Plaintiff alleges in the Litigation that Oh Agency violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by causing unsolicited telemarketing calls to be made to the cellular telephone numbers of Plaintiff and others using an automatic telephone dialing system or an artificial or prerecorded voice by way of its SalesDialers-brand dialer. Plaintiff further alleges that AIC is vicariously liable for the calls made by or on behalf of Oh Agency.

1.2.     The Parties engaged in a day-long, in-person mediation session with Hunter R. Hughes, III, Esq., on December 17, 2018, but were unable to reach a settlement.

1.3.     The parties thereafter continued to negotiate through counsel, and on or about March 12, 2019, a settlement in principle was reached.

1.4.     Defendants maintain that they have substantial factual and legal defenses to all claims and class allegations in the Litigation. Without admitting any liability or wrongdoing whatsoever, Defendants agree to the terms of this Agreement in order to avoid the further

expense, inconvenience, and distraction of burdensome and protracted litigation and resolve all issues relating to the subject matter of the Released Claims in the Litigation.

2.     **DEFINITIONS**

As used herein, the following terms have the meanings set forth below.

2.1.     "Affiliate" of an entity means any person or entity which controls, is controlled by, or is under common control with such entity.

2.2.     "Agreement" or "Settlement Agreement" means this Settlement Agreement and Release, including all exhibits thereto.

2.3.     "AIC" means Allstate Insurance Company.

2.4.     "Approved Claim" means a Claim submitted by a Settlement Class Member that is timely and submitted in accordance with the directions on the Claim Form and the terms of this Agreement.

2.5.     "Attorneys' Fees and Expenses" means such funds as may be awarded to Class Counsel by the Court to compensate them (and all other attorneys for Plaintiff or the Settlement Class) for their fees and all expenses incurred by Plaintiff or Class Counsel in connection with the Litigation.

2.6.      "Claim" means a written request for Settlement Relief submitted by a Settlement Class Member to the Settlement Administrator, pursuant to the Claim Form in a form substantially similar to one of the document attached as Exhibit C to this Agreement or as ultimately approved by the Court.

2.7.     "Claim Form" means documents in form substantially similar to that attached as Exhibit C to this Agreement or as ultimately approved by the Court.

2.8.     "Claimant" means any Settlement Class Member who submits an Approved Claim pursuant to this Settlement Agreement.

2.9.     "Class Counsel" means Alexander H. Burke and Daniel J. Marovitch of Burke

Law Offices, LLC, Edward A. Broderick of Broderick Law, P.C., and Matthew P. McCue of The

Law Office of Matthew P. McCue.

2.10.    "Class List" means the list of users or subscribers of 53,743 unique cellular

telephone numbers created by Plaintiff's expert Jeffrey Hansen from the data produced by

SalesDialers and/or its affiliates, contractors or subcontractors (collectively "SalesDialers)

pursuant to Plaintiff's subpoenas for Oh Agency's SalesDialers calls in this Litigation, covering

the time period April 19, 2013 through February 21, 2017.

2.11.    "Class Notice" means the program of notice described in Section 6 of this

Agreement to be provided to potential Settlement Class Members, including the Mail Notice and

Website Notice on the Settlement Website, which will notify potential Settlement Class

Members about, among other things, their rights to opt out of or object to the Settlement, the

preliminary approval of the Settlement, and the scheduling of the Final Approval Hearing. The

Class Notice shall advise Class Members with Known Addresses that they do not need to submit

a Claim in order to receive their share of the Settlement Relief.

2.11.1. "Mail Notice" means the notice that is mailed by the Settlement

Administrator to potential Settlement Class Members, in a form substantially similar to <u>Exhibit</u>

<u>A</u> to this Agreement and/or as ultimately approved by the Court.

2.11.2.  "Website Notice" means the long form notice that is available to

Settlement Class Members on the Settlement Website, in a form substantially similar to <u>Exhibit</u>

<u>B</u> to this Agreement and/or as ultimately approved by the Court.

2.12.    "Court" means the United States District Court for the Northern District of

Illinois.

2.13. "Days" means calendar days, except that, when computing any period of time prescribed or allowed by this Agreement, the day of the act, event, or default from which the designated period of time begins to run shall not be included. Further, when computing any period of time prescribed or allowed by this Agreement, the last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday.

2.14. Deadlines. As used herein, the Parties agree to the following deadlines, subject to Court approval:

2.14.1. "Notice Deadline" means the last day for the Settlement Administrator to send Mail Notice to potential Settlement Class Members. Mail Notice shall be sent not less than forty-five (45) Days after the Court's Preliminary Approval Order.

2.14.2. "Fee and Incentive Award Motion Deadline" means the last day for Plaintiff to file a motion for an award of Attorneys' Fees and Expenses, and an Incentive Award to the Named Plaintiff from the Settlement Fund. The Fee and Incentive Award Motion shall be filed not later than thirty (30) Days after the Notice Deadline.

2.14.3. "Objection Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Settlement Class Member must serve written objections, if any, to the Settlement in accordance with Section 12 of this Agreement to be able to object to the Settlement. The Objection Deadline shall be not later than ninety (90) Days after the Notice Deadline.

2.14.4. "Opt Out Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Request for Exclusion must be filed in writing with the Settlement Administrator in accordance with Section 11 of this Agreement in order for a

potential Settlement Class Member to be excluded from the Settlement Class. The Opt-Out Deadline shall be no later than ninety (90) Days after the Notice Deadline.

2.14.5. "Claim Deadline" means the last date by which a Claim submitted to the Settlement Administrator by a Settlement Class Member must be postmarked or submitted electronically, which will be ninety (90) Days after the Notice Deadline. All Claims postmarked or submitted electronically at the Settlement Website on or before the Claim Deadline shall be timely, and all Claims postmarked or submitted electronically at the Settlement Website after the Claim Deadline shall be untimely and barred from entitlement to any Settlement Relief.

2.14.6. "Class Members with Known Addresses" means those Class Members of the Settlement Class for which the Settlement Administrator is able to confirm a current address and to whom notice will be sent and to whom a check will be sent without the need for submission of a Claim Form.

2.14.7. "Final Approval Motion Deadline" means the date by which Class Counsel shall file the motion seeking final approval of the Settlement. The Final Approval Motion Deadline shall be no later than one-hundred (100) Days after the Notice Deadline.

2.15. "Defense Counsel" means, for Allstate Insurance Company, the law firms of Ballard Spahr LLP and Dentons US LLP, and, for Oh Insurance Agency, the law firm of Kaufman Dolowich & Voluck, LLP.

2.16. "Final" with respect to the Final Approval Order, the Judgment, and any award of Attorneys' Fees and Expenses means that the time for appeal has expired or, if an appeal is taken and dismissed or the Settlement (or award of Attorneys' Fees and Expenses) is affirmed, the time period during which further petition for hearing or appeal can be taken has expired. If the Final Approval Order and/or Judgment is set aside, modified, or overturned by the Court or on appeal,

5

and is not fully reinstated on further appeal, the Final Approval Order and/or Judgment shall not become Final.

2.17.   "Final Approval" means the entry of the Judgment after the Final Approval Hearing.

2.18.   "Final Approval Order" means the Order Granting Final Approval of Class Action Settlement and Dismissing Class Plaintiff's Claims, to be entered by the Court pursuant to the Settlement and in a form substantially similar to <u>Exhibit E</u>.

2.19.   "Final Approval Hearing" means the hearing held by the Court to determine whether the terms of this Agreement are fair, reasonable, and adequate for the Settlement Class as a whole, and whether the Final Approval Order and the Judgment should be entered. The Parties shall seek to have the Final Approval Hearing on a date not earlier than one hundred and twenty (120) Days after the Notice Deadline.

2.20.   "Final Settlement Date" means the earliest date on which both the Final Approval Order and the Judgment are Final (as defined in Section 2.16). If no appeal has been taken from the Final Approval Order or the Judgment, the Final Settlement Date means the day after the last date on which either the Final Approval Order or the Judgment could be appealed. If any appeal has been taken from the Final Approval Order or from the Judgment, the Final Settlement Date means the date on which all appeals of the Final Approval Order or the Judgment have been finally disposed of in a manner that affirms the Final Approval Order and the Judgment.

2.21.   "Incentive Award" means Court-approved compensation for Plaintiff for its time and effort undertaken in the Litigation.

2.22.   "Judgment" means the judgment to be entered by the Court pursuant to Final Approval Order in a form substantially similar to <u>Exhibit E-1</u>.

6

2.23.    "Notice and Administrative Costs" means all reasonable and authorized costs and expenses of disseminating and publishing the Class Notice in accordance with the Preliminary Approval Order, and all reasonable and authorized costs and expenses incurred by the Settlement Administrator in administering the Settlement, including but not limited to costs and expenses associated with assisting Settlement Class Members, processing claims, escrowing funds, and issuing and mailing Settlement Relief.

2.24.    "Oh Agency" means Oh Insurance Agency.

2.25.    "Plaintiff" means Abante Rooter and Plumbing, Inc.

2.26.    "Preliminary Approval Application" means Plaintiff's motion for the Court to approve the Settlement preliminarily and to enter the Preliminary Approval Order, including all exhibits and documents attached thereto.

2.27.    "Preliminary Approval Order" means the order in a form substantially similar to Exhibit D and providing for, among other things, preliminary approval of the Settlement as fair, reasonable, and adequate, and directing the Class Notice to potential Settlement Class Members upon a finding that giving such notice is justified by the parties' showing that the Court will likely be able to: (i) approve the Settlement under Fed. R. Civ. P. 23(e)(2); and (ii) certify the Settlement Class for purposes of judgment on the Settlement.

2.28.    "Release" or "Releases" means the releases of all Released Claims by the Releasing Persons against the Released Persons, as provided for in Section 10 of the Settlement Agreement.

2.29.    "Released Claims" means all claims, demands, causes of actions, suits, damages, and fees arising under the TCPA and/or any other federal or state telemarketing laws, whether in law or equity, that have been or could have been brought by a Releasing Person against Oh

7

Agency or AIC in connection with Oh Agency making or causing to be made telemarketing calls promoting AIC goods or services to the telephone numbers on the Class List, where such call was made on or after April 19, 2013, up to and including February 21, 2017, including but not limited to claims of any type or nature alleging that AIC is vicariously liable for said Oh Agency calls.

2.30.    "Released Persons" means Defendants and all of their predecessors, successors, parents, subsidiaries, affiliates, officers, directors, partners, members, principals, employees, agents, attorneys, servants, and assigns.

2.31.    "Releasing Persons" means Plaintiff (including Plaintiff's principal Fred Heidarpour) and each member of the Class identified on the Class List and not opting out, and their respective assigns, heirs, successors, predecessors, parents, subsidiaries, affiliates, officers, directors, shareholders, members, managers, partners, principals, representatives, employees (each solely in their respective capacity as such).

2.32.    "Request for Exclusion" means a written request from a potential Settlement Class Member that seeks to exclude the potential Settlement Class Member from the Settlement Class and that complies with all requirements in Section 11 of this Agreement.

2.33.    "Settlement" or "Stipulation of Settlement" means the settlement set forth in this Agreement.

2.34.    "Settlement Administrator" means a nationally-recognized third-party agent or administrator selected by Class Counsel after a competitive bidding process to help implement and effectuate the terms of this Settlement Agreement. Class Counsel will propose the selected Settlement Administrator for Court approval.

8

2.35.   "Settlement Class" or "Class" means the class of persons that will be certified by the Court for settlement purposes only, as more fully described in Section 3.1 herein.

2.36.   "Settlement Class Member" or "Class Member" means any person who falls within the definition of the Settlement Class and who has not submitted a valid Request for Exclusion.

2.37.   "Settlement Class Period" shall commence on April 19, 2013, and shall continue through and including February 21, 2017.

2.38.   "Settlement Class Recovery" means the amount of the Settlement Fund available for distribution to Class Members with Known Addresses and Claimants after payment of Notice and Administrative Costs and any Court-approved Attorneys' Fees and Expenses and Incentive Award.

2.39.   "Settlement Fund" means the $10,500,000 described in Section 4.2 that Defendants have agreed to pay pursuant to the terms of this Settlement Agreement.

2.40.   "Settlement Relief" means the payment to be made from the Settlement Fund to Class Members with Known Addresses and Claimants who submit Approved Claims.

2.41.   "Settlement Website" means the Internet site created by the Settlement Administrator pursuant to Section 6.2 of this Agreement.

2.42.   "Settling Parties" means, collectively, Oh Agency, AIC, Plaintiff, and all Releasing Persons.

3.    **CLASS DEFINITION AND CONDITIONS RELATING TO THE EFFECTIVENESS OF THE SETTLEMENT**

3.1.   The "Settlement Class" or "Class" shall be as follows:

> All persons in the United States (i) to whom Oh Insurance Agency made a call for the purpose of encouraging the purchase of Allstate goods or services (ii) to a cellular telephone number (iii) using SalesDialers (iv) on or after April 19, 2013, up to and including

9

February 21, 2017, limited to calls to telephone numbers on the Class List. The Class List is comprised of the users or subscribers of the 53,743 unique cell phone numbers listed therein.

3.2.    This Settlement Agreement is expressly contingent upon the satisfaction, in full, of the material conditions set forth below. In the event that the Settlement is not finally approved, AIC and Oh Agency (or Oh Agency's insurers) shall be refunded any money in the Settlement Fund that has not yet been expended, together with interest thereon, and Class Counsel shall reimburse Defendants fifty percent (50%) of the Settlement Fund money that was previously expended.

3.3.    <u>Condition No. 1: District Court Approval</u>. The Settlement must be approved by the Court in accordance with the following steps:

3.3.1.    <u>Application for Preliminary Approval of Proposed Settlement and Class Notice</u>.  After good-faith consultation with Defense Counsel, Class Counsel will present a Preliminary Approval Application to the Court as soon as practicable after execution of this Agreement, or as otherwise set by the Court.  The Preliminary Approval Application shall include Class Notice, in forms substantially similar to Exhibits A and B.  The Settling Parties shall, in good faith, take reasonable steps to secure expeditious entry by the Court of the Preliminary Approval Order.

3.3.2.    <u>Settlement Class Certification</u>.  In connection with the proceedings on Final Approval of the proposed Settlement, Plaintiff shall seek an order certifying the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

3.3.3.    <u>CAFA Notice</u>.  Class Counsel shall cause the notices required by the Class Action Fairness Act, 28 U.S.C. § 1715(b), to be served by the Settlement Administrator. No later than 10 days before the Final Approval Hearing, Class Counsel shall cause the Settlement

Administrator to file one or more declarations with the Court, stating that CAFA Notice obligations have been complied with.

    3.3.4.  <u>Entry of Preliminary Approval Order</u>.  The Court shall enter a Preliminary Approval Order in a form substantially similar to Exhibit D, which shall, among other things:

      (a)   Preliminarily approve the Settlement as fair, reasonable, and adequate;

      (b)   Direct the issuance of Class Notice to the Settlement Class, upon a finding that giving notice is justified by the Parties' showing that the Court will likely be able to: (i) approve the Settlement under Fed. R. Civ. P. 23(e)(2), and (ii) certify the Settlement Class for purposes of judgment on the proposal;

      (c)   Determine that such Class Notice complies with all legal requirements, including, but not limited to, the Due Process Clause of the United States Constitution;

      (d)   Schedule a date and time for a Final Approval Hearing to determine whether the Settlement should be finally approved by the Court;

      (e)   Require Settlement Class Members who wish to exclude themselves to submit an appropriate and timely written request for exclusion by the Opt-Out Deadline, as directed in the Settlement Agreement and Class Notice, and advise that a failure to do so shall bind those Settlement Class Members who remain in the Settlement Class;

      (f)   Require Settlement Class Members who wish to object to the Settlement Agreement to submit an appropriate and timely written statement by the Objection Deadline, as directed in the Settlement Agreement and Class Notice, and advise that a failure to do so shall prevent those Settlement Class Members from doing so;

(g)     Authorize the Settling Parties to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement; and

(h)     Issue related orders to effectuate the preliminary approval of the Settlement Agreement.

3.3.5.   Issuance of Class Notice.  Pursuant to the Preliminary Approval Order to be entered by the Court, the Settlement Administrator shall cause the Class Notice to be issued in accordance with Section 6 below.

3.3.6.   Final Approval Hearing.  In connection with the Preliminary Approval Application, the Parties shall request that the Court schedule and conduct a hearing after dissemination of Class Notice, at which time it will consider whether the Settlement is fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure. Specifically, Plaintiffs, after good faith consultation with Defense Counsel, shall request that, on or after the Final Approval Hearing, the Court: (i) enter the Final Approval Order and the Judgment; (ii) determine the Attorneys' Fees and Expenses that should be awarded to Class Counsel as contemplated in the Settlement Agreement; and (iii) determine the Incentive Award, if any, that should be awarded as contemplated by the Settlement Agreement.  The Settling Parties agree to support entry of the Final Approval Order and the Judgment.  The Settling Parties will reasonably cooperate with one another in seeking entry of the Final Approval Order and of the Judgment.

3.4.   Condition No. 2:  Finality of Judgment.  The Court shall enter the Final Approval Order and the Judgment in forms substantially similar to Exhibits E and E-1, respectively.  The Final Approval Order and the Judgment must become Final in accordance with Section 2.16 above, and shall, among other things:

12

(a)     Find that (1) the Court has personal jurisdiction over all Settlement Class Members; (2) the Court has subject matter jurisdiction over the claims asserted in this Litigation; and (3) venue is proper;

(b)     Finally approve the Settlement Agreement, pursuant to Rule 23 of the Federal Rules of Civil Procedure, as fair, reasonable, and adequate;

(c)     Finally certify the Settlement Class for settlement purposes only;

(d)     Find that the form and means of disseminating the Class Notice complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution;

(e)     Enter the Final Approval Order and the Judgment with respect to the claims of all Settlement Class Members who did not opt out, and dismiss with prejudice all Released Claims of the Releasing Persons in the Litigation;

(f)     Make the Releases in Section 10 of the Settlement Agreement effective as of the Final Settlement Date;

(g)     Permanently bar Plaintiff and all Releasing Persons and Settlement Class Members who have not opted out of the Settlement from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction for the Released Claims;

(h)     Find that, by operation of the entry of the Judgment, Plaintiff and all Releasing Persons and Settlement Class Members who have not opted out of the Settlement shall be deemed to have forever released, relinquished, and discharged the Released Persons from any and all Released Claims;

(i)     Authorize the Settling Parties to implement the terms of the Settlement Agreement;

(j)     Retain jurisdiction relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement, the Final Approval Order, and the Judgment, and for any other necessary purpose; and

(k)     Issue related orders to effectuate the Final Approval of the Settlement Agreement and its implementation.

## 4.    SETTLEMENT CONSIDERATION, BENEFITS, AND OTHER RELIEF

4.1.    In consideration for the Releases set forth in Section 10, Defendants will provide the following benefits.

4.2.    <u>Settlement Monetary Consideration</u>.

4.2.1.   AIC and Oh Agency (or Oh Agency's insurers), will fund a non-reversionary common Settlement Fund of $10,500,000, from which all Settlement Relief, Attorneys' Fees and Costs, Notice and Administrative Costs, and any Incentive Award will be deducted in the manner and at the various times specified in this Agreement.  The Settlement Fund represents the limit and total extent of Defendants' monetary obligations under this Agreement and the Settlement.  In no event shall Defendants' total financial liability with respect to this Agreement and the Settlement exceed $10,500,000.

4.2.2.   Defendants will fund the Settlement Fund as follows: (a) within thirty (30) Days following entry of the Preliminary Approval Order, Defendants will transfer $50,000.00 to the Settlement Administrator (via wire instructions provided by the Settlement Administrator to AIC and Oh Agency (or Oh Agency's insurers), to an interest-bearing escrow account.  The Settlement Administrator will use or pay those funds for any up-front Notice and Administrative Costs authorized by the Settlement Agreement and/or the Preliminary Approval Order.  (b)

14

Within ten(10) days after the Final Settlement Date, Defendants will transfer the remainder of the Settlement Fund to the Settlement Administrator (via wire instructions provided by the Settlement Administrator to AIC and Oh Agency (or Oh Agency's insurers)), to the existing escrow account. The Settlement Administrator will use or pay those funds as authorized by the Settlement Agreement, the Preliminary Approval Order, the Final Approval Order, and/or the Judgment.

4.2.3. The Court shall retain continuing jurisdiction over the Settlement Fund sufficient to satisfy the requirements of 26 C.F.R. § 1.468B-1. The Settlement Administrator shall at all times seek to have the Settlement Fund treated as a "qualified settlement fund" as that term is defined in 26 C.F.R. § 1.468B-1. The Settlement Administrator shall cause any taxes imposed on the earnings of the Settlement Fund, if any, to be paid out of such earnings and shall comply with all tax reporting and withholding requirements imposed on the Settlement Fund under applicable tax laws. The Settlement Administrator shall be the "administrator" of the Settlement Fund pursuant to 26 C.F.R. § 1.468B-2(k)(3).

4.2.4. Each Class Member with Known Addresses and Claimants (upon certification that he, she, or it is or was the user or subscriber of the cell phone number) shall be entitled to receive Settlement Relief for each cell phone number of theirs on the Class List. The amount of Settlement Relief shall be equal to the Settlement Class Recovery divided by the total number of Class Members with Known Addresses and Approved Claims after accounting for Attorney's Fees and Costs, Notice and Administration costs, and any Incentive Award. No interest shall be included as an element of, or be payable or paid on, any claimed amount.

4.2.5.   All payments issued to Class Members with Known Addresses and Claimants via check will state on the face of the check that the check will expire and become null and void unless cashed within one hundred and eighty (180) Days after the date of issuance.

4.2.6.   No amount of the Settlement Fund shall revert in any way to AIC or Oh Agency (or Oh Agency's insurers) except as set forth in Sections 3.2 and 4.2.7 of this Agreement.  If, after payments to Class Members with Known Addresses and Claimants have been made and the deadline for cashing checks has passed, funds remain in the Settlement Fund sufficient to make it administratively feasible to make a further payment to Class Members with Known Addresses and Claimants, then a further distribution shall be made to Class Members with Known Addresses and Claimants who cashed their checks in the prior round of payments. Such distributions shall be made until administratively infeasible. Any unclaimed funds after the final distribution will be disbursed as *cy pres* to a non-profit approved by the Court. The Parties agree to recommend the Electronic Privacy Information Center ("EPIC") as the *cy pres* designee.

4.2.7.   If for any reason the Final Approval Order and/or the Judgment does not become Final within the meaning of Section 2.16, all money remaining in the Settlement Fund, including the interest accumulated, shall be returned to AIC and Oh Agency (or Oh Agency's insurers) within five (5) Days after the occurrence of the condition or event that prevents the Final Approval Order and/or the Judgment from becoming Final, and Class Counsel shall reimburse Defendants fifty percent (50%) of the Settlement Fund money that was previously expended.

## 5.    RETENTION OF SETTLEMENT ADMINISTRATOR AND COSTS

5.1.    The Parties agree that Class Counsel shall propose a Settlement Administrator, to process claims, field calls and correspondence from Settlement Class Members, and disburse amounts from the Settlement Fund.

5.2.     Class Counsel shall propose the Settlement Administrator after a competitive bidding process.

5.3.     All Notice and Administrative Costs will be paid from the Settlement Fund, and Defendants' only responsibility regarding such costs is to fund the Settlement Fund as specified in Section 4.2 of this Agreement.

5.4.     The Settlement Administrator shall administer the Settlement in a cost-effective and timely manner. Without limiting any of its other obligations as stated herein, the Settlement Administrator shall be responsible for CAFA Notice, Mail Notice, Website Notice, the Settlement Website (all as described in Section 6), administration of Settlement Relief, and providing all other related support, reporting, and administration as further stated in this Agreement.

5.5.     The Parties shall work cooperatively with the Settlement Administrator for purposes of providing Class Notice to the Settlement Class, as provided in this Settlement Agreement. Because the information about Settlement Class Members that will be provided to or received by the Settlement Administrator may consist of confidential information, non-public personal information, or other information protected by privacy laws, any such information shall be deemed "Confidential Information" under the Confidentiality Order in the Litigation, Dkt. No. 76, and shall be used by the Settlement Administrator only for the purpose of administering this Settlement.

5.6.     W-9 Forms. The Settlement Administrator shall complete and provide to AIC and Oh Agency (or Oh Agency's insurers), any W-9 forms necessary to implement this Settlement. In the event a class member does not return a required W-9 form after two written requests to do so, the Class Administrator KCC is ordered to reduce payments to the greater of: a) the check

17

less the anticipated penalty of $260 (or whatever the applicable penalty is at the time of check issuance) or b) $599 to the subset of class members not returning required W-9 forms.

## 6.    NOTICE TO THE CLASS

6.1.    <u>Mail Notice</u>:  Subject to the requirements of the Preliminary Approval Order, the Settlement Administrator shall perform a reverse-lookup on the telephone numbers in the Class List to obtain associated contact information, and thereafter provide Mail Notice by means of separate first-class mailings to those identified names and addresses. To the extent the reverse-lookup process is unable to identify associated contact information, the Settlement Administrator shall direct the Class Notice to any associated names and addresses identifiable through the data produced in discovery in this Litigation. The Settlement Administrator shall run the mailing list through the National Change of Address database ("NCOA'') before mailing.

6.1.1.    The Mail Notices shall all be mailed not less than forty-five (45) Days after the Court's Preliminary Approval Order.

6.1.2.    The Mail Notice shall detail how Settlement Class Members so desiring may opt out of or object to the Settlement. The Parties shall also prepare a Spanish-language translation of the Mail Notice and Claim Form, to be made available at the Settlement Website.

6.1.3.    After posting of the Mail Notice by the Settlement Administrator with the United States Postal Service, for any Mail Notices returned as undeliverable, the Settlement Administrator may run further reverse-lookups to obtain better addresses for such returned Notices, and should such efforts indicate a possible alternate address, the Settlement Administrator may mail the returned Mail Notice to the alternative address; provided, however, that if a determination is made in good faith by the Settlement Administrator that it is not possible to further update any particular Settlement Class Member's address(es) in sufficient time to remail the Class Notice(s) at least twenty (20) Days before the scheduled Final Approval

18

Hearing, then the Settlement Administrator need make no further efforts to provide further Mail Notice to such person(s).

      6.1.4.   All costs of Mail Notice will be paid from the Settlement Fund, and Defendants' only responsibility regarding such costs is to fund the Settlement Fund as specified in Section 4.2 of this Agreement.

      6.2.    <u>Settlement Website</u>:  No later than the posting of the Mail Notice, the Settlement Administrator shall establish a Settlement Website which shall contain the Website Notice, in a form substantially similar to Exhibit B, copies of the operative Complaint, Preliminary Approval Motion, Settlement Agreement and exhibits, and the Mail Notice.  The Settlement Website shall also contain instructions and a Claim Form that may be downloaded or printed from the Internet site.

      6.2.1.   The Settlement Website shall remain open and accessible for not less than thirty (30) Days after the last day to cash any check drawn on the Settlement Fund. Settlement Class Members shall also have the option of completing their Claim Form online within the Settlement Website, utilizing an e-signature format.

      6.2.2.   All costs associated with the Settlement Website will be paid from the Settlement Fund, and Defendants' only responsibility regarding such costs is to fund the Settlement Fund as specified in Section 4.2 of this Agreement.

      6.3.    <u>Toll-Free Settlement Hotline</u>. The Settlement Administrator will establish and maintain an automated toll-free telephone line (which shall not have live operators) for persons in the Settlement Class to call with, and/or to leave questions or messages regarding, Settlement-related inquiries, to answer the questions of persons who call with or otherwise communicate such inquiries to Class Counsel (except that the Settlement Administrator shall not give, and

shall not be expected to give, legal advice). All costs associated with this telephone line and arising from its operation will be paid from the Settlement Fund, and Defendants' only responsibility regarding such costs is to fund the Settlement Fund as specified in Section 4.2 of this Agreement.

**7.    CLAIM FILING, REVIEW, AND APPROVAL PROCESS**

7.1.    <u>Claim Filing Process</u>. Settlement Class Members shall be permitted to make a Claim for Settlement Relief in one of two ways:

(a)    By mailing (either through mailing with the United States Postal Service or through a private mail carrier, such as UPS or Federal Express, provided that proof of the mail date is reflected on the label of the mailing) a written Claim Form providing the required information, to the Settlement Administrator, on a date no later than the Claim Deadline. A written Claim Form will also be available on the Settlement Website for Settlement Class Members to download or print out and mail to the Settlement Administrator pursuant to this Section; or

(b)    By completing an online Claim Form within the Settlement Website utilizing an e-signature format.

7.2.    Any Settlement Class Member who is not a Class Member with a Known Address and who does not properly submit a completed Claim Form on or before the Claim Deadline shall be deemed to have waived any claim to Settlement Relief and any such Claim Settlement Form will be rejected.

7.3.    <u>Claim Review Process</u>. As soon as practicable, the Settlement Administrator shall confirm that each Claim Form submitted is in the form required, that each Claim Form was submitted in a timely fashion, and that the person submitting the Claim is a member of the Settlement Class.

7.4.    <u>Notification</u>. Within five (5) Days after the Claims Deadline, the Settlement Administrator shall provide the Parties' counsel with a list of all Class Members with Known Addresses and Settlement Class Members who filed a Claim, whether the Claim was rejected or

accepted, and if rejected, the reason it was rejected. The Parties will use their best efforts to amicably resolve any dispute about the processing of any Claim.

7.5.     The Settlement Administrator shall have sixty (60) Days after the Final Settlement Date within which to process the Claims and remit the appropriate Settlement Relief amounts by check to Class Members with Known Addresses and Claimants from the Settlement Fund.

## 8.     COVENANTS

The Settling Parties covenant and agree as follows:

8.1.     <u>Covenant Not to Sue</u>.  Plaintiff, the Releasing Persons and the Settlement Class Members covenant and agree: (i) not to file, commence, prosecute, or intervene in (as class members or otherwise) any action in any jurisdiction based on any of the Released Claims against any of the Released Persons; and (b) that the foregoing covenant and this Agreement shall be a complete defense to any of the Released Claims against any of the Released Persons. However, this Agreement is not intended to and does not prohibit a Settlement Class Member from responding to inquiries from federal, state or local agencies and/or law enforcement, even if the inquiries relate to the Released Claims. Similarly, this Agreement is not intended to and does not prohibit a Settlement Class Member from bringing their concerns to federal, state or local agencies and/or law enforcement, even if those inquiries relate to the Released Claims.

8.2.     <u>Cooperation</u>.  The Settling Parties agree to cooperate reasonably and in good faith with the goal of obtaining entry of the Final Approval Order and the Judgment as quickly as is reasonably practicable and expeditiously reaching agreement on the matters requiring mutual agreement as set forth in this Settlement Agreement, including, but not limited to, the expeditious agreement to the terms of all Class Notice documents and settlement administration

protocols, and the preparation and execution of all other reasonable documents necessary to achieve Final Approval of the Settlement by the Court.

## 9.      REPRESENTATIONS AND WARRANTIES

9.1.    Plaintiff's Representations and Warranties.

9.1.1.   Plaintiff (including Plaintiff's principal Fred Heidarpour) represents and warrants that it is the sole and exclusive owner of all of its own Released Claims and that it has not assigned or otherwise transferred any interest in any of its Released Claims against any of the Released Persons, and further covenants that it will not assign or otherwise transfer any interest in any of its Released Claims.

9.2.    The Settling Parties' Representations and Warranties.  The Settling Parties, and each of them on his, her, or its own behalf only, represent and warrant that they are voluntarily entering into the Settlement Agreement as a result of arm's-length negotiations, that in executing the Settlement Agreement, they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently-selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing the Settlement Agreement by representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any Party to the Settlement Agreement.  Each of the Settling Parties assumes the risk of mistake as to facts or law.

## 10.      Release of Claims.

10.1.    Upon the Final Settlement Date, the Releasing Persons shall, by operation of the Judgment, be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged the Released Persons from any and all Released Claims.

22

10.2.    This Agreement and the Releases herein do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement in accordance with the requirements in Section 11 of this Settlement Agreement.

10.3.    The administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court.  The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases contained in the Agreement.  The Court shall retain jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

10.4.    Nothing in this Settlement Agreement shall preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein.  The Releases set forth herein are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained herein.

## 11.    OPT-OUT RIGHTS.

11.1.    A potential Settlement Class Member who wishes to opt out of the Settlement Class must complete and send to the Settlement Administrator a Request for Exclusion that is postmarked no later than the Opt Out Deadline. The Request for Exclusion must: (a) identify the name and address of the potential Settlement Class Member requesting exclusion; (b) provide the cell phone number at which that potential Settlement Class Member was called by Oh Agency during the Settlement Class Period; (c) be personally signed by the potential Settlement Class Member requesting exclusion; and (d) contain a statement that reasonably indicates a desire to be excluded from the Settlement Class.  Mass or class opt-outs shall not be allowed.

23

11.2.    Any potential member of the Settlement Class who properly opts out of the Settlement Class shall: (a) not be bound by any orders or judgments relating to the Settlement; (b) not be entitled to relief under, or be affected by, the Agreement; (c) not gain any rights by virtue of the Agreement; and (d) not be entitled to object to any aspect of the Settlement.

11.3.    The Settlement Administrator shall provide Class Counsel and Defense Counsel with a list of all timely Requests for Exclusion within seven (7) Days after the Opt Out Deadline.

11.4.    If 2,500 or more potential members of the Settlement Class properly and timely opt out of the Settlement, then the Settlement may be deemed null and void upon notice by either Defendant without penalty or sanction.

11.5.    Except for those potential members of the Settlement Class who timely and properly file a Request for Exclusion in accordance with Section 11, all other potential members of the Settlement Class will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Final Settlement Date, will be bound by its terms, regardless of whether they receive any monetary relief or any other relief.

## 12.    OBJECTIONS.

12.1.    <u>Overview</u>.  Any potential Settlement Class Member who does not opt out of the Settlement will be a Settlement Class Member and may object to the Settlement. To object, the Settlement Class Member must comply with the procedures and deadlines in this Agreement.

12.2.    <u>Process</u>.  Any Settlement Class Member who wishes to object to the Settlement must do so in writing on or before the Objection Deadline, as specified in the Class Notice and Preliminary Approval Order. The written objection must be filed with the Clerk of Court, and mailed (with the requisite postmark) to Class Counsel and Defense Counsel (at the addresses identified in Section 18), no later than the Objection Deadline.

12.2.1. The requirements to assert a valid written objection shall be set forth in the Class Notice and on the Settlement Website, and, to be valid, the written objection must include: (a) the name, address, and telephone number of the Settlement Class Member objecting and, if different, the cellular telephone number at which the Settlement Class Member was called by Oh Agency during the Settlement Class Period; (b) if represented by counsel, the name, address, and telephone number of the Settlement Class Member's counsel; (c) the specific grounds for the objection, and whether it applies only to the objector, to a specific subset of the Class, or to the entire Class; and (d) a statement of whether the Settlement Class Member objecting intends to appear at the Final Approval Hearing, either with or without counsel.

12.2.2. Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this Section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

12.3.  Appearance.  Subject to approval of the Court, any Settlement Class Member who files and serves a written objection in accordance with Section 12.2 and the Class Notice may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Settlement Class Member: (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline.

12.3.1. The Notice of Intention to Appear must include the Settlement Class Member's full name, address, telephone number, and, to the extent not otherwise submitted in relation to a filed objection, copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing.

12.3.2. Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Class Notice shall not be entitled to appear at the Final Approval Hearing or raise any objections.

**13.    SETTLEMENT APPROVAL.**

13.1.    Plaintiff shall apply to the Court for entry of the proposed Preliminary Approval Order and setting of a Final Approval Hearing as soon as practicable after the Parties' execution of this Agreement.

13.2.    Not later than five (5) Days before the Final Approval Motion Deadline or as otherwise ordered by the Court, the Settlement Administrator will provide Class Counsel with a declaration that the Class Notice has been disseminated in accordance with the Preliminary Approval Order and identifying the number of Requests for Exclusion to the Settlement, along with the number of claims received to date.

**14.    CERTIFICATION OF NATIONWIDE SETTLEMENT CLASS FOR SETTLEMENT PURPOSES.**

14.1.    Plaintiffs shall move for Final Approval of the Settlement and entry of the Final Approval Order and Judgment, and shall request the certification of the Settlement Class for settlement purposes.

14.2.    If the Settlement is not granted Final Approval, or this Agreement is otherwise terminated or rendered null and void, the certification of the above-described nationwide

26

Settlement Class shall be automatically vacated and shall not constitute evidence or a binding determination that the requirements for certification of a class for trial purposes in this or any other action can be or have been satisfied; in such circumstances, Defendants reserve and shall have all rights to challenge certification of any settlement class or any other class for trial purposes in the Litigation, or in any other action, on all available grounds as if no nationwide Settlement Class had been certified.

## 15. ATTORNEYS' FEES, EXPENSES, AND PLAINTIFF'S INCENTIVE AWARD.

15.1. Class Counsel may apply to the Court for an award of Attorneys' Fees and Expenses from the Settlement Fund. Class Counsel intend to apply for an award of one third of the Settlement Fund (net of the costs of class administration) plus an award of $_____ in out of pocket expenses incurred in prosecuting the action. Defendants are not required to support any such application.

15.1.1. The Settlement Administrator shall pay the amount of Attorneys' Fees and Expenses awarded by the Court from the Settlement Fund to the account(s) of Class Counsel via wire instructions provided by Class Counsel to the Settlement Administrator within no later than sixty (60) Days after the Final Settlement Date.

15.2. Class Counsel may also apply to the Court for Incentive Award for Plaintiff to be paid solely from the Settlement Fund. Class Counsel intend to apply for a class representative fee of $10,000. Defendants are not required to support any such application.

15.2.1. To the extent awarded by the Court, the Settlement Administrator shall deliver to Class Counsel an Incentive Award check made payable from the Settlement Fund to Plaintiff within no later than sixty (60) Days after the Final Settlement Date.

15.2.2. If the Court awards Plaintiff an Incentive Award, Plaintiff shall provide the Settlement Administrator a completed W-9 form within 10 Days after the Final Settlement Date.

15.3.    The procedure for and the grant or denial or allowance or disallowance by the Court of the Attorneys' Fees and Expenses and Incentive Award are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceedings relating to the applications for Attorneys' Fees and Expenses and Incentive Award, or any appeal from any order relating thereto or reversal or modification thereof, will not operate to terminate or cancel this Agreement, or affect or delay the finality of the Final Approval Order or Judgment approving the Agreement and the Settlement, except as provided for in Section 15.1.

**16.    TERMINATION AND EFFECT THEREOF.**

16.1.    This Agreement shall be terminable by any Party if any of the conditions of Section 3 are not fully satisfied, or if the conditions of Section 11.4 occur, unless the relevant conditions are waived in writing signed by authorized representatives of Plaintiff and Defendants.

16.2.    This Agreement shall also terminate at the discretion of Plaintiff or either Defendant if: (1) the Court, or any appellate court(s), rejects, modifies, or denies approval of any portion of this Agreement or the proposed Settlement that is material, including without limitation, the terms or relief, the findings or conclusions of the Court, the provisions relating to Class Notice, the definition of the Settlement Class, and/or the terms of the Releases; (2) the Court, or any appellate court(s), does not enter or completely affirm, or alters, or restricts, or expands, any portion of the Final Approval Order or Judgment, or any of the Court's findings of

28

fact or conclusions of law, that is material; or (3) if all of the conditions required to be met before the Final Settlement Date do not occur.

16.3. If this Agreement is terminated as provided herein, either automatically or by a Party, the Settlement shall be null and void from its inception and the Settling Parties will be restored to their respective positions in the Litigation as of the day prior to the date of the Preliminary Approval Order. In such event, the terms and provisions of this Agreement will have no further force and effect with respect to the Settling Parties and will not be used in any proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Agreement will be treated as vacated, *nunc pro tunc*. In the event of valid termination, Defendants shall be refunded any portions of the Settlement Fund that have not yet been expended, together with interest thereon, and Class Counsel shall reimburse Defendants fifty percent (50%) of the Settlement Fund money that was previously expended.

## 17. MISCELLANEOUS PROVISIONS

17.1. The Settling Parties acknowledge that it is their intent to consummate this Agreement, and they agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement.

17.2. The Settling Parties intend the Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Settlement compromises claims that are contested and will not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties agree that the consideration provided to the Settlement Class and the other terms of the Settlement were negotiated in good faith and at arm's length by the Settling Parties, and reflect a Settlement that was reached voluntarily after consultation with competent legal counsel. The amounts paid are to compromise the Class

29

Members with Known Addresses and Claimants' claims for damages and the amounts paid represent the Class Members with Known Addresses and Claimants' compensation for such alleged damages.

17.3.    Neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claims, or of any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault, omission, wrongdoing, or liability of Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants may file this Agreement, including the Exhibits thereto, (except the Class List must be filed only under seal), the Final Approval Order, and/or the Judgment in any action that may be brought against it in order to support any defense or counterclaim, including, without limitation, those based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

17.4.    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information will survive this Agreement.

17.5.    All of the Exhibits to this Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

17.6.    Nothing in this Settlement Agreement shall constitute a release of, a covenant not to sue or an impairment of any claims, causes of action or rights that AIC or Oh Agency had, have or may have against any third-party, including but not limited to SalesDialers and/or its affiliated companies, contractors or subcontractors.

17.7.    This Agreement may be amended or modified only by a written instrument signed by or on behalf of Plaintiff and each Defendant or their respective successors-in-interest. Any material changes must be approved by the Court.

17.8.    This Agreement and the Exhibits attached hereto constitute the entire agreement among the Settling Parties, and no representations, warranties, or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties, and covenants covered and memorialized herein. Except as otherwise provided herein, the Settling Parties will bear their own respective costs.

17.9.    This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them will be deemed to be one and the same instrument.  A complete set of counterparts will be submitted to the Court.

17.10.  This Agreement will be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

17.11.  The Court will retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

17.12.  None of the Settling Parties, or their respective counsel, will be deemed the drafter of this Agreement or its Exhibits for purposes of construing the provisions thereof.  The language in all parts of this Agreement and its Exhibits will be interpreted according to its fair meaning, and will not be interpreted for or against any Settling Party as the drafter thereof.

17.13.  The Settlement shall be governed by the laws of the State of Illinois, except to the extent that the law of the United States governs any matters set forth herein, in which case such federal law shall govern.

17.14. The following principles of interpretation apply to the Agreement: (a) the plural of any defined term includes the singular, and the singular of any defined term includes the plural, as the case may be; (b) references to a person are also to the person's successors-in-interest; and (c) whenever the words "include," includes," or 'including" are used in the Agreement, they shall not be limiting, but rather shall be deemed to be followed by the words "without limitation."

17.15. The Settlement Agreement shall not be subject to collateral attack by any Settlement Class Member or any recipient of the notices of the Settlement Class after the Final Approval Order and Judgment are entered.

## 18. NOTICES

18.1. All notices (other than the Class Notice) required by the Agreement shall be made in writing and communicated by email and mail to the following addresses:

18.2. All notices to Class Counsel shall be sent to Class Counsel, c/o:

> Alexander H. Burke
> Burke Law Offices, LLC
> 155 N. Michigan Ave., Suite 9020
> Chicago, IL 60601

> *Counsel for Plaintiff and Class*

18.3. All notices to Defense Counsel shall be sent to Defense Counsel, c/o:

> Mark J. Levin
> Ballard Spahr LLP
> 1735 Market St., 51st Floor
> Philadelphia, PA 19103

> *Counsel for Allstate Insurance Company*

> John D. Dalton
> Kaufman Dolowich & Voluck, LLP
> 135 S. LaSalle St., Suite 2100

Chicago, IL 60603

*Counsel for Oh Insurance Agency*

18.4.    The notice recipients and addresses designated above may be changed by written agreement of Plaintiff and Defendants.

18.5.    Upon the request, the Parties agree to promptly provide each other with copies of objections, Requests for Exclusion, or other similar documents received from Settlement Class Members in response to the Class Notice.

IN WITNESS WHEREOF, the Settling Parties have executed and caused this Settlement on the dates set forth below.

**On Behalf of Plaintiff Abante Rooter and Plumbing, Inc.:**

Dated: _____        By: _____

                              Name: _____

                              Title: _____


**On Behalf of Defendant Allstate Insurance Company:**

Dated: _____        By: _____

                              Name: _____

                              Title: _____


**On Behalf of Defendant Oh Insurance Agency:**

Dated: _____        By: _____

                              Name: _____

                              Title: _____

34

**On Behalf of Plaintiff Abante Rooter and Plumbing, Inc.:**

Dated: _____     By: _____

                                      Name: _____

                                      Title: _____


**On Behalf of Defendant Allstate Insurance Company:**

Dated: ___4/12/2019_____     By: _____

                                      Name: ___Tzivia Masliansky_____

                                      Title: ___Counsel_____


**On Behalf of Defendant Oh Insurance Agency:**

Dated: _____     By: _____

                                      Name: _____

                                      Title: _____

34

**On Behalf of Plaintiff Abante Rooter and Plumbing, Inc.:**

Dated: _____     By: _____

                                    Name: _____

                                    Title: _____


**On Behalf of Defendant Allstate Insurance Company:**

Dated: _____     By: _____

                                    Name: _____

                                    Title: _____


**On Behalf of Defendant Oh Insurance Agency:**

Dated: _Apnl 12, 2019_     By: _____

                           Name: _Janet J. Oh._

                           Title: _Agency Principal_

34

# Exhibit A

**LEGAL NOTICE**

*Abante Rooter & Plumbing, Inc.*
*v. Oh Ins. Agency*,

**No. 1:15-cv-09025 (N.D. Ill.)**

A class action settlement has been proposed in this lawsuit pending in the U.S. District Court for the Northern District of Illinois ("Court").

This case claims that Oh Insurance Agency violated the Telephone Consumer Protection Act by causing cell phones to be called using an automatic telephone dialing system or an artificial or prerecorded voice without consent, and that Allstate Insurance Company is vicariously liable for the calls. Defendants deny they did anything wrong.

Claim ID: «ClaimID»

Confirmation No: «ConfNo»

**Oh Agency TCPA**
**Settlement Administrator**
c/o [administrator]
P.O. Box xxxx
City, ST  xxxxx-xxxx

«Barcode»

Postal Service: Please do not mark barcode

**Forwarding Service Requested**

Claim#: AHU-«ClaimID»-«MailRec»
«First1» «Last1»
«CO»
«Addr2»
«Addr1»
«City», «St» «Zip»
«Country»

AHU

**Who Is Included?** If you received this notice in the mail, our records indicate that you are a member of the Settlement Class. The Class includes: "All persons in the United States (i) to whom Oh Insurance Agency made a call for the purpose of encouraging the purchase of Allstate goods or services (ii) to a cellular telephone number (iii) using SalesDialers (iv) on or after April 19, 2013, up to and including February 21, 2017, limited to calls to telephone numbers on the Class List The Class List is comprised of the users or subscribers of the 53,743 unique cell phone numbers on the Class List"

**Summary of the Settlement**: Oh Insurance Agency and Allstate Insurance Company agreed to establish a Settlement Fund of $10,500,000 to pay Class Members who make valid and timely claims; pay any incentive award to the Class Representative; pay attorneys' fees and costs; and pay settlement notice and administration costs. Plaintiff will request up to $10,000 as an incentive award, and up to $3,500,000 in attorneys' fees, plus costs not to exceed $50,000. Any remaining monies from uncashed settlement checks may be redistributed or paid to the Electronic Privacy Information Center or other non-profit. This is a summary notice only; additional details can be found at www.xxxxxxxxxxxxxxxxxx.com or by calling 1-XXX-XXX-XXXX. **Can I Get Money from the Settlement?** Yes, if you received this notice by mail, you do not need to do anything to receive a *pro rata* cash award, the amount of which depends on how many people make approved claims. Class Members who received calls on more than one cell phone may submit one claim per cell number. Class Counsel estimate that the amount of the cash award may be about $100 to $120. **Do I Have a Lawyer?** Yes. The Court appointed attorneys with Burke Law Offices, LLC, Broderick Law, P.C., and The Law Office of Matthew P. McCue as Class Counsel. The lawyers will be paid from the Settlement Fund. You may enter an appearance in the case through your own attorney if you so desire. **What Should I Do?** Class Members have three options: **(1) Do Nothing.** If you received this notice via mail, you are automatically entitled to a share of the Settlement Fund by _____. If the Settlement is approved, you will not have the right to sue separately for damages of $500 per call, or $1,500 per calls made willfully. **(2) Remain a Class Member but object to** the Settlement. Instructions for objecting are available at www.xxxxxxxxxxxxxxxxxx.com. Objections and supporting documents must be sent to Class Counsel and Defense Counsel, and filed with the Court by _____. You may pay for and be represented by a lawyer who may send the objection for you. **(3) Exclude yourself** from the Settlement Class by mailing a request to the Settlement Administrator (not the Court). You must state in writing your name, address, the cell number at which Defendants called you, and that you want to be excluded from this Settlement. Exclusions must be signed and postmarked no later than _____. **Scheduled Hearing**: The judge scheduled a hearing for [date], at [time], in Courtroom 1903 of the U.S. District Court, Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604, regarding whether to give final approval to the Settlement, including the amounts of any attorneys' fees, costs, and Class Representative award. The hearing may be changed without notice. **It is not necessary for you to appear at this hearing, but you may attend at your own expense. For more information:** Visit: www.xxxxxxxxxxxxxxxxxx.com; Call: 1-XXX-XXX-XXXX; or write to: Oh Agency TCPA Settlement Administrator, c/o [administrator], P.O. Box XXXXX, [City, State ZIP].

# **<u>Exhibit B</u>**

*Abante Rooter & Plumbing, Inc. v. Oh Ins. Agency*, No. 1:15-cv-09025
<u>United States District Court for the Northern District of Illinois</u>

# If you received a telemarketing <u>call</u> on a <u>cell phone</u> for <u>Allstate</u> between April 19, 2013 and February 21, 2017, you <u>may be entitled to benefits under</u> a class action settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A Plaintiff ("Class Representative") brought a lawsuit alleging that Oh Insurance Agency violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by causing calls to be made to cell phones using an automatic telephone dialing system or an artificial or prerecorded voice, without consent, and that Allstate Insurance Company is vicariously liable for the call.

- A settlement has been reached in this case, which, if approved, will provide a $10,500,000 fund ("Settlement Fund") from which eligible persons whose addresses are known and received a postcard notice regarding this case will receive cash awards. In addition, the limited subset of class members whose addresses are not known will have the opportunity to a claim to receive a cash award if the records in the case reflect that the person filing a claim received one of the affected calls. **If you received a postcard notice through the mail you do not need to file a claim to receive your award.** The cash awards are estimated to be about $100 to $120 per award.

- You are in the "Settlement Class" if you were called on one of 53,743 specific cell phone numbers to which Oh Insurance Agency made calls using a SalesDialers-brand dialing system for the purpose of encouraging the purchase of Allstate goods or services, between April 19, 2013 and February 21, 2017.

- In addition to paying settlement awards to Settlement Class Members, the Settlement Fund will be used to pay attorneys' fees and costs to attorneys representing the Class Representative and the Class ("Class Counsel"), any award to the Class Representative, the reasonable costs of notice and administration of the Settlement, and a possible charitable contribution if there are uncashed settlement award checks.

- **Your legal rights are affected whether you act or don't act. Read this notice carefully.**

- **En el sitio web, www.xxxxxxxxxxxxxxxxxx.com, hay una notificación completa del acuerdo en Español. Para un operador telefónico de habla Español, llame al 1-XXX-XXX-XXXX.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **If you received a postcard notice and do nothing** | You will receive a payment and will give up any rights to sue Oh Agency, Allstate, or anyone else separately regarding the legal claims in this case. |
| **If You Did Not Receive a Postcard Notice in The Mail You Must Submit a Claim Form** | If you did not receive a postcard notice in the mail regarding this case, you must submit a valid and timely claim form online at www.xxxxxxxxxxxxxxxxxx.com or by mail to Oh Agency TCPA Settlement, c/o [Administrator] [ADDRESS]. If you fail to submit a claim and your phone number is on the Class List of 53,743, you will not receive a settlement payment and will give up any rights to sue Oh Agency, Allstate, or anyone else separately regarding the legal claims in this case.. |
| **Exclude Yourself or "Opt Out" of the Settlement** | Get no payment. If you exclude yourself, you will not waive any rights you may have against Oh Agency, Allstate, or anyone else with respect to the legal claims in this case. |

| **Object** | Write to the Court about why you believe the Settlement is unfair. Even if you file a valid and timely objection, if you received a postcard notice in the mail regarding this case, you will still receive payment in this case. If you did not receive a postcard notice in the mail regarding this case, if you submit a valid claim form you will still receive a payment even if you object. |
|---|---|
| **Go to the Final Approval Hearing** | Ask to speak in Court about the fairness of the Settlement if you file a valid and timely objection. |

These rights and options - **and the deadlines to exercise them** - are explained in this notice. The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to Class Members that received a postcard notice in the mail and on valid and timely claims if the Court approves the Settlement and after any appeals are resolved. Please be patient.

# WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ........................................................................................................**PAGE 3**
1.   Why is there a notice?
2.   What is this class action lawsuit about?
3.   Why is there a settlement?

**WHO IS IN THE SETTLEMENT** .......................................................................................**PAGE 4**
4.   How do I know if I am part of the Settlement?

**THE SETTLEMENT BENEFITS - WHAT YOU GET** ......................................................**PAGE 4**
5.   What does the Settlement provide?

**HOW YOU GET A PAYMENT** ..........................................................................................**PAGE 4**
6.   How and when can I get a payment?
7.   What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** .....................................................**PAGE 5**
8.   How do I exclude myself from the Settlement?

**THE LAWYERS REPRESENTING YOU** ..........................................................................**PAGE 5**
9.   Do I have a lawyer in this case?
10.  How will the lawyers and Class Representatives be paid?

**OBJECTING TO THE SETTLEMENT** ................................................................................**PAGE 6**
11.  How do I tell the Court that I do not think the Settlement is fair?

**THE COURT'S FAIRNESS HEARING** ..............................................................................**PAGE 7**
12.  When and where will the Court decide whether to approve the Settlement?
13.  May I speak at the hearing?

**IF YOU DO NOTHING** .......................................................................................................**PAGE 7**
14.  What happens if I do nothing at all?

**GETTING MORE INFORMATION** ....................................................................................**PAGE 7**
15.  How do I get more information?

# BASIC INFORMATION

## 1. Why is there a notice?

A court authorized this Notice because you have a right to know about a proposed settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after any objections or appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows. Because your rights will be affected by this Settlement, it is important that you read this Notice carefully.

If you received a Notice in the mail, it is because records produced in the Litigation indicate that you were called on one of 53,743 specific cell phone numbers to which Oh Insurance Agency made calls using a SalesDialers-brand dialing system for the purpose of encouraging the purchase of Allstate goods or services, between April 19, 2013 and February 21, 2017. If this is the case, you are entitled to benefits under the Settlement, as a "Settlement Class Member." If you did not receive a postcard notice in the mail but believe you received a call from the Oh Insurance Agency encouraging the purchase of Allstate goods or services, between April 19, 2013 and February 21, 2017 on a cell phone for which you are the user or subscriber, you have the option of filing a claim as described below.

The Court in charge of the case is the United District Court for the Northern District of Illinois, and the case is known as *Abante Rooter & Plumbing, Inc. v. Oh Ins. Agency*, No. 1:15-cv-09025 (N.D. Ill.). The proposed Settlement would resolve all claims in this case, as well as the claims at issue in the Litigation. The entity that sued is called the "Plaintiff" or "Class Representative," and the companies sued, Oh Insurance Agency ("Oh Agency") and Allstate Insurance Company ("Allstate"), are referred to herein as "Defendants."

The Court preliminary approved the Settlement on _____, 2019, and pursuant to the Court's order, notice is now being disseminated to potential Class Members, in order to notify them of the proposed Settlement and their rights thereto.

## 2. What is this class action lawsuit about?

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. Representative plaintiffs, also known as "class representatives," assert claims on behalf of the entire class.

The Class Representative pursued this Litigation alleging that Oh Agency violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by causing telemarketing calls to be made to cellular telephone numbers to encourage the purchase of Allstate goods or services using an automatic telephone dialing system or an artificial or prerecorded voice, without the prior express consent of the called party, and that Allstate is vicariously liable for said calls.

Defendants deny that they did anything wrong, or that this case is appropriate for treatment as a class action.

## 3. Why is there a settlement?

The Court did not decide in favor of the Class Representative or Defendants. Both sides agreed to a settlement instead of going to trial. That way, they avoid the cost of a trial, and the people affected will get

compensation. The Class Representative and its attorneys think the Settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT?

**4. How do I know if I am part of the Settlement?**

The Court has certified a class action for settlement purposes only. Generally, you are in the Settlement Class if you received an unsolicited Allstate telemarketing call from Oh Agency on your cell phone between April 19, 2013 and February 21, 2017. More specifically, the Settlement Class is defined as:

> **All persons in the United States (i) to whom Oh Insurance Agency made a call for the purpose of encouraging the purchase of Allstate goods or services (ii) to a cellular telephone number (iii) using SalesDialers (iv) on or after April 19, 2013, up to and including February 21, 2017, limited to calls to telephone numbers on the Class List. The Class List is comprised of the users or subscribers of the 53,743 unique cell listed therein.**

If you have questions about whether you are a Class Member, or are still not sure whether you are included, you can call 1-XXX-XXX-XXXX or visit www.xxxxxxxxxxxxxxxxx.com for more information.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**5. What does the Settlement provide?**

Defendants have agreed to pay a total settlement amount of $10,500,000, which will be used to create a Settlement Fund to pay cash awards to Settlement Class Members who received a postcard notice regarding this case as well as Settlement Class Members who did not receive a postcard notice but who submit a valid and timely claim, pay Class Counsel's attorneys' fees and costs, pay a service award to the Class Representative, and pay costs and expenses of notice and settlement administration.

Any remaining monies from uncashed Settlement Relief may be redistributed in further distributions to Settlement Class Members who cashed their settlement checks. However, if a further distribution would be administratively infeasible, the remaining monies will instead be donated to a *cy pres* recipient. The Parties have proposed that such money be disbursed to the Electronic Privacy Information Center.

## HOW YOU GET A PAYMENT

**6. How and when can I get a payment?**

Each Settlement Class Member who received a postcard notice regarding this case who will receive a Settlement Relief without submitting a claim form. Any Settlement Class Member who did not receive a postcard notice regarding the case but who submits a valid and timely Claim Form will also receive Settlement Relief. Settlement Relief is a cash payment. The final cash payment amount will depend on the total number of Settlement Class Members with known addresses who receive postcard notice regarding the case plus valid and timely claims filed by Settlement Class Members who did not receive postcard notice, and will be distributed on a *pro rata* basis from the Settlement Fund, less notice and administration costs, Class Counsel's attorneys' fees and costs, and any Class Representative award. Settlement Class

Members who received calls on more than one cell phone may submit one claim per cell phone number. Class Counsel estimate that the amount of the cash award (while dependent upon the number of claims) may be within the range of $100 to $120. Eligible Settlement Class Members may make one claim per associated unique cellular telephone number called.

Claims may be submitted electronically via the Settlement Website, www.xxxxxxxxxxxxxxxxxx.com, or by mail to:

> Oh Agency TCPA Settlement
> c/o [Settlement Administrator]
> [Address]
> [City, State ZIP]

The Court will hold a hearing on _____, 2019, to decide whether to approve the Settlement. If the Settlement is approved, appeals may still follow. Whether the appeals, if any, can be resolved is uncertain, and resolving them can take time, perhaps more than a year. Please be patient.

## 7. What am I giving up to get a payment or stay in the Class?

If you are a Class Member, unless you exclude yourself, you will be bound by the release of claims in the Settlement. This means that, if the Settlement is approved, you can't sue, continue to sue, or be part of any other lawsuit against Oh Agency, Allstate, or anyone else having to do with TCPA and/or any other federal or state telemarketing law for violations arising out of telemarketing calls made by Oh Agency to encourage the purchase of Allstate goods or services using its SalesDialers dialer between April 19, 2013 and February 21, 2017, including but not limited to claims of any type or nature alleging that Allstate is vicariously liable for said Oh Agency calls and all of the decisions and judgments by the Court will bind you.

For non-emergency calls or text messages to a cell phone number made using an automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of the called party, the TCPA provides for damages of $500 per violation, or up to $1,500 for knowing or willful violations, plus an injunction limiting future conduct. However, Defendants have denied that they made or caused to be made any illegal calls to anyone, and in any future lawsuit, they will have a full range of potential defenses, including that they had prior express consent to make the calls and that Allstate is not vicariously liable for them. In addition, the TCPA does not provide for attorneys' fees to prevailing individual plaintiffs. This Settlement permits class members the opportunity to obtain a smaller amount of money, risk-free.

If you do not opt-out of this settlement, you will be unable to file your own lawsuit regarding the claims described in this Notice, and you will release Defendants from any liability for the Released Claims defined below and in the Settlement.

Remaining in the Settlement Class means that you, as well as anyone claiming through you such as heirs, successors, and assigns, relinquish and discharge each and all of the Released Parties from each of the Released Claims (as defined below).

If the Settlement is approved, upon the Final Settlement Date, the Releasing Persons shall, by operation of the Judgment, be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged the Released Persons from any and all Released Claims—i.e., all claims, demands, causes of actions, suits, damages, and fees arising under the Telephone Consumer Protection Act

("TCPA"), 47 U.S.C. § 227, and/or any other federal or state telemarketing laws, whether in law or equity, that have been or could have been bought by a Releasing Person against Oh Agency or Allstate Insurance Company in connection with Oh Agency making or causing to be made telemarketing calls promoting Allstate goods or services, where such call was made on or after April 19, 2013, up to and including February 21, 2017, including but not limited to claims of any type or nature alleging that Allstate Insurance Company is vicariously liable for said Oh Agency calls. "Released Persons" means Defendants Oh Insurance Agency and Allstate Insurance Company, and all of their predecessors, successors, parents, subsidiaries, affiliates, officers, directors, partners, members, principals, employees, agents, attorneys, servants, and assigns. "Releasing Persons" means Plaintiff (including Plaintiff's principal Fred Heidarpour) and each member of the Class identified on the Class List and not opting out, and their respective assigns, heirs, successors, predecessors, parents, subsidiaries, affiliates, officers, directors, shareholders, members, managers, partners, principals, representatives, employees (each solely in their respective capacity as such).

The Settlement Agreement (available at the website, www.xxxxxxxxxxxxxxxxx.com) provides more detail regarding the release and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law firms representing the Class listed in Question 9 for free, or you can, at your own expense, talk to your own lawyer if you have any questions about the Released Parties or the Released Claims or what they mean.

The release does not apply to Settlement Class Members who timely opt-out of the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this Settlement, and you want to keep the right to sue or continue to sue Defendants on your own about the legal issues in this case, then you must take steps to exclude yourself from the Settlement.

### 8. How do I exclude myself from the Settlement?

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from *Abante Rooter & Plumbing, Inc. v. Oh Ins. Agency*, No. 1:15-cv-09025 (N.D. Ill.). Be sure to include your name, address, and the cell phone number(s) at which you were called by Oh Agency during the Settlement Class Period. You must also include a statement that you wish to be excluded from the Settlement and sign the statement. **You must mail your exclusion request postmarked no later than [DATE], to:**

> Oh Agency TCPA Settlement
> c/o [Settlement Administrator]
> [Address]
> [City, State ZIP]

If you ask to be excluded, you will not get any Settlement Relief, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this Litigation. You may be able to sue (or continue to sue) Defendants in the future. Although no other person may exclude you from the Settlement Class, nothing prohibits you from obtaining the assistance of another, such as a lawyer or family member, in preparing or submitting any individual exclusion.

# THE LAWYERS REPRESENTING YOU

**9. Do I have a lawyer in this case?**

The Court appointed the following attorneys to represent you and other Class Members: Alexander H. Burke and Daniel J. Marovitch of Burke Law Offices, LLC, Edward A. Broderick of Broderick Law, P.C., and Matthew P. McCue of The Law Office of Matthew P. McCue.

All of these lawyers are called Class Counsel. You will not be charged separately for these lawyers' services. If you want to be represented by your own lawyer, you may hire one at your own expense.

You may enter an appearance through your own attorney if you so desire, but you do not need to do so.

**10. How will the lawyers and Class Representatives be paid?**

Class Counsel will ask the Court to approve payment of up to $3,500,000 to compensate them for attorneys' fees for investigating the facts, litigating the case, and negotiating the Settlement, plus costs they incurred in the case of not to exceed $50,000. Class Counsel will also request an award of $10,000 to the Class Representative, as compensation for its time and effort. The Court may award less than these amounts. These payments, along with the costs of administering the Settlement, will be made out of the Settlement Fund.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

**11. How do I tell the Court that I do not think the Settlement is fair?**

If you are a Settlement Class Member and do not exclude yourself, you can object to the Settlement, or any part of the Settlement, for example if you do not think the Settlement is fair. You can state reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file a written statement with the Court saying that you object to the proposed Settlement in *Abante Rooter & Plumbing, Inc. v. Oh Ins. Agency*, No. 1:15-cv-09025 (N.D. Ill.). Be sure to include: (a) your name, address, telephone number and, if different, the cellular telephone number at which you were called by Oh Agency during the Settlement Class Period; (b) if represented by counsel, the name, address, and telephone number of your counsel; (c) the specific grounds for the objection, and whether it applies only to you, to a specific subset of the Class, or to the entire Class; and (d) a statement of whether you intend to appear at the Final Approval Hearing, either with or without counsel. Any documents that you wish for the Court to consider must also be attached to the objection, and your objection should also be sent to Class Counsel and counsel for Defendants. **Your objection to the Settlement must be filed and postmarked to the Parties' respective attorneys no later than [DATE].**

The objection must be provided as follows to the following:

For Filing:

*Abante Rooter & Plumbing, Inc. v.*
*Oh Ins. Agency*, No. 1:15-cv-09025
U.S. District Court, Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

By Mail:

Alexander H. Burke
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601

**Counsel for Plaintiff and the Settlement Class**

Mark J. Levin
Ballard Spahr LLP
1735 Market St., 51st Floor
Philadelphia, PA 19103

**Counsel for Allstate Insurance Company**

John D. Dalton
Kaufman Dolowich & Voluck, LLP
135 S. LaSalle St., Suite 2100
Chicago, IL 60603

**Counsel for Oh Insurance Agency**

## THE FAIRNESS HEARING

**12. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a hearing to decide whether to approve the Settlement. This Fairness Hearing will be held at _____ on _____, at the United States District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, Illinois 60604, in Courtroom 1903. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Website for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and whether to award attorneys' fees, expenses, and an incentive award to the Class Representative as described above, and in what amounts. If there are objections, the Court will consider them. At or after the hearing, the Court will decide whether to approve the Settlement. We do not know how long it will take the Court to issue its decision. You do not have to come to this hearing, but you may attend at your own expense. However, any Settlement Class Member who fails to object to the Settlement in the manner described in Section 11 shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

**13. May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must file a notice with the Court saying that you intend to appear at the Fairness Hearing in *Abante Rooter & Plumbing, Inc. v. Oh Ins. Agency*, No. 1:15-cv-09025 (N.D. Ill.). Be sure to include your name, address, phone number and, to the extent not otherwise submitted in relation to a filed objection, copies of any papers, exhibits or other evidence that you intend to present to the Court. Your notice of intention to appear must be filed no later than [date]. Copies of your notice of intent to appear must also be sent to the attorneys for the Plaintiff and Settlement Class and to the attorneys for Defendants at the addresses provided above.

You cannot speak at the hearing if you exclude yourself from the Settlement or do not file a timely notice of intent to appear.

# IF YOU DO NOTHING

**14. What happens if I do nothing at all?**

If you do nothing, and are a Class Member, and received a postcard notice in mail regarding this case, you will receive a payment after the Court approves the Settlement and any appeals are resolved. If you **did not receive a postcard notice in the mail regarding the case, in order to receive a payment, you must submit a claim form.** Regardless of whether you received a postcard notice, if you are a Settlement Class Member, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Oh Agency, Allstate, or any other person having to do with the legal issues in this case.

# GETTING MORE INFORMATION

**15. How do I get more information?**

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by calling the Settlement Administrator toll-free at 1-XXX-XXX-XXXX, writing to: Oh Agency TCPA Settlement, c/o [Administrator], [Address]; or visiting the website at www.xxxxxxxxxxxxxxxxxx.com, where you will also find answers to common questions about the Settlement, a claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

**En el sitio web, www.xxxxxxxxxxxxxxxxx.com, hay una notificación completa del acuerdo en Español.**

# **Exhibit C**

# Oh Agency TCPA Settlement Claim Form

*Abante Rooter & Plumbing, Inc. v. Oh Ins. Agency, No. 1:15-cv-09025 (N.D. Ill.)*

**Your Information**

1. Your name: _____

2. Address: _____

   City: _____ State: _____ Zip Code: _____

3. Contact telephone number: _____ Email: _____

4. Cell phone number at which you received calls from Oh Insurance Agency: _____

   (Your cell phone number must be listed in our records as one of the phone numbers that Oh Insurance Agency called using SalesDialers to telemarket Allstate goods and services, and included as part of the Settlement. If you are not certain which of your cell phone numbers may have been called, you may submit each of them separately.)

**CERTIFICATION**

By signing and submitting this Claim Form, I certify that I received a call from Oh Insurance Agency on the above cell phone number between April 19, 2013 and February 21, 2017, and was the subscriber or user of the cell phone number.

_____        _____
Date                                                              Signature

**Return the Claim Form to:**

Oh Agency TCPA Settlement
c/o [Settlement Administrator]
P.O. Box XXXXX
[City, State ZIP]

Your mailed claim form must be postmarked **on or before** _____.

**YOUR CLAIM FORM WILL NOT BE RETURNED TO YOU.  PLEASE RETAIN A COPY FOR YOUR RECORDS. ACCURATE PROCESSING AND VERIFICATION OF CLAIMS MAY TAKE A SIGNIFICANT AMOUNT OF TIME.  THANK YOU IN ADVANCE FOR YOUR PATIENCE.**

**QUESTIONS?**  A copy of the Class Notice, Settlement Agreement and other information regarding the Settlement is available at the Settlement Website at www.xxxxxxxxxxxxxxxxxx.com.  You can also call the Settlement Administrator toll-free at (xxx) xxx-xxxx.

# **Exhibit D**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ABANTE ROOTER AND PLUMBING, INC., individually and on behalf of a class of all persons and entities similarly situated, | ) ) ) | Case No. 1:15-cv-09025 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OH INSURANCE AGENCY and ALLSTATE INSURANCE COMPANY, | ) ) | Hon. Judge Jorge L. Alonso Hon. Mag. Judge Young B. Kim |
| | ) | |
| Defendants. | ) | |

<u>**PRELIMINARY APPROVAL ORDER**</u>

Upon review and consideration of Plaintiff's Motion for Preliminary Approval of Class

Action Settlement, including the Parties' Settlement Agreement and Release and all exhibits

thereto, and the arguments of counsel, and having been fully advised in the premises, it is

HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. **Settlement Terms**. Unless otherwise defined herein, all capitalized terms in this

Order shall have the meanings ascribed to them in the Parties' Settlement Agreement.

2. **Jurisdiction**. The Court has jurisdiction over the subject matter of the Litigation,

the Parties, and all members of the Settlement Class.

3. **Scope of Settlement.** The Agreement resolves all Released Claims of Plaintiff

and the Settlement Class—i.e., all claims, demands, causes of actions, suits, damages, and fees

arising under the TCPA and/or any other federal or state telemarketing laws, whether in law or

equity, that have been or could have been bought by a Releasing Person against Oh Agency or

Allstate Insurance Company in connection with Oh Agency making or causing to be made

telemarketing calls promoting Allstate goods or services, where such call was made on or after

April 19, 2013, up to and including February 21, 2017, including but not limited to claims of any type or nature that Allstate Insurance Company is vicariously liable for said calls—against Defendants and all of their predecessors, successors, parents, subsidiaries, affiliates, officers, directors, partners, members, principals, employees, agents, attorneys, servants, and assigns.

4.    **Preliminary Approval of Proposed Settlement.**  The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement.  Based on this evaluation, the Court finds that giving notice of the proposed Settlement to the Settlement Class is justified by the Parties' showing that the Court will likely be able to: (i) approve the proposal under Fed. R. Civ. P. 23(e)(2); and (ii) certify the Settlement Class for purposes of judgment on the proposal. The Court preliminarily finds that the Settlement is fair, reasonable, and adequate, and within the range of possible approval, including based on a preliminary finding that: (A) the Class Representatives and Class Counsel have represented and will continue to adequately represent the Settlement Class; (B) the proposed Settlement was negotiated at arm's length; (C) the relief provided for the Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of distribution of checks to Class Members with Known Addresses and for processing Class Member claims for Settlement Class Members whose addresses are not known; (iii) the terms of Class Counsel's intended request for an award of attorney's fees, including timing of payment; and (iv) the terms and provisions under the Parties' Agreement; and (D) the proposal treats Class Members equitably relative to each other. Additionally, the Court finds that the proposed Class Notice (Exs. A and B to the Agreement) provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23, and that the proposed notice program constitutes the best notice practicable under

the circumstances.  Therefore, the Court grants preliminary approval of the Settlement, and

directs that Class Notice issue as set forth in the Parties' Agreement.

5.     **Class Certification for Settlement Purposes Only.**  Pursuant to Rule 23 of the

Federal Rules of Civil Procedure, the Court conditionally certifies for purposes of this Settlement

only, the following Settlement Class:

> All persons in the United States (i) to whom Oh Insurance Agency made a call for
> the purpose of encouraging the purchase of Allstate goods or services (ii) to a
> cellular telephone number (iii) using SalesDialers (iv) on or after April 19, 2013,
> up to and including February 21, 2017, limited to calls to telephone numbers on the
> Class List. The Class List is comprised of the users or subscribers of the 53,743
> unique cell phone numbers listed therein

6.     The Court makes the following determinations as to certification of the Settlement

Class:

a.     The Settlement Class is so numerous that joinder of all members is

impracticable;

b.     There are questions of law or fact common to the members of the

Settlement Class;

c.     The claims of Plaintiff are typical of the claims of the other members of

the Settlement Class;

d.     Plaintiff is capable of fairly and adequately protecting the interests of the

members of the Settlement Class, in connection with the Settlement Agreement;

e.     Common questions of law and fact predominate over questions affecting

only individual members of the Settlement Class;

f.     The Settlement Class is ascertainable; and

g.      Resolution of the Released Claims in this Litigation by way of a nationwide settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

7.      **Designation of Class Representatives.**  The Court appoints Plaintiff Abante Rooter and Plumbing, Inc. as representative of the Settlement Class ("Class Representative") for the sole purpose of seeking a settlement of the Litigation.

8.      **Designation of Class Counsel.**  Alexander H. Burke and Daniel J. Marovitch of Burke Law Offices, LLC, Edward A. Broderick of Broderick Law, P.C., and Matthew P. McCue of The Law Office of Matthew P. McCue are hereby designated as Class Counsel for the Settlement Class.

9.      **Final Approval Hearing.**  A hearing regarding final approval of the Settlement will be held at ____ _.m. on _____, 2019, to determine, among other things, whether to: (i) finally approve the Settlement as fair, reasonable, and adequate; (ii) dismiss the Released Claims in the Litigation with prejudice pursuant to the terms of the Settlement Agreement; (iii) bind Settlement Class Members by the Releases set forth in the Settlement Agreement; (iv) permanently bar Settlement Class Members who have not opted out of the Settlement from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction based on the Released Claims; (v) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (vi) approve the plan of distribution of the Settlement Fund; (vii) finally certify the Settlement Class; and (viii) approve requested Attorneys' Fees and Expenses and the proposed Incentive Award to Plaintiff.

4

10.     **Settlement Administrator.**  KCC is hereby appointed as the Settlement Administrator, and shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order.

11.     **Class Notice.**

a.     The Court approves the Class Notice in the Settlement Agreement, including the Mail and Website Notices attached as Exhibits A and B to the Settlement Agreement and the manner of providing Mail Notice to Settlement Class Members described in Section 6 of the Settlement Agreement.  The Court finds that this is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Settlement Class Members of the pendency of this Action, the terms of the Settlement Agreement, and their right to object to the Settlement Agreement or exclude themselves from the Settlement Class.  The Court further finds that the Mail and Website Notices are reasonable, constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and meet the requirements of due process. The Court hereby directs the Parties and the Settlement Administrator to complete all aspects of the notice plan contemplated under the Agreement no later than _____, 2019 ("Notice Deadline").

b.     The Parties or Settlement Administrator will file with the Court by no later than _____, 2019, which is fourteen (14) days prior to the Final Approval Hearing, proof that notice was provided in accordance with the Agreement and this Order.

c.     Class Counsel shall cause the notices required by the Class Action Fairness Act, 28 U.S.C. § 1715(b), to be served by the Settlement Administrator.  No later than 10 calendar days before the Final Approval Hearing, Class Counsel shall cause to be filed with

the Court one or more declarations stating that the notice obligations under 28 U.S.C. § 1715 have been met.

12. **Exclusion from the Settlement Class.** Any potential Settlement Class Member who wishes to be excluded from the Class must send a written Request for Exclusion to the Settlement Administrator, by first-class mail, postage prepaid, to the address provided in the Mail Notice and Settlement Website. Any such Request for Exclusion must be postmarked no later than ninety (90) Days after the Mail Notice Deadline.

a. To be valid, the Request for Exclusion must: (a) identify the name and address of the potential Settlement Class Member requesting exclusion; (b) provide the cell phone number(s) at which that potential Settlement Class Member was called by Oh Agency during the Settlement Class Period; (c) be personally signed by the potential Settlement Class Member requesting exclusion; and (d) contain a statement that reasonably indicates a desire to be excluded from the Settlement. Mass or class opt-outs shall not be allowed.

b. Except for those potential members of the Settlement Class who timely and properly file a Request for Exclusion, all other potential members of the Settlement Class will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon Final Approval, will be bound by its terms, regardless of whether they receive any monetary relief or any other relief, including, but not limited to, the Releases in Section 10 of the Settlement Agreement.

c. If 2,500 or more potential members of the Settlement Class properly and timely opt out of the Settlement, then the Settlement may be deemed null and void upon notice by either Defendant without penalty or sanction.

13.  **Objections and Appearances.**  Any Settlement Class Member who has not filed a timely written Request for Exclusion and who complies with the requirements of this Paragraph may object to any aspect of the proposed Settlement either on his or her own or through an attorney hired at his, her, or its expense.  Any Settlement Class Member who wishes to object to the Settlement must do so in writing not later than ninety (90) Days after the Mail Notice Deadline, as specified in the Class Notice and this Preliminary Approval Order.  The written objection must be filed with the Clerk of Court, and mailed (with the requisite postmark) to Class Counsel and Defense Counsel, no later than ninety (90) Days after the Mail Notice Deadline, at the following addresses:

> Class Counsel
>
> Alexander H. Burke
> Burke Law Offices, LLC
> 155 N. Michigan Ave., Suite 9020
> Chicago, IL 60601
>
> *Counsel for Plaintiff and Settlement Class*
>
> Defense Counsel
>
> Mark J. Levin
> Ballard Spahr LLP
> 1735 Market St., 51st Floor
> Philadelphia, PA 19103
>
> *Counsel for Allstate Insurance Company*
>
> John D. Dalton
> Kaufman Dolowich & Voluck, LLP
> 135 S. LaSalle St., Suite 2100
> Chicago, IL 60603
>
> *Counsel for Oh Insurance Agency*

14.  A valid written objection must include: (a) the name, address, and telephone number of the objecting Settlement Class Member and, if different, the cellular telephone

7

number at which the Settlement Class Member was called by Oh Agency during the Settlement Class Period; (b) if represented by counsel, the name, address, and telephone number of the Settlement Class member's counsel; (c) the specific grounds for the objection, and whether it applies only to the objector, to a specific subset of the Class, or to the entire Class; and (d) a statement of whether the Settlement Class Member objecting intends to appear at the Final Approval Hearing, either with or without counsel.

15.     Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and in this Order shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means;

16.     Subject to approval of the Court, any Settlement Class Member who files and serves a written objection in accordance with Section 12 of the Settlement Agreement and the Class Notice may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Settlement Class Member: (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline.  The Notice of Intention to Appear must include, to the extent not otherwise submitted in relation to a filed objection, copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing.  Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications

8

set forth in the Agreement and Class Notice shall not be entitled to appear at the Final Approval Hearing or raise any objections.

17.     **Service of Papers.**  Defense Counsel and Class Counsel shall serve on each other and on all other parties who have filed notices of appearance, at or before the Final Approval Hearing, any further documents in support of the proposed Settlement, including responses to any papers filed by Settlement Class Members.

18.     **Termination of Settlement.**  This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Settlement Agreement; or (ii) the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement for any reason.  In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification.

19.     **Use of Order Following Termination of Settlement.**  This Order shall be of no force and effect if the Settlement does not become Final.  This Order shall not be offered by any person as evidence in any action or proceeding against any Party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce or otherwise effectuate the Settlement Agreement (or any agreement or order relating thereto), including the Releases, or this Order.  Neither shall this Order be offered by any person or

received against any of the Released Parties as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties of:

        a.     the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of any of the Released Parties;

        b.     any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Parties or any other wrongdoing by any of the Released Parties; or

        c.     any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding by any of the Released Parties.

20.    **Necessary Steps.**  The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

21.    **Schedule of Future Events**.  Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| _____, 2019<br><br>[45 days after the date of this Order] | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |
| _____, 2019<br><br>[30 days after the Notice Deadline] | Deadline for filing of Plaintiff's Motion for Attorneys' Fees and Costs and Incentive Award |
| _____, 2019<br><br>[90 days after the Notice Deadline] | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |
| _____, 2019 | Deadline for Settlement Class Members to Submit a |

| | |
|---|---|
| [90 days after the Notice Deadline] | Claim Form (Claim Period) |
| _____, 2019<br><br>[100 days after the Notice deadline] | Deadline to File Motion for Final Approval |
| _____, 2019<br><br>[7 Days After the Opt Out Deadline] | Deadline for Settlement Administrator to Provide Class Counsel with Proof of Class Notice, Identifying the Number of Requests for Exclusion, and Number of Claims Received |
| _____, 2019<br><br>[10 Days Prior to Final Approval Hearing] | Class Counsel Shall File with the Court One or More Declarations Stating that They Have Complied with Their CAFA Notice Obligations |
| _____, 2019 at _____ _.m.<br><br>[No earlier than 120 days after Notice Deadline] | Final Approval Hearing |

SO ORDERED.


Dated: _____          _____

                                          Hon. Jorge L. Alonso
                                          United States District Judge

11

# **Exhibit E**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ABANTE ROOTER AND PLUMBING, INC., individually and on behalf of a class of all persons and entities similarly situated, | ) ) ) | Case No. 1:15-cv-09025 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OH INSURANCE AGENCY and ALLSTATE INSURANCE COMPANY, | ) ) | Hon. Judge Jorge L. Alonso Hon. Mag. Judge Young B. Kim |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
DISMISSING CLASS PLAINTIFF'S CLAIMS**

This Court, having held a Final Approval Hearing on _____, 2019, having

provided notice of that hearing in accordance with the Preliminary Approval Order, and having

considered all matters submitted to it in connection with the Final Approval Hearing and

otherwise, and finding no just reason for delay in entry of this Order Granting Final Approval of

Class Action Settlement and Dismissing Class Plaintiff's Claims (the "Final Approval Order" or

this "Order") and good cause appearing therefore,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      Unless otherwise defined, all capitalized terms in this Final Approval Order shall

have the same meaning as they do in the Settlement Agreement, Dkt. No. _____.

2.      The Court has jurisdiction over the subject matter of the Litigation and over the

Parties, including all Settlement Class Members with respect to the Settlement Class certified for

settlement purposes, as follows:

> All persons in the United States (i) to whom Oh Insurance Agency
> made a call for the purpose of encouraging the purchase of Allstate

goods or services (ii) to a cellular telephone number (iii) using SalesDialers (iv) on or after April 19, 2013, up to and including February 21, 2017, limited to calls to telephone numbers on the Class List. The Class List is comprised of the users or subscribers of the 53,743 unique cell phone numbers listed therein.

3.     The Court finds that the Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of the Litigation and of the strengths and weaknesses of their respective positions. Further, settlement occurred only after mediation before a third-party neutral and additional months of negotiations between the Parties. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation with respect to numerous difficult questions of fact and law.

4.     The Court finally certifies the Settlement Class for settlement purposes and finds, for settlement purposes, that the Litigation satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure. Specifically: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class it seeks to represent; (d) Plaintiff has and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action settlement is superior to the other available methods for the fair and efficient adjudication of the controversy.

5.     The Court finally appoints Alexander H. Burke and Daniel J. Marovitch of Burke

Law Offices, LLC, Edward A. Broderick of Broderick Law, P.C., and Matthew P. McCue of The

Law Office of Matthew P. McCue, as Class Counsel for the Settlement Class.

6.     The Court finally designates Plaintiff Abante Rooter and Plumbing, Inc. as the

Class Representative.

7.     The Court makes the following findings and conclusions regarding notice to the

Settlement Class:

a.     The Class Notice was disseminated to persons in the Settlement Class in

accordance with the terms of the Settlement Agreement and the Class Notice and its

dissemination were in compliance with the Court's Preliminary Approval Order;

b.     The Class Notice:(i) constituted the best practicable notice under the

circumstances to potential Settlement Class Members, (ii) constituted notice that was reasonably

calculated, under the circumstances, to apprise Settlement Class Members of the pendency of

the Litigation, their right to object or to exclude themselves from the proposed Settlement, and

their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due,

adequate, and sufficient individual notice to all persons entitled to be provided with notice, and

(iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution,

the Rules of this Court, and any other applicable law.

c.     The Court finds that the  notice obligations under the Class Action

Fairness Act, 28 U.S.C. § 1715, have been met in connection with the proposed Settlement.

8.     The Court finally approves the Settlement Agreement as fair, reasonable and

adequate pursuant to Fed. R. Civ. P. 23(e).  The terms and provisions of the Settlement

Agreement, including all exhibits thereto, have been entered into in good faith and are hereby

fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

9.    The Court approves the plan of distribution for the Settlement Fund as set forth in the Settlement Agreement. The Settlement Administrator is ordered to comply with the terms of the Agreement with respect to distribution of Settlement Relief, including a further payment, if administratively feasible. Should any unclaimed funds be distributed, the Court hereby approves Electronic Privacy Information Center ("EPIC")  as *cy pres* recipient who shall receive a distribution of any unclaimed funds, after accounting for the costs of administering that distribution. The funds to EPIC shall be earmarked for work associated with the FCC to protect consumer protections under the Telephone Consumer Protection Act ("TCPA"). This Court finds this organization closely aligned with the Settlement Class's interests.

10.    Class Counsel have moved for an award of attorneys' fees and reimbursement of expenses. In reference to such motion, this Court makes the following findings of fact and conclusions of law:

a.    that the Settlement confers substantial benefits on the Settlement Class Members;

b.    that the value conferred on the Settlement Class is immediate and readily quantifiable;

c.    that within 60 days after the Final Settlement Date, Class Members with Know Addresses and Claimant who have submitted valid Claim Forms will receive cash payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the TCPA;

       d.     that Class Counsel vigorously and effectively pursued the Settlement

Class Members' claims before this Court in this complex case;

       e.     that the Settlement was obtained as a direct result of Class Counsel's

advocacy;

       f.     that the Settlement was reached following extensive negotiation between

Class Counsel and Defense Counsel, and was negotiated in good faith and in the absence of

collusion;

       g.     that counsel who recover a common benefit for persons other than himself

or his client is entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *See,*

*e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Blum v. Stenson*, 465 U.S. 866, 900

n.16 (1984).

11.     Accordingly, Class Counsel are hereby awarded $3,500,000 for attorneys' fees

and $_____ in litigation expenses from the Settlement Fund, which this Court finds to

be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement

Fund in accordance with the terms of the Settlement Agreement. Class Counsel shall be

responsible for allocating and shall allocate this award of attorneys' fees, costs, and expenses that

are awarded amongst and between Class Counsel.

12.     The Class Representative, as identified in the Preliminary Approval Order, is

hereby compensated in the amount of $10,000 for its efforts in this case.

13.     The terms of the Settlement Agreement and of this Final Approval Order,

including all exhibits thereto, shall be forever binding in all pending and future lawsuits

maintained by Plaintiff and all other Settlement Class Members, and anyone claiming through

them such as heirs, administrators, successors, and assigns.

14.     The Releases, which are set forth in Section 10 of the Settlement Agreement, are expressly incorporated herein in all respects. Upon the Final Settlement Date, the Releasing Persons shall, by operation of the Judgment, be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged the Released Persons from any and all Released Claims.

15.     Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Order, nor any of its terms and provisions nor the Judgment to be entered pursuant to this Order, nor any of its terms and provisions, shall be:

a.     offered by any person or received against any Released Party as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by any Released Party of the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in any litigation, or of any liability, negligence, fault or wrongdoing of any Released Party; or

b.     offered by any person or received against any Released Party as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Released Party or any other wrongdoing by any Released Party; or

c.     offered by any person or received against any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

16.     This Order, the Judgment to be entered pursuant to this Order, and the Settlement Agreement including the Exhibits thereto, (except the Class List which must filed only under seal) may be filed in any action against or by any Released Person to support a defense of <u>res judicata</u>, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17.     Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

18.     This Order and the Judgment to be entered pursuant to this Order shall be effective upon entry.  In the event that this Order and/or the Judgment to be entered pursuant to this Order are reversed or vacated pursuant to a direct appeal in the Litigation or the Settlement Agreement is terminated pursuant to its terms, all orders entered and releases delivered in connection herewith shall be null and void.

19.     A Judgment substantially in the form attached to the Agreement as Exhibit E-1 will be entered forthwith.


        SO ORDERED.


Dated: _____          _____
                                         Hon. Jorge L. Alonso
                                         United States District Judge

7

# **<u>Exhibit E-1</u>**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ABANTE ROOTER AND PLUMBING, INC., individually and on behalf of a class of all persons and entities similarly situated, | ) ) ) | Case No. 1:15-cv-09025 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OH INSURANCE AGENCY and | ) | Hon. Judge Jorge L. Alonso |
| ALLSTATE INSURANCE COMPANY, | ) | Hon. Mag. Judge Young B. Kim |
| | ) | |
| Defendants. | ) | |

## <u>FINAL JUDGMENT</u>

This Action having settled pursuant to the Settlement Agreement and Release (the "Settlement Agreement") and the Court having entered a Final Approval Order, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      Unless otherwise defined, all capitalized terms in this Judgment shall have the same meaning as they do in the Settlement Agreement.

2.      All of Plaintiff's and Settlement Class Members' claims in this Litigation that are Released Claims against any Released Persons are hereby dismissed on the merits and with prejudice, without fees (including attorneys' fees) or costs to any Party except as otherwise provided in the Final Approval Order.

      a.      "Plaintiff" means Abante Rooter and Plumbing, Inc.

      b.      "Settlement Class Members" are members of the "Settlement Class," which consists of the following:

All persons in the United States (i) to whom Oh Insurance Agency made a call for the purpose of encouraging the purchase of Allstate goods or services (ii) to a cellular telephone number (iii) using SalesDialers (iv) on or after April 19, 2013,

up to and including February 21, 2017, limited to calls to telephone numbers on the Class List. The Class List is comprised of the users or subscribers of the 53,743 unique cell phone numbers listed therein.

        c.       "AIC" or "Allstate" means Allstate Insurance Company.

        d.       "Oh Agency" means Oh Insurance Agency.

    3.       All Releasing Persons have released the Released Claims as against the Released Persons, and are, from this day forward, hereby permanently barred from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction based on any of the Released Claims.

        a.       "Released Claims" means all claims, demands, causes of actions, suits, damages, and fees arising under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and/or any other federal or state telemarketing laws, whether in law or equity, that have been or could have been brought by a Releasing Person against Oh Agency or AIC in connection with Oh Agency making or causing to be made telemarketing calls promoting AIC goods or services, where such call was made on or after April 19, 2013, up to and including February 21, 2017, including but not limited to claims of any type or nature alleging that AIC is vicariously liable for said Oh Agency calls.

        b.       "Released Persons" means Defendants Oh Insurance Agency and Allstate Insurance Company, and all of their predecessors, successors, parents, subsidiaries, affiliates, officers, directors, partners, members, principals, employees, agents, attorneys, servants, and assigns.

        c.       "Releasing Persons" means Plaintiff (including Plaintiff's principal Fred Heidarpour) and each member of the Class identified on the Class List and not opting out, and their respective assigns, heirs, successors, predecessors, parents, subsidiaries, affiliates, officers,

directors, shareholders, members, managers, partners, principals, representatives, employees (each solely in their respective capacity as such).

      4.     This Court shall retain jurisdiction over the construction, interpretation, consummation, implementation, and enforcement of the Settlement Agreement and the Releases contained in therein, including jurisdiction to enter such further orders as may be necessary or appropriate to administer and implement the terms and provisions of the Settlement Agreement.

      5.     Settlement Class Members shall promptly dismiss with prejudice all Released Claims against any Released Persons brought in any jurisdiction.

      SO ORDERED.

Dated: _____            _____

                                           Hon. Jorge L. Alonso
                                          United States District Judge

3