IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., individually and on behalf of a class of all persons and entities similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> OH INSURANCE AGENCY and ALLSTATE INSURANCE COMPANY, <br><br> Defendants. | Case No. 1:15-cv-09025 <br><br><br><br><br><br> Hon. Judge Jorge L. Alonso <br> Hon. Mag. Judge Young B. Kim |

**PRELIMINARY APPROVAL ORDER**

Upon review and consideration of Plaintiff's Motion for Preliminary Approval of Class Action Settlement, including the Parties' Settlement Agreement and Release and all exhibits thereto, and the arguments of counsel, and having been fully advised in the premises, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. **Settlement Terms**. Unless otherwise defined herein, all capitalized terms in this Order shall have the meanings ascribed to them in the Parties' Settlement Agreement.

2. **Jurisdiction**. The Court has jurisdiction over the subject matter of the Litigation, the Parties, and all members of the Settlement Class.

3. **Scope of Settlement.** The Agreement resolves all Released Claims of Plaintiff and the Settlement Class—i.e., all claims, demands, causes of actions, suits, damages, and fees arising under the TCPA and/or any other federal or state telemarketing laws, whether in law or equity, that have been or could have been bought by a Releasing Person against Oh Agency or Allstate Insurance Company in connection with Oh Agency making or causing to be made telemarketing calls promoting Allstate goods or services, where such call was made on or after

April 19, 2013, up to and including February 21, 2017, including but not limited to claims of any type or nature that Allstate Insurance Company is vicariously liable for said calls—against Defendants and all of their predecessors, successors, parents, subsidiaries, affiliates, officers, directors, partners, members, principals, employees, agents, attorneys, servants, and assigns.

    4.    **Preliminary Approval of Proposed Settlement.**  The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement.  Based on this evaluation, the Court finds that giving notice of the proposed Settlement to the Settlement Class is justified by the Parties' showing that the Court will likely be able to: (i) approve the proposal under Fed. R. Civ. P. 23(e)(2); and (ii) certify the Settlement Class for purposes of judgment on the proposal. The Court preliminarily finds that the Settlement is fair, reasonable, and adequate, and within the range of possible approval, including based on a preliminary finding that: (A) the Class Representatives and Class Counsel have represented and will continue to adequately represent the Settlement Class; (B) the proposed Settlement was negotiated at arm's length; (C) the relief provided for the Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of distribution of checks to Class Members with Known Addresses and for processing Class Member claims for Settlement Class Members whose addresses are not known; (iii) the terms of Class Counsel's intended request for an award of attorney's fees, including timing of payment; and (iv) the terms and provisions under the Parties' Agreement; and (D) the proposal treats Class Members equitably relative to each other. Additionally, the Court finds that the proposed Class Notice (Exs. A-C to the Agreement) provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23, and that the proposed notice program constitutes the best notice practicable under

the circumstances. Therefore, the Court grants preliminary approval of the Settlement, and directs that Class Notice issue as set forth in the Parties' Agreement.

5. **Class Certification for Settlement Purposes Only.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court conditionally certifies for purposes of this Settlement only, the following Settlement Class:

> All persons in the United States (i) to whom Oh Insurance Agency made a call for the purpose of encouraging the purchase of Allstate goods or services (ii) to a cellular telephone number (iii) using SalesDialers (iv) on or after April 19, 2013, up to and including February 21, 2017, limited to calls to telephone numbers on the Class List. The Class List is comprised of the users or subscribers of the 53,743 unique cell phone numbers listed therein.

6. The Court makes the following determinations as to certification of the Settlement Class:

    a. The Settlement Class is so numerous that joinder of all members is impracticable;

    b. There are questions of law or fact common to the members of the Settlement Class;

    c. The claims of Plaintiff are typical of the claims of the other members of the Settlement Class;

    d. Plaintiff is capable of fairly and adequately protecting the interests of the members of the Settlement Class, in connection with the Settlement Agreement;

    e. Common questions of law and fact predominate over questions affecting only individual members of the Settlement Class;

    f. The Settlement Class is ascertainable; and

g. Resolution of the Released Claims in this Litigation by way of a nationwide settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

7. **Designation of Class Representatives.** The Court appoints Plaintiff Abante Rooter and Plumbing, Inc. as representative of the Settlement Class ("Class Representative") for the sole purpose of seeking a settlement of the Litigation.

8. **Designation of Class Counsel.** Alexander H. Burke and Daniel J. Marovitch of Burke Law Offices, LLC, Edward A. Broderick of Broderick Law, P.C., and Matthew P. McCue of The Law Office of Matthew P. McCue are hereby designated as Class Counsel for the Settlement Class.

9. **Final Approval Hearing.** A hearing regarding final approval of the Settlement will be held at ___ _.m. on _____, 2019, to determine, among other things, whether to: (i) finally approve the Settlement as fair, reasonable, and adequate; (ii) dismiss the Released Claims in the Litigation with prejudice pursuant to the terms of the Settlement Agreement; (iii) bind Settlement Class Members by the Releases set forth in the Settlement Agreement; (iv) permanently bar Settlement Class Members who have not opted out of the Settlement from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction based on the Released Claims; (v) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (vi) approve the plan of distribution of the Settlement Fund; (vii) finally certify the Settlement Class; and (viii) approve requested Attorneys' Fees and Expenses and the proposed Incentive Award to Plaintiff.

10. **Settlement Administrator.** KCC is hereby appointed as the Settlement Administrator, and shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order.

11. **Class Notice.**

a. The Court approves the Class Notice in the Settlement Agreement, including the Mail Notice, Targeted Social Media Notice, Internet Publication Notice, and Website Notice attached as Exhibits A through C to the Settlement Agreement and the manner of providing notice to Settlement Class Members described in Section 6 of the Settlement Agreement. The Court finds that this is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Settlement Class Members of the pendency of this Action, the terms of the Settlement Agreement, and their right to object to the Settlement Agreement or exclude themselves from the Settlement Class. The Court further finds that the Class Notice is reasonable, constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and meets the requirements of due process. The Court hereby directs the Parties and the Settlement Administrator to complete all aspects of the notice plan contemplated under the Agreement no later than _____, 2019 ("Notice Deadline").

b. The Parties or Settlement Administrator will file with the Court by no later than _____, 2019, which is fourteen (14) days prior to the Final Approval Hearing, proof that notice was provided in accordance with the Agreement and this Order.

c. Class Counsel shall cause the notices required by the Class Action Fairness Act, 28 U.S.C. § 1715(b), to be served by the Settlement Administrator. No later than 10 calendar days before the Final Approval Hearing, Class Counsel shall cause to be filed with

the Court one or more declarations stating that the notice obligations under 28 U.S.C. § 1715 have been met.

12. **Exclusion from the Settlement Class.** Any potential Settlement Class Member who wishes to be excluded from the Class must send a written Request for Exclusion to the Settlement Administrator, by first-class mail, postage prepaid, to the address provided in the Mail Notice and Settlement Website. Any such Request for Exclusion must be postmarked no later than ninety (90) Days after the Mail Notice Deadline.

a. To be valid, the Request for Exclusion must: (a) identify the name and address of the potential Settlement Class Member requesting exclusion; (b) provide the cell phone number(s) at which that potential Settlement Class Member was called by Oh Agency during the Settlement Class Period; (c) be personally signed by the potential Settlement Class Member requesting exclusion; and (d) contain a statement that reasonably indicates a desire to be excluded from the Settlement. Mass or class opt-outs shall not be allowed.

b. Except for those potential members of the Settlement Class who timely and properly file a Request for Exclusion, all other potential members of the Settlement Class will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon Final Approval, will be bound by its terms, regardless of whether they receive any monetary relief or any other relief, including, but not limited to, the Releases in Section 10 of the Settlement Agreement.

c. If 2,500 or more potential members of the Settlement Class properly and timely opt out of the Settlement, then the Settlement may be deemed null and void upon notice by either Defendant without penalty or sanction.

13. **Objections and Appearances.** Any Settlement Class Member who has not filed a timely written Request for Exclusion and who complies with the requirements of this Paragraph may object to any aspect of the proposed Settlement either on his or her own or through an attorney hired at his, her, or its expense. Any Settlement Class Member who wishes to object to the Settlement must do so in writing not later than ninety (90) Days after the Mail Notice Deadline, as specified in the Class Notice and this Preliminary Approval Order. The written objection must be filed with the Clerk of Court, and mailed (with the requisite postmark) to Class Counsel and Defense Counsel, no later than ninety (90) Days after the Mail Notice Deadline, at the following addresses:

<u>Class Counsel</u>

Alexander H. Burke
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601

*Counsel for Plaintiff and Settlement Class*

<u>Defense Counsel</u>

Mark J. Levin
Ballard Spahr LLP
1735 Market St., 51st Floor
Philadelphia, PA 19103

*Counsel for Allstate Insurance Company*

John D. Dalton
Kaufman Dolowich & Voluck, LLP
135 S. LaSalle St., Suite 2100
Chicago, IL 60603

*Counsel for Oh Insurance Agency*

14. A valid written objection must include: (a) the name, address, and telephone number of the objecting Settlement Class Member and, if different, the cellular telephone

7

number at which the Settlement Class Member was called by Oh Agency during the Settlement Class Period; (b) the specific grounds for the objection, and (c) whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class.

15. Subject to approval of the Court, any Settlement Class Member who files and serves a written objection in accordance with Section 12 of the Settlement Agreement and the Class Notice may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable.

16. **Service of Papers.** Defense Counsel and Class Counsel shall serve on each other and on all other parties who have filed notices of appearance, at or before the Final Approval Hearing, any further documents in support of the proposed Settlement, including responses to any papers filed by Settlement Class Members.

17. **Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Settlement Agreement; or (ii) the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement for any reason. In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification.

18. **Use of Order Following Termination of Settlement.** This Order shall be of no force and effect if the Settlement does not become Final. This Order shall not be offered by any person as evidence in any action or proceeding against any Party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce or otherwise effectuate the Settlement Agreement (or any agreement or order relating thereto), including the Releases, or this Order. Neither shall this Order be offered by any person or received against any of the Released Parties as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties of:

a. the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of any of the Released Parties;

b. any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Parties or any other wrongdoing by any of the Released Parties; or

c. any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding by any of the Released Parties.

19. **Necessary Steps.** The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

20. **Schedule of Future Events**. Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| _____, 2019 at \_\_\_\_ \_.m.<br><br>[3 weeks after the date of this Order] | Status Hearing to Discuss Status of Carrier Subpoena Responses and Whether Scheduled Dates Need to Be Continued |
| _____, 2019<br><br>[60 days after the date of this Order] | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |
| _____, 2019<br><br>[30 days after the Notice Deadline] | Deadline for filing of Plaintiff's Motion for Attorneys' Fees and Costs and Incentive Award |
| _____, 2019<br><br>[90 days after the Notice Deadline] | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |
| _____, 2019<br><br>[90 days after the Notice Deadline] | Deadline for Settlement Class Members to Submit a Claim Form (Claim Period) |
| _____, 2019<br><br>[5 Days After the Opt Out Deadline] | Deadline for Settlement Administrator to Provide Class Counsel with Proof of Class Notice, Identifying the Number of Requests for Exclusion, and Number of Claims Received |
| _____, 2019<br><br>[100 days after the Notice deadline] | Deadline to File Motion for Final Approval |
| _____, 2019<br><br>[10 Days Prior to Final Approval Hearing] | Class Counsel Shall File with the Court One or More Declarations Stating that They Have Complied with Their CAFA Notice Obligations |
| _____, 2019 at \_\_\_\_ \_.m.<br><br>[No earlier than 120 days after Notice Deadline] | Final Approval Hearing |

SO ORDERED.

Dated: _____  _____

Hon. Jorge L. Alonso
United States District Judge