1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT
FOR THE NORHTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., individually and on behalf of a class of all persons and entities similarly situated,<br><br>       Plaintiff,<br><br>     v.<br><br>OH INSURANCE AGENCY and ALLSTATE INSURANCE COMPANY,<br><br>       Defendants. | Case No. 1:15-cv-09025<br><br>CLASS ACTION<br><br>**DECLARATION OF JAY GERACI RE: NOTICE PROCEDURES** |

1

I, Jay Geraci declare and state as follows:

1.      I am a Senior Project Manager with KCC Class Action Services, LLC ("KCC"), located at 3301 Kerner Blvd., San Rafael, California. KCC was appointed as the Settlement Administrator in this matter and is not party to this action.  I have personal knowledge of the matters stated herein and, if called upon, could and would testify thereto.

### CAFA NOTIFICATION

2.      In compliance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. Section 1715, KCC compiled a CD-ROM containing the following documents: Class Action Complaint, Amended Class Action Complaint, Answer and Affirmative Defenses of Defendant Allstate Insurance Company to Plaintiff's Amended Class Action Complaint, Oh Insurance Agency's Answer and Affirmative Defenses to Amended Class Action Complaint, Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (with all accompanying Exhibits), Notice of Presentment of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, Notification of Docket Entry issued April 17, 2019, Postcard Notice, Long Form Notice, Claim Form, and Settlement Agreement and Release, which accompanied a cover letter (collectively, the "CAFA Notice Packet"). A copy of the cover letter is attached hereto as Exhibit A.

3.      On April 22, 2019, KCC caused sixty-four (64) CAFA Notice Packets to be mailed via Priority Mail from the U.S. Post Office in Memphis, Tennessee to the parties listed on Exhibit B, *i.e.*, the U.S. Attorney General, the Attorneys General of each of the 50 States and the District of Columbia, the Attorneys General of the 5 recognized U.S. Territories, as well as parties of interest to this Action.

4.      In further compliance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. Section 1715, KCC compiled an additional CD-ROM containing the following documents: Plaintiff's Amended Unopposed Motion for Preliminary Approval of Class Action Settlement

2

(Dkt. No. 200), Amended Settlement Agreement and Release (as filed as Plaintiff's Exhibit 1 to Plaintiff's Amended Unopposed Motion for Preliminary Approval of Class Action Settlement) (Dkt. No. 200-1), Declaration of Edward A. Broderick in Support of Motion for Preliminary Approval (as filed as Plaintiff's Exhibit 2 to Plaintiff's Amended Unopposed Motion for Preliminary Approval of Class Action Settlement) (Dkt. No. 200-2), Declaration of Alexander H Burke in Support of Motion for Preliminary Approval (as filed as Plaintiff's Exhibit 3 to Plaintiff's Amended Unopposed Motion for Preliminary Approval of Class Action Settlement) (Dkt. No. 200-3), Declaration of Matthew P. McCue in Support of Motion for Preliminary Approval (as filed as Plaintiff's Exhibit 4 to Plaintiff's Amended Unopposed Motion for Preliminary Approval of Class Action Settlement) (Dkt. No. 200-4), Declaration of Carla A. Peak in Support of Notice Plan (as filed as Plaintiff's Exhibit 5 to Plaintiff's Amended Unopposed Motion for Preliminary Approval of Class Action Settlement) (Dkt. No. 200-5), Proposed Preliminary Approval Order (as filed as Plaintiff's Exhibit 6 to Plaintiff's Amended Unopposed Motion for Preliminary Approval of Class Action Settlement) (Dkt. No. 200-6), and Preliminary Approval Order (Dkt. No. 207), which accompanied a cover letter (collectively, the "Supplemental CAFA Notice Packet"). A copy of the cover letter is attached hereto as Exhibit C.

5.      On June 13, 2019, KCC caused sixty-four (64) CAFA Notice Packets to be mailed via Priority Mail from the U.S. Post Office in Memphis, Tennessee to the parties listed on Exhibit D, *i.e.*, the U.S. Attorney General, the Attorneys General of each of the 50 States and the District of Columbia, the Attorneys General of the 5 recognized U.S. Territories, as well as parties of interest to this Action

6.      As of the date of this Declaration, KCC has received no response to the CAFA Notice Packets from any of the recipients identified in paragraphs 3 or 5 above.

## CLASS LIST

7.      On April 19, 2019, KCC received a list of 62,911 Phone Numbers identified as the Class List. The Class List consisted of Phone Numbers, Names and Mailing addresses. KCC

3

reviewed the list, removed duplicates records, and identified 53,743 unique phone numbers within the data.

8.      On April 21, 2019 KCC hired a vendor to conduct reverse directory searches for the 53,743 phone numbers on the Class List in an effort to find a name and mailing address. As a result, KCC received 48,937 names and addresses, leaving 4,806 phone numbers for which KCC did not have a name and address match.

9.      On April 23, 2019 KCC hired a second vendor to conduct reverse directory searches for the remaining 4,806 phone numbers on the Class List that lacked a name and mailing address. As a result, KCC received 2,750 names and addresses, leaving 2,056 phone numbers for which KCC did not have a name and address match.

10.      On April 24, 2019 KCC hired a third vendor to conduct reverse directory searches for the remaining 2,056 phone numbers on the Class List that lacked a name and mailing address. As a result, KCC received 410 names and addresses, leaving 1,646 phone numbers for which KCC could not locate a name and address match.

11.      As a result, KCC was able to obtain name and mailing addresses for 52,097 phone numbers out of the 53,743 phone numbers submitted, leaving 1,646 phone numbers for which KCC could not locate a name and address match.

12.      Per Counsel's direction, KCC was asked to review the original data file to see if name and address information was available for the 1,646 phone numbers for which KCC could not locate a name and address match from the reverse directory searches. KCC was able to find 938 names and mailing addresses out of the 1,646 phone numbers. As a result, the Class List now consisted of 53,035 Class Members with a name and mailing address and 708 Phone Numbers where a name and mailing address was not available. The 708 Phone Numbers remained part of the Class List.

4

**MAILING OF THE NOTICE PACKET**

13.     On July 15, 2019 KCC caused the Summary Notice Postcard (collectively, the "Notice Packet") to be printed and mailed to the 53,035 names and mailing addresses in the Class List.  A true and correct copy of the Notice Packet is attached hereto as Exhibit E.

14.     Since mailing the Notice Packets to the Class Members, KCC has received 266 Notice Packets returned by the USPS with forwarding addresses.  KCC immediately caused Notice Packets to be re-mailed to the forwarding addresses supplied by the USPS.

15.     Since mailing the Notice Packets to the Class Members, KCC has received 9,422 Notice Packets returned by the USPS with undeliverable addresses.  Through credit bureau and/or other public source databases, KCC performed address searches for these undeliverable Notice Packets and was able to find updated addresses for 1,324 Class Members.  KCC promptly re-mailed Notice Packets to the found new addresses.

16.     Through the efforts described above, KCC believes it was able to successfully deliver mailed notice to 83.6 percent of the class members. This reach, particularly coupled with the extensive internet publication described below, far exceeds the benchmark of 70% notice reach endorsed by the Federal Judicial Center. *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* (available at https://www.fjc.gov/sites/default/files/2012/ClassGd3.pdf), at page 27.

**PUBLICATION IMPRESSIONS**

17.     KCC purchased 8,000,000 impressions to be distributed via Google Display Network, Facebook, and Instagram. The impressions targeted California adults 18 years of age and older, as well as small businesses, including the class members with previously unknown addresses. The impressions appeared on both mobile and desktop devices from July 16, 2019 through August 15, 2019. A total of 8,628,470 impressions were delivered, resulting in an additional 628,470 impressions at no extra charge. Screenshots of the internet banner notices as

5

they appeared on various websites are attached as **Exhibit F**.

## SETTLEMENT WEBSITE

18. On or about April 10, 2019 KCC established a website www.ohagencytelemarketingsettlement.com dedicated to this matter to provide information to the Class Members and to answer frequently asked questions. The website URL was set forth in the Summary Notice Postcard, Notice, and Claim Form. Visitors of the website can download copies of the Notice, Spanish Notice, Claim Form, and other case-related documents. Visitors can also submit claims online at the website. As of the date of this declaration, the website has received 70,295 visits. A true and correct copy of the Notice, Spanish Notice, and Claim Form are attached hereto as Exhibits G, H, and I.

## TELEPHONE HOTLINE

19. KCC established and continues to maintain a toll-free telephone number 1-855-222-6832 for potential Class Members to call and obtain information about the Settlement, request a Notice Packet, and/or seek assistance from a live operator during regular business hours. The telephone hotline became operational on July 10, 2019 and is accessible 24 hours a day, 7 days a week. As of the date of this declaration, KCC has received a total of 192 calls to the telephone hotline.

## CLAIM FORMS

20. The postmark deadline for Class Members to file claims in this matter was October 15, 2019. To date, KCC has received 2,512 claim forms. Upon review of the Claim Forms, KCC determined that 1,901 claims were invalid as the potential class members filed a claim using the Abante Rooter business phone numbers (510)534-1636 or *(925)253-0106*. These 1,901 claims along with 143 other claims were denied as the phone number provided on the claim form did not match back to the class list. 389 claims were considered duplicate. A total of 79 claims are valid,

6

42 of the 79 claims were filed by Class Members who received notice, and therefor did need to file a claim in order to receive a check.

## REPORT ON EXCLUSION REQUESTS RECEIVED TO DATE

21.     The Notice informs Class Members that requests for exclusion from the Class must be postmarked no later than October 15, 2019.  As of the date of this declaration, KCC has received one request for exclusion. The request to be excluded is attached hereto as Exhibit J.

## OBJECTIONS TO THE SETTLEMENT

22.     The postmark deadline for Class Members to object to the settlement was October 15, 2019.  As of the date of this declaration, KCC has received no objections to the settlement.

## PRELIMINARY SETTLEMENT AWARD CALCULATIONS

23.     KCC has preliminarily calculated the Class Member settlement awards. These calculations are based on the assumptions that the gross settlement amount is $10,500,000, and from that amount, deductions are made for: (a) attorneys' fees ($3,500,000); (b) attorneys' costs ($73,420.69); (c) named plaintiff award ($10,000); (d) administration costs ($166,539.23); The remaining amount ($6,750,040.08; the "Net Settlement Fund") will be allocated pursuant to the terms of the settlement to those Class Members preliminarily approved for payment.  Should the Court-awarded fees or costs differ than those shown above, or if the list of Class Members approved for payment and/or their class data changes, the estimated award allocation calculations will change accordingly. Based on the above, KCC estimates the class member payments to be $149.79 per class member.

## ADMINISTRATION COSTS

24.     As of date of this declaration, KCC estimates its total cost of administration to be $166,539.23.  This amount includes costs to date as well as through the completion of this matter.

25.     KCC's estimated fees and charges are based on certain information provided to KCC by the parties as well as significant assumptions.  Accordingly, the estimate is not intended to limit KCC's actual fees and charges, which may be less or more than estimated due to the scope of actual services or changes to the underlying facts or assumptions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 31st day of October at San Rafael, California.

_____
JAY GERACI

DECLARATION OF JAY GERACI RE: NOTICE PROCEDURES

# Exhibit A



3301 Kerner Boulevard    415.798.5900   PHONE
San Rafael, CA 94901      415.892.7354   FAX
                kccllc.com

April 22, 2019

VIA PRIORITY MAIL

«First» «Last»
«Company»
«Address_1»
«Address_2»
«City», «State» «Zip»

       Re:     Notice of Proposed Class Action Settlement Pursuant to 28 U.S.C. § 1715

Dear «First» «Last»:

      KCC Class Action Services, LLC has been retained as the independent third-party Administrator in a putative class action lawsuit entitled *Abante Rooter and Plumbing, Inc., individually and on behalf of a class of all persons and entities similarly situated, v. Oh Insurance Agency and Allstate Insurance Company*, Case No. 1:15-cv-09025. Ballard Spahr LLP and Kaufman Dolowich & Voluck, LLP represent Defendant Allstate Insurance Company and Defendant Oh Insurance Agency, respectively ("Defendants"). The lawsuit is pending before the Honorable Jorge L. Alonso in the United States District Court for the Northern District of Illinois, Eastern Division. This letter is to advise you that Plaintiff filed a Motion for Preliminary Approval of Class Action Settlement in connection with this class action lawsuit on April 12, 2019. At an initial hearing on preliminary approval, the Honorable Jorge L. Alonso ordered the parties to modify certain aspects of the notice and settlement, which will be filed shortly. This notice will be amended by a supplemental notice pursuant to 28 U.S.C. § 1715.

| | |
|---|---|
| **Case Name:** | *Abante Rooter and Plumbing, Inc., v. Oh Insurance Agency, et al.* |
| **Case Number:** | 1:15-cv-09025 |
| **Jurisdiction:** | United States District Court, Northern District of Illinois, Eastern Division |
| **Date Settlement Filed with Court:** | April 12, 2019 |

      Defendants deny any wrongdoing or liability whatsoever, but have decided to settle this action solely in order to eliminate the burden, expense, and uncertainties of further litigation. In compliance with 28 U.S.C. § 1715(b), the following documents referenced below are included on the CD that is enclosed with this letter:



«First» «Last»
April 22, 2019
Page 2

1.  **28 U.S.C. § 1715(b)(1) – Complaint and Related Materials:**  Copies of the *Class Action Complaint, Amended Class Action Complaint, Answer and Affirmative Defenses of Defendant Allstate Insurance Company to Plaintiff's Amended Class Action Complaint,* and *Oh Insurance Agency's Answer and Affirmative Defenses to Amended Class Action Complaint* are included on the enclosed CD.

2.  **28 U.S.C. § 1715(b)(2) – Notice of Any Scheduled Judicial Hearing:**  As of April 22, 2019, the Court has not yet scheduled a final fairness hearing in this matter.  Plaintiff filed *Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement* requesting that the Court preliminarily approve the Settlement.  Copies of *Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement* (with all accompanying Exhibits), and *Notice of Presentment of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement* are included on the enclosed CD.  Pursuant to the Court's *Notification of Docket Entry* filed April 17, 2019, the Preliminary Approval Hearing has been continued to May 9, 2019 at 9:30 a.m. before the Honorable Jorge L. Alonso.  A copy of the *Notification* is also included on the enclosed CD.

3.  **28 U.S.C. § 1715(b)(3) – Notification to Class Members:**  Copies of the *Postcard Notice, Long Form Notice,* and *Claim Form* to be provided to the class is included on the enclosed CD.

4.  **28 U.S.C. § 1715(b)(4) – Class Action Settlement Agreement:**  A copy of the *Settlement Agreement and Release* is included on the enclosed CD Rom.

5.  **28 U.S.C. § 1715(b)(5) – Any Settlement or Other Agreement:**  As of April 22, 2019, no other settlement or agreement has been entered by the parties to this Action, either directly or by and through their respective counsel.

6.  **28 U.S.C. § 1715(b)(6) – Final Judgment**:  No Final Judgment has been reached as of April 22, 2019, nor have any Notices of Dismissal been granted at this time.

7.  **28 U.S.C. § 1715(b)(7)(A)-(B) – Names of Class Members/Estimate of Class Members:**  While KCC is in the process of gathering information on this issue, pursuant to 28 U.S.C. § 1715(b)(7)(A), at this time a complete list of names of class members as well as each State of residence is not available, because the parties do not presently know the names or current addresses of all the proposed settlement class members and will not learn this information until the Settlement is preliminarily approved and the Court authorizes dissemination of information about the Settlement through the Class Notice.  KCC is in the process of conducting reverse telephone number research to determine the names and addresses of potential class members, and it is not feasible at this time to estimate when this process will be completed.  Pursuant to 28 U.S.C. § 1715(b)(7)(B), it is estimated that there are approximately 53,743 unique telephone numbers in the class.



«First» «Last»
April 22, 2019
Page 3

8.  **28 U.S.C. § 1715(b)(8) – Judicial Opinions Related to the Settlement:**  As the proposed Settlement is still pending final approval by the Court, there are no other opinions available at this time.  As of April 22, 2019, there has been no written judicial opinion related to the settlement.

If for any reason you believe the enclosed information does not fully comply with 28 U.S.C. § 1715, please contact KCC at either jchernila@kccllc.com or (415) 798-5969 immediately so that Defendants can address any concerns or questions you may have.

Thank you.

Sincerely,

*/s/*
Daniel Burke
Executive Vice President

Enclosure – CD Rom

# Exhibit B

| Last | First | Company | Address 1 | Address 2 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| Whitaker | Michael G. | Acting Attorney General of the United States | United States Department of Justice | 950 Pennsylvania Avenue, NW | Washington | DC | 20530-0001 |
| Clarkson | Kevin | Office of the Alaska Attorney General | P.O. Box 110300 | | Jeaneau | AK | 99811 |
| Marshall | Steve | Office of the Washington Avenue | 501 Washington Avenue | PO Box 300152 | Montgomery | AL | 36130-0152 |
| Rutledge | Leslie | Arkansas Attorney General Office | 323 Center Street, Suite 200 | | Little Rock | AR | 72201-2610 |
| Brnovich | Mark | Office of the Arizona Attorney General | 2005 N. Central Avenue | | Phoenix | AZ | 85004 |
| CAFA Coordinator | | Office of the Attorney General | Consumer Law Section | 455 Golden Gate Ave., Suite 11000 | San Francisco | CA | 94102 |
| Weiser | Phil | Office of the Colorado Attorney General | Ralph L. Carr Colorado Judicial Center | 1300 Broadway, 10th Floor | Denver | CO | 80203 |
| Tong | William | State of Connecticut Attorney General's Office | 55 Elm Street | | Hartford | CT | 06106 |
| Racine | Karl A. | District of Columbia Attorney General | 441 4th Street, NW, Suite 1100S | | Washington | DC | 20001 |
| Jennings | Kathy | Delaware Attorney General | Carvel State Office Building | 820 N. French Street | Wilmington | DE | 19801 |
| Moody | Ashley | Office of the Attorney General of Florida | The Capitol, PL-01 | | Tallahassee | FL | 32399-1050 |
| Carr | Chris | Office of the Georgia Attorney General | 40 Capitol Square, SW | | Atlanta | GA | 30334-1300 |
| Connors | Clare | Office of the Hawaii Attorney General | 425 Queen Street | | Honolulu | HI | 96813 |
| Miller | Tom | Iowa Attorney General | Hoover State Office Building | 1305 E. Walnut Street | Des Moines | IA | 50319 |
| Wasden | Lawrence | State of Idaho Attorney General's Office | 700 W. Jefferson Street, Suite 210 | P.O. Box 83720 | Boise | ID | 83720-0010 |
| Raoul | Kwame | Illinois Attorney General | James R. Thompson Center | 100 W. Randolph Street | Chicago | IL | 60601 |
| Hill, Jr. | Curtis T. | Indiana Attorney General's Office | Indiana Government Center South | 302 West Washington Street, 5th Floor | Indianapolis | IN | 46204 |
| Schmidt | Derek | Kansas Attorney General | 120 S.W. 10th Ave., 2nd Floor | | Topeka | KS | 66612-1597 |
| Beshear | Andy | Office of the Kentucky Attorney General | 700 Capitol Ave | Capitol Building, Suite 118 | Frankfort | KY | 40601 |
| Landry | Jeff | Office of the Louisiana Attorney General | P.O. Box 94095 | | Baton Rouge | LA | 70804-4095 |
| Healey | Maura | Office of the Attorney General of Massachusetts | 1 Ashburton Place | 20th Floor | Boston | MA | 02108-1518 |
| Frosh | Brian | Office of the Maryland Attorney General | 200 St. Paul Place | | Baltimore | MD | 21202-2202 |
| Frey | Aaron | Office of the Maine Attorney General | State House Station 6 | | Augusta | ME | 04333 |
| Nessel | Dana | Office of the Michigan Attorney General | P.O. Box 30212 | 525 W. Ottawa Street | Lansing | MI | 48909-0212 |
| Keith Ellison | Attorney General | Attention: CAFA Coordinator | 445 Minnesota Street | Suite 1400 | St. Paul | MN | 55101-2131 |
| Schmitt | Eric | Missouri Attorney General's Office | Supreme Court Building | 207 W. High Street | Jefferson City | MO | 65101 |
| Hood | Jim | Mississippi Attorney General's Office | Department of Justice | P.O. Box 220 | Jackson | MS | 39205 |
| Fox | Tim | Office of the Montana Attorney General | Justice Bldg., 3rd Floor | 215 N. Sanders Street | Helena | MT | 59620-1401 |
| Stein | Josh | Office of the North Carolina Attorney General | Department of Justice | 9001 Mail Service Center | Raleigh | NC | 27602-0629 |
| Stenehjem | Wayne | North Dakota Office of the Attorney General | State Capitol | 600 E. Boulevard Avenue | Bismarck | ND | 58505-0040 |
| Peterson | Doug | Office of the Nebraska Attorney General | 2115 State Capitol | P.O. Box 98920 | Lincoln | NE | 68509-8920 |
| MacDonald | Gordon | New Hampshire Attorney General | New Hampshire Department of Justice | 33 Capitol Street | Concord | NH | 03301-6397 |
| Grewal | Gurbir S. | Office of the New Jersey Attorney General | Richard J. Hughes Justice Complex | 25 Market Street, P.O. Box 080 | Trenton | NJ | 08625 |
| Balderas | Hector | Office of the New Mexico Attorney General | P.O. Drawer 1508 | | Santa Fe | NM | 87504-1508 |
| Ford | Aaron | Nevada Attorney General | Old Supreme Ct. Bldg. | 100 North Carson Street | Carson City | NV | 89701 |
| James | Letitia | Office of the New York Attorney General | Dept. of Law - The Capitol | 2nd Floor | Albany | NY | 12224 |
| Yost | Dave | Ohio Attorney General | State Office Tower | 30 E. Broad Street | Columbus | OH | 43266-0410 |
| Hunter | Mike | Oklahoma Office of the Attorney General | 313 NE 21st Street | | Oklahoma City | OK | 73105 |
| Rosenblum | Ellen F. | Office of the Oregon Attorney General | Justice Building | 1162 Court Street, NE | Salem | OR | 97301 |
| Shapiro | Josh | Pennsylvania Office of the Attorney General | 1600 Strawberry Square | | Harrisburg | PA | 17120 |
| Kilmartin | Peter | Rhode Island Office of the Attorney General | 150 South Main Street | | Providence | RI | 02903 |
| Wilson | Alan | South Carolina Attorney General | Rembert C. Dennis Office Bldg. | P.O. Box 11549 | Columbia | SC | 29211-1549 |
| Ravnsborg | Jason | South Dakota Office of the Attorney General | 1302 East Highway 14, Suite 1 | | Pierre | SD | 57501-8501 |
| Slatery, III | Herbert H. | Tennessee Attorney General and Reporter | P.O. Box 20207 | | Nashville | TN | 37202-0207 |
| Paxton | Ken | Attorney General of Texas | Capitol Station | P.O. Box 12548 | Austin | TX | 78711-2548 |
| Reyes | Sean | Utah Office of the Attorney General | P.O. Box 142320 | | Salt Lake City | UT | 84114-2320 |
| Herring | Mark | Office of the Virginia Attorney General | 202 North Ninth Street | | Richmond | VA | 23219 |
| Donovan | TJ | Office of the Attorney General of Vermont | 109 State Street | | Montpelier | VT | 05609-1001 |
| Ferguson | Bob | Washington State Office of the Attorney General | 1125 Washington St SE | P.O. Box 40100 | Olympia | WA | 98504-0100 |
| Kaul | Josh | Office of the Wisconsin Attorney General | Dept of Justice, State Capitol | RM 114 East P.O. Box 7857 | Madison | WI | 53707-7857 |
| Morrisey | Patrick | West Virginia Attorney General | State Capitol Complex, Bldg 1 | Room E-26 | Charleston | WV | 25305 |
| Michael | Peter K. | Office of the Wyoming Attorney General | 2320 Capitol Avenue | | Cheyenne | WY | 82002 |
| Ale | Talauega Eleasalo V. | American Samoa Attorney General | Exec. Ofc. Bldg, 3rd Floor | P.O. Box 7 | Utulei | AS | 96799 |
| Camacho | Leevin Taitano | Office of the Attorney General, ITC Building | 590 S. Marine Corps Drive | Suite 901 | Tamuning | Guam | 96913 |
| Manibusan | Edward | Northern Mariana Islands Attorney General | Administration Building | PO Box 10007 | Saipan | MP | 96950-8907 |
| Vazquez Garced | Wanda | Puerto Rico Attorney General | P.O. Box 902192 | San Juan | San Juan | PR | 00902-0192 |
| Walker | Claude E. | Virgin Islands Attorney General, Department of Justice | 34-38 Kronprindsens Gade | GERS Bldg, 2nd Floor | St. Thomas | VI | 00802 |
| Burke | Alexander Holmes | Burke Law Offices, LLC | 155 N. Michigan Ave | Suite 9020 | Chicago | IL | 60601 |
| McCue | Matthew | Law Office of Matthew McCue | 1 South Ave | Suite 3 | Natick | MA | 01760 |
| Marovitch | Daniel J. | Burke Law Offices, LLC | 155 N. Michigan Ave | Suite 9020 | Chicago | IL | 60601 |
| Broderick | Edward A. | Broderick Law, P.C. | 99 High Street | Suite 304 | Boston | MA | 02110 |
| Dalton | John D. | Kaufman Dolowich & Voluck, LLP | 135 S. LaSalle Street | Suite 2100 | Chicago | IL | 60603 |
| Levin | Mark | Ballard Spahr LLP | 1735 Market Street | 51st Floor | Philadelphia | PA | 19103-7599 |
| Hanover | Mark L. | Dentons US LLP | 233 South Wacker Drive | Suite 5900 | Chicago | IL | 60606 |

# Exhibit C



3301 Kerner Boulevard    415.798.5900    PHONE
San Rafael, CA 94901    415.892.7354    FAX
kccllc.com

June 13, 2019

VIA PRIORITY MAIL

«First» «Last»
«Company»
«Address_1»
«Address_2»
«City», «State»  «Zip»

      Re:    Notice of Class Action Settlement

Dear «First» «Last»:

      This letter supplements prior correspondence sent to you on or around April 22, 2019, with respect to a putative class action lawsuit entitled *Abante Rooter and Plumbing, Inc., individually and on behalf of a class of all persons and entities similarly situated, v. Oh Insurance Agency and Allstate Insurance Company*, Case No. 1:15-cv-09025.  Ballard Spahr LLP and Kaufman Dolowich & Voluck, LLP represent Defendant Allstate Insurance Company and Defendant Oh Insurance Agency, respectively ("Defendants").  At an initial hearing on preliminary approval, the Honorable Jorge L. Alonso ordered the parties to modify certain aspects of the notice and settlement.  The parties engaged in additional negotiations and diligently undertook necessary actions to meet the Court's expectations.

      On May 10, 2019, in accord with the Court's Order and in further compliance with 28 U.S.C. § 1715(b), Plaintiff filed the below documentation, which is included on the CD that is enclosed with this letter:

1.    *Plaintiff's Amended Unopposed Motion for Preliminary Approval of Class Action Settlement* (Dkt. No. 200);
2.    *Amended Settlement Agreement and Release* (as filed as Plaintiff's Exhibit 1 to *Plaintiff's Amended Unopposed Motion for Preliminary Approval of Class Action Settlement*) (Dkt. No. 200-1);
3.    *Declaration of Edward A. Broderick in Support of Motion for Preliminary Approval* (as filed as Plaintiff's Exhibit 2 to *Plaintiff's Amended Unopposed Motion for Preliminary Approval of Class Action Settlement*) (Dkt. No. 200-2);
4.    *Declaration of Alexander H Burke in Support of Motion for Preliminary Approval* (as filed as Plaintiff's Exhibit 3 to *Plaintiff's Amended Unopposed Motion for Preliminary Approval of Class Action Settlement*) (Dkt. No. 200-3);



«First» «Last»
June 13, 2019
Page 2

5. *Declaration of Matthew P. McCue in Support of Motion for Preliminary Approval* (as filed as Plaintiff's Exhibit 4 to *Plaintiff's Amended Unopposed Motion for Preliminary Approval of Class Action Settlement*) (Dkt. No. 200-4);

6. *Declaration of Carla A. Peak in Support of Notice Plan* (as filed as Plaintiff's Exhibit 5 to *Plaintiff's Amended Unopposed Motion for Preliminary Approval of Class Action Settlement*) (Dkt. No. 200-5); and

7. Proposed *Preliminary Approval Order* (as filed as Plaintiff's Exhibit 6 to *Plaintiff's Amended Unopposed Motion for Preliminary Approval of Class Action Settlement*) (Dkt. No. 200-6).

On May 29, 2019, the Court issued its *Preliminary Approval Order*, signed by the Honorable Jorge L. Alonso. A copy of this *Order* is also included on the enclosed CD and is designated as:

8. *Preliminary Approval Order* (Dkt. No. 207)

KCC has initiated the administrative process for this settlement, and notice will be provided to Class Members no later than July 16, 2019.

Please contact KCC at either jchernila@kccllc.com or (415) 798-5969 if you require any additional materials or need any further information concerning this matter.

Thank you.

Sincerely,


/s/
Daniel Burke
Executive Vice President

Enclosure – CD Rom

# Exhibit D

| Last | First | Company | Address 1 | Address 2 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| Whitaker | Michael G. | Acting Attorney General of the United States | United States Department of Justice | 950 Pennsylvania Avenue, NW | Washington | DC | 20530-0001 |
| Clarkson | Kevin | Office of the Alaska Attorney General | P.O. Box 110300 | | Jeaneau | AK | 99811 |
| Marshall | Steve | Office of the Washington Attorney General | 501 Washington Avenue | PO Box 300152 | Montgomery | AL | 36130-0152 |
| Rutledge | Leslie | Arkansas Attorney General Office | 323 Center Street, Suite 200 | | Little Rock | AR | 72201-2610 |
| Brnovich | Mark | Office of the Arizona Attorney General | 2005 N. Central Avenue | | Phoenix | AZ | 85004 |
| CAFA Coordinator | | Office of the Attorney General | Consumer Law Section | 455 Golden Gate Ave., Suite 11000 | San Francisco | CA | 94102 |
| Weiser | Phil | Office of the Colorado Attorney General | Ralph L. Carr Colorado Judicial Center | 1300 Broadway, 10th Floor | Denver | CO | 80203 |
| Tong | William | State of Connecticut Attorney General's Office | 55 Elm Street | | Hartford | CT | 06106 |
| Racine | Karl A. | District of Columbia Attorney General | 441 4th Street, NW, Suite 1100S | | Washington | DC | 20001 |
| Jennings | Kathy | Delaware Attorney General | Carvel State Office Building | 820 N. French Street | Wilmington | DE | 19801 |
| Moody | Ashley | Office of the Attorney General of Florida | The Capitol, PL-01 | | Tallahassee | FL | 32399-1050 |
| Carr | Chris | Office of the Georgia Attorney General | 40 Capitol Square, SW | | Atlanta | GA | 30334-1300 |
| Connors | Clare | Office of the Hawaii Attorney General | 425 Queen Street | | Honolulu | HI | 96813 |
| Miller | Tom | Iowa Attorney General | Hoover State Office Building | 1305 E. Walnut Street | Des Moines | IA | 50319 |
| Wasden | Lawrence | State of Idaho Attorney General's Office | 700 W. Jefferson Street, Suite 210 | P.O. Box 83720 | Boise | ID | 83720-0010 |
| Raoul | Kwame | Illinois Attorney General | James R. Thompson Center | 100 W. Randolph Street | Chicago | IL | 60601 |
| Hill, Jr. | Curtis T. | Indiana Attorney General's Office | Indiana Government Center South | 302 West Washington Street, 5th Floor | Indianapolis | IN | 46204 |
| Schmidt | Derek | Kansas Attorney General | 120 S.W. 10th Ave., 2nd Floor | | Topeka | KS | 66612-1597 |
| Beshear | Andy | Office of the Kentucky Attorney General | 700 Capitol Ave | Capitol Building, Suite 118 | Frankfort | KY | 40601 |
| Landry | Jeff | Office of the Louisiana Attorney General | P.O. Box 94095 | | Baton Rouge | LA | 70804-4095 |
| Healey | Maura | Office of the Attorney General of Massachusetts | 1 Ashburton Place | 20th Floor | Boston | MA | 02108-1518 |
| Frosh | Brian | Office of the Maryland Attorney General | 200 St. Paul Place | | Baltimore | MD | 21202-2202 |
| Frey | Aaron | Office of the Maine Attorney General | State House Station 6 | | Augusta | ME | 04333 |
| Nessel | Dana | Office of the Michigan Attorney General | P.O. Box 30212 | 525 W. Ottawa Street | Lansing | MI | 48909-0212 |
| Keith Ellison | Attorney General | Attention: CAFA Coordinator | 445 Minnesota Street | Suite 1400 | St. Paul | MN | 55101-2131 |
| Schmitt | Eric | Missouri Attorney General's Office | Supreme Court Building | 207 W. High Street | Jefferson City | MO | 65101 |
| Hood | Jim | Mississippi Attorney General's Office | Department of Justice | P.O. Box 220 | Jackson | MS | 39205 |
| Fox | Tim | Office of the Montana Attorney General | Justice Bldg., 3rd Floor | 215 N. Sanders Street | Helena | MT | 59620-1401 |
| Stein | Josh | Office of the North Carolina Attorney General | Department of Justice | 9001 Mail Service Center | Raleigh | NC | 27602-0629 |
| Stenehjem | Wayne | North Dakota Office of the Attorney General | State Capitol | 600 E. Boulevard Avenue | Bismarck | ND | 58505-0040 |
| Peterson | Doug | Office of the Nebraska Attorney General | 2115 State Capitol | P.O. Box 98920 | Lincoln | NE | 68509-8920 |
| MacDonald | Gordon | New Hampshire Attorney General | New Hampshire Department of Justice | 33 Capitol Street | Concord | NH | 03301-6397 |
| Grewal | Gurbir S. | Office of the New Jersey Attorney General | Richard J. Hughes Justice Complex | 25 Market Street, P.O. Box 080 | Trenton | NJ | 08625 |
| Balderas | Hector | Office of the New Mexico Attorney General | P.O. Drawer 1508 | | Santa Fe | NM | 87504-1508 |
| Ford | Aaron | Nevada Attorney General | Old Supreme Ct. Bldg. | 100 North Carson Street | Carson City | NV | 89701 |
| James | Letitia | Office of the New York Attorney General | Dept. of Law - The Capitol | 2nd Floor | Albany | NY | 12224 |
| Yost | Dave | Ohio Attorney General | State Office Tower | 30 E. Broad Street | Columbus | OH | 43266-0410 |
| Hunter | Mike | Oklahoma Office of the Attorney General | 313 NE 21st Street | | Oklahoma City | OK | 73105 |
| Rosenblum | Ellen F. | Office of the Oregon Attorney General | Justice Building | 1162 Court Street, NE | Salem | OR | 97301 |
| Shapiro | Josh | Pennsylvania Office of the Attorney General | 1600 Strawberry Square | | Harrisburg | PA | 17120 |
| Kilmartin | Peter | Rhode Island Office of the Attorney General | 150 South Main Street | | Providence | RI | 02903 |
| Wilson | Alan | South Carolina Attorney General | Rembert C. Dennis Office Bldg. | P.O. Box 11549 | Columbia | SC | 29211-1549 |
| Ravnsborg | Jason | South Dakota Office of the Attorney General | 1302 East Highway 14, Suite 1 | | Pierre | SD | 57501-8501 |
| Slatery, III | Herbert H. | Tennessee Attorney General and Reporter | P.O. Box 20207 | | Nashville | TN | 37202-0207 |
| Paxton | Ken | Attorney General of Texas | Capitol Station | P.O. Box 12548 | Austin | TX | 78711-2548 |
| Reyes | Sean | Utah Office of the Attorney General | P.O. Box 142320 | | Salt Lake City | UT | 84114-2320 |
| Herring | Mark | Office of the Virginia Attorney General | 202 North Ninth Street | | Richmond | VA | 23219 |
| Donovan | TJ | Office of the Attorney General of Vermont | 109 State Street | | Montpelier | VT | 05609-1001 |
| Ferguson | Bob | Washington State Office of the Attorney General | 1125 Washington St SE | P.O. Box 40100 | Olympia | WA | 98504-0100 |
| Kaul | Josh | Office of the Wisconsin Attorney General | Dept of Justice, State Capitol | RM 114 East P.O. Box 7857 | Madison | WI | 53707-7857 |
| Morrisey | Patrick | West Virginia Attorney General | State Capitol Complex, Bldg 1 | Room E-26 | Charleston | WV | 25305 |
| Michael | Peter K. | Office of the Wyoming Attorney General | 2320 Capitol Avenue | | Cheyenne | WY | 82002 |
| Ale | Talauega Eleasalo V. | American Samoa Attorney General | Exec. Ofc. Bldg, 3rd Floor | P.O. Box 7 | Utulei | AS | 96799 |
| Camacho | Leevin Taitano | Office of the Attorney General, ITC Building | 590 S. Marine Corps Drive | Suite 901 | Tamuning | Guam | 96913 |
| Manibusan | Edward | Northern Mariana Islands Attorney General | Administration Building | PO Box 10007 | Saipan | MP | 96950-8907 |
| Vazquez Garced | Wanda | Puerto Rico Attorney General | P.O. Box 902192 | San Juan | San Juan | PR | 00902-0192 |
| Walker | Claude E. | Virgin Islands Attorney General, Department of Justice | 34-38 Kronprindsens Gade | GERS Bldg, 2nd Floor | St. Thomas | VI | 00802 |
| Burke | Alexander Holmes | Burke Law Offices, LLC | 155 N. Michigan Ave | Suite 9020 | Chicago | IL | 60601 |
| McCue | Matthew | Law Office of Matthew McCue | 1 South Ave | Suite 3 | Natick | MA | 01760 |
| Marovitch | Daniel J. | Burke Law Offices, LLC | 155 N. Michigan Ave | Suite 9020 | Chicago | IL | 60601 |
| Broderick | Edward A. | Broderick Law, P.C. | 99 High Street | Suite 304 | Boston | MA | 02110 |
| Dalton | John D. | Kaufman Dolowich & Voluck, LLP | 135 S. LaSalle Street | Suite 2100 | Chicago | IL | 60603 |
| Levin | Mark | Ballard Spahr LLP | 1735 Market Street | 51st Floor | Philadelphia | PA | 19103-7599 |
| Hanover | Mark L. | Dentons US LLP | 233 South Wacker Drive | Suite 5900 | Chicago | IL | 60606 |

# Exhibit E

**LEGAL NOTICE**

*Abante Rooter & Plumbing, Inc.*
*v. Oh Ins. Agency*,

**No. 1:15-cv-09025 (N.D. Ill.)**

A class action settlement has been proposed in this lawsuit pending in the U.S. District Court for the Northern District of Illinois ("Court").

This case claims that Oh Insurance Agency violated the Telephone Consumer Protection Act by causing cell phones to be called using an automatic telephone dialing system or an artificial or prerecorded voice without consent, and that Allstate Insurance Company is vicariously liable for the calls. Defendants deny they did anything wrong.

Claim ID: «ClaimID»

AHU

**Oh Agency TCPA**
**Settlement Administrator**
c/o KCC Class Action Services
P.O. Box 404000
Louisville KY 40233-4000

«Barcode»

Postal Service: Please do not mark barcode

**Forwarding Service Requested**

Claim#: AHU-«ClaimID»-«MailRec»
«First1» «Last1»
«CO»
«Addr2»
«Addr1»
«City», «St» «Zip»
«Country»

**Who Is Included:** If you received this notice, records in the Litigation indicate that you are a member of the Settlement Class. The Class includes: "All persons in the United States (i) to whom Oh Insurance Agency made a call for the purpose of encouraging the purchase of Allstate goods or services (ii) to a cellular telephone number (iii) using SalesDialers (iv) between April 19, 2013 and February 21, 2017, limited to calls to telephone numbers on the Class List. The Class List is composed of the users or subscribers of the 53,743 unique cell phone numbers on the Class List."

**Summary of the Settlement**: Oh Insurance Agency and Allstate Insurance Company agreed to establish a Settlement Fund of $10,500,000 to pay Class Members who make valid and timely claims; pay any incentive award to the Class Representative; pay attorneys' fees and costs; and pay settlement notice and administration costs. Plaintiff will request up to $10,000 as an incentive award, and up to $3,500,000 in attorneys' fees, plus costs not to exceed $50,000. Any remaining monies from uncashed settlement checks may be redistributed or paid to the Electronic Privacy Information Center or other non-profit. This is a summary notice only; additional details can be found at www.ohagencytelemarketingsettlement.com or by calling 1-855-222-6832. **Can I Get Money from the Settlement?** Yes, if you received this notice by mail, you do not need to do anything to receive a *pro rata* cash award, the amount of which depends on how many people make approved claims. Class Members who received calls on more than one cell phone may submit one claim per cell number. Class Counsel estimate that the amount of the cash award may be about $100 to $120. **Do I Have a Lawyer?** Yes. The Court appointed attorneys with Burke Law Offices, LLC, Broderick Law, P.C., and The Law Office of Matthew P. McCue as Class Counsel. The lawyers will be paid from the Settlement Fund. You may enter an appearance in the case through your own attorney if you so desire. **What Should I Do?** Class Members have three options: **(1) Do Nothing.** If you received this notice via mail, you are automatically entitled to a share of the Settlement Fund. If the Settlement is approved, you will not have the right to sue separately for damages of $500 per call, or $1,500 per calls made willfully. **(2) Remain a Class Member but object** to the Settlement. Instructions for objecting are available at www.ohagencytelemarketingsettlement.com. Objections and supporting documents must be sent to Class Counsel and Defense Counsel, and filed with the Court by October 15, 2019. You may pay for and be represented by a lawyer who may send the objection for you. **(3) Exclude yourself** from the Settlement Class by mailing a request to the Settlement Administrator (not the Court). You must state in writing your name, address, the cell number at which Defendants called you, and that you want to be excluded from this Settlement. Exclusions must be signed and postmarked no later than October 15, 2019. **Scheduled Hearing**: The judge scheduled a hearing for November 13, 2019, at 11:00 a.m., in Courtroom 1903 of the U.S. District Court, Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604, regarding whether to give final approval to the Settlement, including the amounts of any attorneys' fees, costs, and Class Representative award. The hearing may be changed without notice. **It is not necessary for you to appear at this hearing, but you may attend at your own expense. For more information:** Visit: www.ohagencytelemarketingsettlement.com; Call: 1-855-222-6832; or write to: Oh Agency TCPA Settlement Administrator, c/o KCC Class Action Services, P.O. Box 404000, Louisville KY 40233-4000.

# Exhibit F





























*Heidarpour v. Allstate, 300x250*
Placement: Weather.com

















*Heidarpour v. Allstate* Desktop Right-Column Ad Case: 1:15-cv-09025 Document #: 219-1 Filed: 11/01/19 Page 35 of 59 PageID #:1903

Placement: Facebook.com









Exhibit G

*Abante Rooter & Plumbing, Inc. v. Oh Ins. Agency*, No. 1:15-cv-09025 (N.D. Ill.)
<u>United States District Court for the Northern District of Illinois</u>

# If you received a telemarketing <u>call</u> on a <u>cell phone</u> for <u>Allstate</u> between April 19, 2013 and February 21, 2017, you <u>may be entitled to benefits under</u> a class action settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A Plaintiff ("Class Representative") brought a lawsuit alleging that Oh Insurance Agency violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by causing calls to be made to cell phones using an automatic telephone dialing system or an artificial or prerecorded voice, without consent, and that Allstate Insurance Company is vicariously liable for the call.

- A settlement has been reached in this case, which, if approved, will provide a $10,500,000 fund ("Settlement Fund") from which eligible persons whose addresses are known and received a postcard notice regarding this case will receive cash awards. In addition, the limited subset of class members whose addresses are not known will have the opportunity to a claim to receive a cash award if the records in the case reflect that the person filing a claim received one of the affected calls. **If you received a postcard notice through the mail, you do not need to file a claim to receive your award.** The cash awards are estimated to be about $100 to $120 per award.

- You are in the "Settlement Class" if you were called on one of 53,743 specific cell phone numbers to which Oh Insurance Agency made calls using a SalesDialers-brand dialing system for the purpose of encouraging the purchase of Allstate goods or services, between April 19, 2013 and February 21, 2017.

- In addition to paying settlement awards to Settlement Class Members, the Settlement Fund will be used to pay attorneys' fees and costs to attorneys representing the Class Representative and the Class ("Class Counsel"), any award to the Class Representative, the reasonable costs of notice and administration of the Settlement, and a possible charitable contribution if there are uncashed settlement award checks.

- **Your legal rights are affected whether you act or don't act. Read this notice carefully.**

- **En el sitio web, www.ohagencytelemarketingsettlement.com, hay una notificación completa del acuerdo en Español. Para un operador telefónico de habla Español, llame al 1-855-222-6832.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
| --- | --- |
| **If you received a postcard notice and do nothing** | You will receive a payment and will give up any rights to sue Oh Agency, Allstate, or anyone else separately regarding the legal claims in this case. |
| **If You Did Not Receive a Postcard Notice in The Mail, You Must Submit a Claim Form** | If you did not receive a postcard notice in the mail regarding this case, you must submit a valid and timely claim form online at www.ohagencytelemarketingsettlement.com or by mail to Oh Agency TCPA Settlement Administrator, c/o KCC Class Action Services, P.O. Box 404000, Louisville KY 40233-4000. If you fail to submit a claim and your phone number is on the Class List of 53,743, you will not receive a settlement payment and will give up any rights to sue Oh Agency, Allstate, or anyone else separately regarding the legal claims in this case. The deadline to file your claim form is October 15, 2019. |
| **Exclude Yourself or "Opt Out" of the Settlement** | Get no payment. If you exclude yourself, you will not waive any rights you may have against Oh Agency, Allstate, or anyone else with respect to the legal claims in this case. |
| **Object** | Write to the Court about why you believe the Settlement is unfair. Even if you file a valid and timely objection, if you received a postcard notice in the mail regarding this case, you will still receive payment in this case. If you did not receive a postcard notice in the mail regarding this case, if you submit a valid claim form, you may still receive a payment even if you object. |
| **Go to the Fairness Hearing** | Ask to speak in Court about the fairness of the Settlement if you file a valid and timely objection. |

These rights and options - **and the deadlines to exercise them** - are explained in this notice. The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to Class Members that received a postcard notice in the mail and on valid and timely claims if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**.................................................................................................................**PAGE 3**

1.  Why is there a notice?

2.  What is this class action lawsuit about?

3.  Why is there a Settlement?

**WHO IS IN THE SETTLEMENT?** ................................................................................................**PAGE 4**

4.  How do I know if I am part of the Settlement?

**THE SETTLEMENT BENEFITS - WHAT YOU GET** ................................................................**PAGE 4**

5.  What does the Settlement provide?

**HOW YOU GET A PAYMENT**.....................................................................................................**PAGE 4**

6.  How and when can I get a payment?

7.  What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** .............................................................**PAGE 6**

8.  How do I exclude myself from the Settlement?

**THE LAWYERS REPRESENTING YOU** .....................................................................................**PAGE 6**

9.  Do I have a lawyer in this case?

10. How will the lawyers and Class Representatives be paid?

**OBJECTING TO THE SETTLEMENT** .........................................................................................**PAGE 7**

11. How do I tell the Court that I do not think the Settlement is fair?

**THE COURT'S FAIRNESS HEARING** ........................................................................................**PAGE 7**

12. When and where will the Court decide whether to approve the Settlement?

13. May I speak at the hearing?

**IF YOU DO NOTHING** .................................................................................................................**PAGE 8**

14. What happens if I do nothing at all?

**GETTING MORE INFORMATION**...............................................................................................**PAGE 8**

15. How do I get more information?

# BASIC INFORMATION

### 1. Why is there a notice?

A court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after any objections or appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows. Because your rights will be affected by this Settlement, it is important that you read this notice carefully.

If you received a notice in the mail, it is because records produced in the Litigation indicate that you were called on one of 53,743 specific cell phone numbers to which Oh Insurance Agency made calls using a SalesDialers-brand dialing system for the purpose of encouraging the purchase of Allstate goods or services, between April 19, 2013 and February 21, 2017. If this is the case, you are entitled to benefits under the Settlement, as a "Settlement Class Member." If you did not receive a postcard notice in the mail but believe you received a call from the Oh Insurance Agency encouraging the purchase of Allstate goods or services, between April 19, 2013 and February 21, 2017 on a cell phone for which you are the user or subscriber, you have the option of filing a claim as described below.

The Court in charge of the case is the United States District Court for the Northern District of Illinois, and the case is known as *Abante Rooter & Plumbing, Inc. v. Oh Ins. Agency*, No. 1:15-cv-09025 (N.D. Ill.). The proposed Settlement would resolve all claims in this case, as well as the claims at issue in the Litigation. The entity that sued is called the "Plaintiff" or "Class Representative," and the companies sued, Oh Insurance Agency ("Oh Agency") and Allstate Insurance Company ("Allstate"), are referred to herein as "Defendants."

The Court preliminarily approved the Settlement on May 29, 2019, and pursuant to the Court's order, notice is now being disseminated to potential Class Members, in order to notify them of the proposed Settlement and their rights thereto.

### 2. What is this class action lawsuit about?

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. Representative plaintiffs, also known as "class representatives," assert claims on behalf of the entire class.

The Class Representative pursued this Litigation alleging that Oh Agency violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by causing telemarketing calls to be made to cellular telephone numbers to encourage the purchase of Allstate goods or services using an automatic telephone dialing system or an artificial or prerecorded voice, without the prior express consent of the called party, and that Allstate is vicariously liable for said calls.

Defendants deny that they did anything wrong, or that this case is appropriate for treatment as a class action.

### 3. Why is there a Settlement?

The Court did not decide in favor of the Class Representative or Defendants. Both sides agreed to a settlement instead of going to trial. That way, they avoid the cost of a trial, and the people affected will get compensation. The Class Representative and its attorneys think the Settlement is best for all Class Members.

# WHO IS IN THE SETTLEMENT?

### 4. How do I know if I am part of the Settlement?

The Court has certified a class action for settlement purposes only. Generally, you are in the Settlement Class if you received an unsolicited Allstate telemarketing call from Oh Agency on your cell phone between April 19, 2013 and February 21, 2017. More specifically, the Settlement Class is defined as:

> **All persons in the United States (i) to whom Oh Insurance Agency made a call for the purpose of encouraging the purchase of Allstate goods or services (ii) to a cellular telephone number (iii) using SalesDialers (iv) between April 19, 2013 and February 21, 2017, limited to calls to telephone numbers on the Class List. The Class List is comprised of the users or subscribers of the 53,743 unique cell phone numbers listed therein.**

If you have questions about whether you are a Class Member, or are still not sure whether you are included, you can call 1-855-222-6832 or visit www.ohagencytelemarketingsettlement.com for more information.

# THE SETTLEMENT BENEFITS - WHAT YOU GET

### 5. What does the Settlement provide?

Defendants have agreed to pay a total settlement amount of $10,500,000, which will be used to create a Settlement Fund to pay cash awards to Settlement Class Members who received a postcard notice regarding this case as well as Settlement Class Members who did not receive a postcard notice but who submit a valid and timely claim, pay Class Counsel's attorneys' fees and costs, pay a service award to the Class Representative, and pay costs and expenses of notice and settlement administration.

Any remaining monies from uncashed Settlement Relief may be redistributed in further distributions to Settlement Class Members who cashed their settlement checks. However, if a further distribution would be administratively infeasible, the remaining monies will instead be donated to a *cy pres* recipient. The Parties have proposed that such money be disbursed to the Electronic Privacy Information Center.

# HOW YOU GET A PAYMENT

### 6. How and when can I get a payment?

Each Settlement Class Member who received a postcard notice regarding this case will receive Settlement Relief without submitting a claim form. Any Settlement Class Member who did not receive a postcard notice regarding the case but who submits a valid and timely claim form will also receive Settlement Relief. Settlement Relief is a cash payment. The final cash payment amount will depend on the total number of Settlement Class Members with known addresses who received postcard notice regarding the case plus valid and timely claims filed by Settlement Class Members who did not receive postcard notice, and will be distributed on a *pro rata* basis from the Settlement Fund, less notice and administration costs, Class Counsel's attorneys' fees and costs, and any Class Representative award. Settlement Class Members who received calls on more than one cell phone may submit one claim per cell phone number. Class Counsel estimate that the amount of the cash award (while dependent upon the number of claims) may be within the range of $100 to $120. Eligible Settlement Class Members may make one claim per associated unique cellular telephone number called.

Claims may be submitted electronically via the Settlement Website, www.ohagencytelemarketingsettlement.com, or by mail to:

Oh Agency TCPA Settlement Administrator
c/o KCC Class Action Services
P.O. Box 404000
Louisville KY 40233-4000

If you did not receive a postcard notice and are filing a claim form, the deadline to file your claim form is October 15, 2019.

The Court will hold a hearing on November 13, 2019, to decide whether to approve the Settlement. If the Settlement is approved, appeals may still follow. Whether the appeals, if any, can be resolved is uncertain, and resolving them can take time, perhaps more than a year. Please be patient.

### 7. What am I giving up to get a payment or stay in the Class?

If you are a Class Member, unless you exclude yourself, you will be bound by the release of claims in the Settlement. This means that, if the Settlement is approved, you can't sue, continue to sue, or be part of any other lawsuit against Oh Agency, Allstate, or anyone else having to do with TCPA and/or any other federal or state telemarketing law for violations arising out of telemarketing calls made by Oh Agency to encourage the purchase of Allstate goods or services using its SalesDialers dialer between April 19, 2013 and February 21, 2017, including but not limited to claims of any type or nature alleging that Allstate is vicariously liable for said Oh Agency calls, and all of the decisions and judgments by the Court will bind you.

For non-emergency calls or text messages to a cell phone number made using an automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of the called party, the TCPA provides for damages of $500 per violation, or up to $1,500 for knowing or willful violations, plus an injunction limiting future conduct. However, Defendants have denied that they made or caused to be made any illegal calls to anyone, and in any future lawsuit, they will have a full range of potential defenses, including that they had prior express consent to make the calls and that Allstate is not vicariously liable for them. In addition, the TCPA does not provide for attorneys' fees to prevailing individual plaintiffs. This Settlement permits Class Members the opportunity to obtain a smaller amount of money, risk-free.

If you do not opt out of this Settlement, you will be unable to file your own lawsuit regarding the claims described in this Notice, and you will release Defendants from any liability for the Released Claims defined below and in the Settlement.

Remaining in the Settlement Class means that you, as well as anyone claiming through you such as heirs, successors, and assigns, relinquish and discharge each and all of the Released Parties from each of the Released Claims (as defined below).

If the Settlement is approved, upon the Final Settlement Date, the Releasing Persons shall, by operation of the Judgment, be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged the Released Persons from any and all Released Claims—i.e., all claims, demands, causes of actions, suits, damages, and fees arising under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and/or any other federal or state telemarketing laws, whether in law or equity, that have been or could have been brought by a Releasing Person against Oh Agency or Allstate Insurance Company in connection with Oh Agency making or causing to be made telemarketing calls promoting Allstate goods or services, where such call was made between April 19, 2013 and February 21, 2017, including but not limited to claims of any type or nature alleging that Allstate Insurance Company is vicariously liable for said Oh Agency calls. "Released Persons" means Defendants Oh Insurance Agency and Allstate Insurance Company, and all of their predecessors, successors, parents, subsidiaries, affiliates, officers, directors, partners, members, principals, employees, agents, attorneys, servants, and assigns. "Releasing Persons" means Plaintiff (including Plaintiff's principal Fred Heidarpour) and each member of the Class identified on the Class List and not opting out, and their respective assigns, heirs, successors, predecessors, parents, subsidiaries, affiliates, officers, directors, shareholders, members, managers, partners, principals, representatives, and employees (each solely in their respective capacity as such).

The Settlement Agreement (available at the website, www.ohagencytelemarketingsettlement.com) provides more detail regarding the release and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law firms representing the Class listed in Question 9 for free, or you can, at your own expense, talk to your own lawyer if you have any questions about the Released Parties or the Released Claims or what they mean.

The release does not apply to Settlement Class Members who timely opt out of the Settlement.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this Settlement, and you want to keep the right to sue or continue to sue Defendants on your own about the legal issues in this case, then you must take steps to exclude yourself from the Settlement.

## 8. How do I exclude myself from the Settlement?

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from *Abante Rooter & Plumbing, Inc. v. Oh Ins. Agency*, No. 1:15-cv-09025 (N.D. Ill.). Be sure to include your name, address, and the cell phone number(s) at which you were called by Oh Agency during the Settlement Class Period. You must also include a statement that you wish to be excluded from the Settlement and sign the statement. **You must mail your exclusion request postmarked no later than October 15, 2019**, to:

Oh Agency TCPA Settlement Administrator
c/o KCC Class Action Services
P.O. Box 404000
Louisville KY 40233-4000

If you ask to be excluded, you will not get any Settlement Relief, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this Litigation. You may be able to sue (or continue to sue) Defendants in the future. Although no other person may exclude you from the Settlement Class, nothing prohibits you from obtaining the assistance of another, such as a lawyer or family member, in preparing or submitting any individual exclusion.

# THE LAWYERS REPRESENTING YOU

## 9. Do I have a lawyer in this case?

The Court appointed the following attorneys to represent you and other Class Members: Alexander H. Burke and Daniel J. Marovitch of Burke Law Offices, LLC, Edward A. Broderick of Broderick Law, P.C., and Matthew P. McCue of The Law Office of Matthew P. McCue.

All of these lawyers are called Class Counsel. You will not be charged separately for these lawyers' services. If you want to be represented by your own lawyer, you may hire one at your own expense.

You may enter an appearance through your own attorney if you so desire, but you do not need to do so.

## 10. How will the lawyers and Class Representatives be paid?

Class Counsel will ask the Court to approve payment of up to $3,500,000 to compensate them for attorneys' fees for investigating the facts, litigating the case, and negotiating the Settlement, plus costs they incurred in the case not to exceed $50,000. Class Counsel will also request an award of $10,000 to the Class Representative, as compensation for its time and effort. The Court may award less than these amounts. These payments, along with the costs of administering the Settlement, will be made out of the Settlement Fund.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

| **11. How do I tell the Court that I do not think the Settlement is fair?** |
| --- |

If you are a Settlement Class Member and do not exclude yourself, you can object to the Settlement, or any part of the Settlement, for example if you do not think the Settlement is fair. You can state reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file a written statement with the Court saying that you object to the proposed Settlement in *Abante Rooter & Plumbing, Inc. v. Oh Ins. Agency*, No. 1:15-cv-09025 (N.D. Ill.). Be sure to include: (a) your name, address, telephone number and, if different, the cellular telephone number at which you were called by Oh Agency during the Settlement Class Period; (b) if represented by counsel, the name, address, and telephone number of your counsel; (c) the specific grounds for the objection, and whether it applies only to you, to a specific subset of the Class, or to the entire Class; and (d) a statement of whether you intend to appear at the Fairness Hearing, either with or without counsel. Any documents that you wish for the Court to consider must also be attached to the objection, and your objection should also be sent to Class Counsel and counsel for Defendants. **Your objection to the Settlement must be filed and postmarked to the Parties' respective attorneys no later than October 15, 2019**.

The objection must be provided as follows to the following:

For Filing:

*Abante Rooter & Plumbing, Inc. v.*
*Oh Ins. Agency*, No. 1:15-cv-09025 (N.D. Ill.)
U.S. District Court, Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

By Mail:

Alexander H. Burke
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601

***Counsel for Plaintiff and the Settlement Class***

Mark J. Levin
Ballard Spahr LLP
1735 Market St., 51st Floor
Philadelphia, PA 19103

***Counsel for Allstate Insurance Company***

John D. Dalton
Kaufman Dolowich & Voluck, LLP
135 S. LaSalle St., Suite 2100
Chicago, IL 60603

***Counsel for Oh Insurance Agency***

# THE COURT'S FAIRNESS HEARING

| **12. When and where will the Court decide whether to approve the Settlement?** |
| --- |

The Court will hold a hearing to decide whether to approve the Settlement. This Fairness Hearing will be held at 11:00 a.m. on November 13, 2019, at the United States District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, Illinois 60604, in Courtroom 1903. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Website for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and whether to award attorneys' fees, expenses, and an incentive award to the Class Representative as described above, and in what

amounts. If there are objections, the Court will consider them. At or after the hearing, the Court will decide whether to approve the Settlement. We do not know how long it will take the Court to issue its decision. <u>You do not have to come to this hearing</u>, but you may attend at your own expense. However, any Settlement Class Member who fails to object to the Settlement in the manner described in Section 11 shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Fairness Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

## 13. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must file a notice with the Court saying that you intend to appear at the Fairness Hearing in *Abante Rooter & Plumbing, Inc. v. Oh Ins. Agency*, No. 1:15-cv-09025 (N.D. Ill.). Be sure to include your name, address, phone number and, to the extent not otherwise submitted in relation to a filed objection, copies of any papers, exhibits or other evidence that you intend to present to the Court. Your notice of intention to appear must be filed no later than October 15, 2019. Copies of your notice of intent to appear must also be sent to the attorneys for the Plaintiff and Settlement Class and to the attorneys for Defendants at the addresses provided above.

You cannot speak at the hearing if you exclude yourself from the Settlement or do not file a timely notice of intent to appear.

# IF YOU DO NOTHING

## 14. What happens if I do nothing at all?

If you do nothing, and are a Class Member, and received a postcard notice in mail regarding this case, you will receive a payment after the Court approves the Settlement and any appeals are resolved. If you **did not receive a postcard notice in the mail regarding the case, in order to receive a payment, you must submit a claim form.** Regardless of whether you received a postcard notice, if you are a Settlement Class Member, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Oh Agency, Allstate, or any other person having to do with the legal issues in this case.

# GETTING MORE INFORMATION

## 15. How do I get more information?

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by calling the Settlement Administrator toll-free at 1-855-222-6832, writing to:

Oh Agency TCPA Settlement Administrator
c/o KCC Class Action Services
P.O. Box 404000
Louisville KY 40233-4000

or visiting the website at www.ohagencytelemarketingsettlement.com, where you will also find answers to common questions about the Settlement, a claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

**En el sitio web, www.ohagencytelemarketingsettlement.com,
hay una notificación completa del acuerdo en Español.**

# Exhibit H

*Abante Rooter & Plumbing, Inc. contra Oh Ins. Agency*, No. 1:15-cv-09025 (N.D. Ill.)
Tribunal de Distrito de los Estados Unidos por el Distrito Norte de Illinois

# Si usted recibió una <u>llamada</u> de telemercadeo a un <u>teléfono celular</u> de <u>Allstate</u> entre el 19 de abril de 2013 y el 21 de febrero de 2017, <u>puede tener derecho a beneficios conforme</u> a un arreglo de demanda colectiva.

*Un tribunal federal autorizó este aviso. Esto no es una solicitación de un abogado.*

- Un Demandante ("Representante de la Clase") interpuso una demanda alegando que Oh Insurance Agency infringió la Ley de Protección al Consumidor de Telefonía ("TCPA"), 47 U.S.C. § 227, al hacer llamadas a teléfonos celulares utilizando un sistema de marcado automático telefónico o una voz artificial o pregrabada, sin consentimiento, y que Allstate Insurance Company es indirectamente responsable por la llamada.

- Se ha llegado a un arreglo en este caso, que, si es aprobado, proporcionará un fondo de $10,500,000 ("Fondo del Arreglo") del que recibirán un pago en efectivo las personas elegibles cuyas direcciones son conocidas y recibieron un aviso de tarjeta postal sobre el caso. Además, el subgrupo limitado de miembros de la clase cuyas direcciones no son conocidas tendrán la oportunidad de reclamar para recibir un pago en efectivo si los registros en el caso reflejan que la persona que presenta una reclamación recibió una de las llamadas afectadas. **Si usted recibió un aviso de tarjeta postal por correo, no necesita presentar una reclamación para recibir su pago.** Los pagos en efectivo se estiman que sean de unos $100 a $120 por pago.

- Usted está en la "Clase del Arreglo" si le llamaron a uno de los 53,743 números de teléfono celular específicos a los que Oh Insurance Agency hizo llamadas utilizando un sistema de marcado de la marca SalesDialers con el fin de fomentar la compra de bienes o servicios de Allstate, entre el 19 de abril de 2013 y el 21 de febrero de 2017.

- Además de efectuar los pagos del arreglo a los Miembros de la Clase del Arreglo, el Fondo del Arreglo se utilizará para pagar los honorarios y costos de abogados a los abogados que representan al Representante de la Clase y a la Clase ("Abogados de la Clase"), el pago al Representante de la Clase, los costos razonables de notificación y administración del Arreglo, y una posible contribución benéfica si quedan cheques del arreglo no cobrados.

- **Sus derechos legales están afectados independientemente de si actúa o no. Lea este aviso detenidamente.**
- **Para un operador telefónico de habla en español, llame al 1-855-222-6832.**

| SUS DERECHOS LEGALES Y OPCIONES EN ESTE ARREGLO | |
|---|---|
| **Si recibió un aviso de tarjeta postal y no hace nada** | Usted recibirá un pago y renunciará a cualquier derecho para demandar a Oh Agency, Allstate, o cualquier otra persona por separado sobre las reclamaciones legales en este caso. |
| **Si no recibió un Aviso de tarjeta postal por correo, tiene que enviar un Formulario de Reclamación** | Si no recibió un aviso de tarjeta postal por correo sobre este caso, tiene que presentar un formulario de reclamación válido y oportuno en línea en www.ohagencytelemarketingsettlement.com o por correo a Oh Agency TCPA Settlement Administrator, c/o KCC Class Action Services, P.O. Box 404000, Louisville KY 40233-4000. Si no presenta una reclamación y su número de teléfono está en la Lista de la Clase de 53,743, no recibirá un pago del arreglo y renunciará a cualquier derecho para demandar a Oh Agency, Allstate o cualquier otra persona por separado sobre las reclamaciones legales en este caso. La fecha límite para presentar un formulario de reclamación es el 15 de octubre de 2019. |
| **Excluirse u "Optar por Salirse" del Arreglo** | No obtiene ningún pago. Si se excluye, no renunciará a ningún derecho que pueda tener contra Oh Agency, Allstate o cualquier otra persona con respecto a las reclamaciones legales en este caso. |
| **Objetar** | Escriba al Tribunal sobre porqué cree que el Arreglo es injusto. Incluso si presenta una objeción válida y oportuna, si recibió un aviso de tarjeta postal por correo sobre este caso, todavía recibirá un pago en este caso. Si no recibió un aviso de tarjeta postal por correo sobre este caso, si presenta un formulario de reclamación válido, puede todavía recibir un pago incluso si objeta. |
| **Ir a la Audiencia de Equidad** | Solicite hablar en el Tribunal sobre la equidad del Arreglo si presenta una objeción válida y oportuna. |

AHUNWS1

Estos derechos y opciones – **y las fechas límites para ejercerlos** – se explican en este aviso. El Tribunal encargado de este caso aún tiene que decidir si aprueba el Arreglo. Los pagos se efectuarán a los Miembros de la Clase que recibieron un aviso de tarjeta postal por correo y a las reclamaciones válidas y oportunas si el Tribunal aprueba el Arreglo y después de que se hayan resuelto las apelaciones. Por favor, sea paciente.

## CONTENIDO DE ESTE AVISO

**INFORMACIÓN BÁSICA** ...................................................................................................**PÁGINA 3**

1. ¿Por qué hay un aviso?

2. ¿De qué trata esta demanda colectiva?

3. ¿Por qué hay un Arreglo?

**¿QUIÉN FORMA PARTE DEL ARREGLO?** ................................................................**PÁGINA 4**

4. ¿Cómo sé si formo parte del Arreglo?

**LOS BENEFICIOS DEL ARREGLO – LO QUE OBTIENE**.........................................**PÁGINA 4**

5. ¿Qué dispone el Arreglo?

**CÓMO OBTIENE UN PAGO** ..........................................................................................**PÁGINA 4**

6. ¿Cómo y cuándo puedo obtener un pago?

7. ¿A qué renuncio para obtener un pago o permanecer en la Clase?

**EXCLUIRSE DEL ARREGLO**.........................................................................................**PÁGINA 6**

8. ¿Cómo me excluyo del Arreglo?

**LOS ABOGADOS QUE LE REPRESENTAN**................................................................**PÁGINA 6**

9. ¿Tengo un abogado en este caso?

10. ¿Cómo se les pagará a los abogados y al Representante de la Clase?

**OBJETAR AL ARREGLO**................................................................................................**PÁGINA 7**

11. ¿Cómo le comunico al Tribunal que no pienso que el Arreglo sea justo?

**LA AUDIENCIA DE EQUIDAD DEL TRIBUNAL** ....................................................**PÁGINA 7**

12. ¿Cuándo y dónde decidirá el Tribunal si aprueba el Arreglo?

13. ¿Puedo hablar en la audiencia?

**SI NO HACE NADA**..........................................................................................................**PÁGINA 8**

14. ¿Qué ocurre si no hago nada en absoluto?

**OBTENER MÁS INFORMACIÓN** ................................................................................**PÁGINA 8**

15. ¿Cómo obtengo más información?

# Información Básica

### 1. ¿Por qué hay un aviso?

Un tribunal autorizó este aviso porque usted tiene derecho a saber sobre un Arreglo propuesto de esta demanda colectiva, y sobre todas sus opciones, antes de que el Tribunal decida si aprueba el Arreglo. Si el Tribunal aprueba el Arreglo y después de haberse resueltos las objeciones o apelaciones, un administrador nombrado por el Tribunal efectuará los pagos que permita el Arreglo. Es importante que lea este aviso detenidamente ya que sus derechos se verán afectados por este Arreglo.

Si usted recibió un aviso por correo, es debido a que los registros aportados en Litigio indican que usted fue llamado a uno de los 53,743 números de teléfono celulares específicos a los que la Oh Insurance Agency hizo llamadas utilizando un sistema de marcado de la marca SalesDialers con el fin de fomentar la compra de bienes o servicios de Allstate entre el 19 de abril de 2013 y el 21 de febrero de 2017. Si este es el caso, tiene derecho a beneficios conforme al Arreglo, como "Miembro de la Clase del Arreglo". Si no recibió un aviso de tarjeta postal por correo pero cree que recibió una llamada de Oh Insurance Agency fomentando la compra de bienes o servicios de Allstate, entre el 19 de abril de 2013 y el 21 de febrero de 2017 a un teléfono celular del que usted es el usuario o suscriptor, tiene la opción de rellenar una reclamación como se describe más adelante.

El Tribunal encargado del caso es el Tribunal de Distrito de los Estados Unidos por el Distrito Norte de Illinois, y el caso se conoce como *Abante Rooter & Plumbing, Inc. v. Oh Ins. Agency*, No. 1:15-cv-09025 (N.D. Ill.). El Arreglo propuesto resolvería todas las reclamaciones en este caso, así como las reclamaciones en cuestión en el Litigio. La entidad que demandó es el "Demandante" o "Representante de la Clase", y las compañías demandadas, Oh Insurance Agency ("Oh Agency") y Allstate Insurance Company ("Allstate"), se refieren en el presente documento como "Demandados".

El Tribunal aprobó preliminarmente el Arreglo el 29 de mayo de 2019, y en virtud de la orden del Tribunal, se difunde ahora un aviso a los Miembros potenciales de la Clase, con el fin de notificarles del Arreglo propuesto y sus derechos correspondientes al mismo.

### 2. ¿De qué trata esta demanda colectiva?

Una demanda colectiva es una demanda en la que las reclamaciones y derechos de muchas personas se deciden en un proceso judicial único. Los demandantes representantes, también llamados "representantes de la clase", afirman reclamaciones en nombre de la clase entera.

El Representante de la Clase cursó este Litigio alegando que Oh Agency infringió la Ley de Protección al Consumidor de Telefonía ("TCPA"), 47 U.S.C. § 227, ocasionando que las llamadas de telemercadeo se hicieran a los teléfonos celulares para fomentar la compra de bienes o servicios de Allstate utilizando un sistema de marcado automático telefónico o una voz artificial o pregrabada, sin el previo consentimiento expreso de la parte llamada, y que Allstate es indirectamente responsable por dichas llamadas.

Los Demandados niegan haber cometido alguna irregularidad, o que este caso sea adecuado para que sea tratado como una demanda colectiva.

### 3. ¿Por qué hay un Arreglo?

El Tribunal no decidió a favor del Representante de la Clase o de los Demandados. Ambas partes acordaron un arreglo en lugar de ir a juicio. De esa manera, evitan el costo de un juicio y las personas afectadas obtendrán una compensación. El Representante de la Clase y sus abogados piensan que el Arreglo es lo mejor para todos los Miembros de la Clase.

# ¿QUIÉN FORMA PARTE DEL ARREGLO?

### 4. ¿Cómo sé si formo parte del Arreglo?

El Tribunal ha certificado una demanda colectiva solamente a efectos del arreglo. Normalmente, usted forma parte de la Clase del Arreglo si recibió una llamada de telemercadeo no solicitada de Allstate por parte de Oh Agency a su teléfono celular entre el 19 de abril de 2013 y el 21 de febrero de 2017. Más específicamente, la Clase del Arreglo se define de la siguiente manera:

> **Todas las personas en los Estados Unidos (i) a quién Oh Insurance Agency hizo una llamada con el objeto de fomentar la compra de bienes o servicios de Allstate (ii) a un número de teléfono celular (iii) utilizando SalesDialers (iv) entre el 19 de abril de 2013 y el 21 de febrero de 2017, limitado a llamadas a números de teléfono en la Lista de la Clase. La Lista de la Clase se compone de los usuarios o suscriptores de los 53,743 únicos números de teléfono listados en la misma**.

Si tiene preguntas sobre si usted es un Miembro de la Clase, o todavía no está seguro si está incluido, puede llamar al 1-855-222-6832 o visitar www.ohagencytelemarketingsettlement.com para más información.

# LOS BENEFICIOS DEL ARREGLO – LO QUE USTED OBTIENE

### 5. ¿Qué dispone el Arreglo?

Los Demandados han acordado pagar una cantidad total del arreglo de $10,500,000, que será utilizada para crear un Fondo del Arreglo para efectuar pagos en efectivo a los Miembros de la Clase del Arreglo que recibieron un aviso de tarjeta postal sobre este caso así como a los Miembros de la Clase del Arreglo que no recibieron un aviso de tarjeta postal pero que presentan una reclamación válida y oportuna, para pagar los honorarios y costos de abogado de los Abogados de la Clase, pagar una adjudicación de servicio al Representante de la Clase, y pagar los costos y gastos de la notificación y administración del arreglo.

Cualquier dinero restante de la Compensación del Arreglo no cobrado puede ser redistribuido en otras distribuciones a los Miembros de la Clase del Arreglo que cobraran sus cheques del arreglo. Sin embargo, si fuera administrativamente inviable otra distribución, el dinero restante se donará en su lugar a un destinatario cy pres (que significa el "mejor siguiente uso"). Las partes han propuesto que dicho dinero sea donado al Centro de Información de Privacidad Electrónica.

# CÓMO OBTIENE UN PAGO

### 6. ¿Cómo y cuándo puedo obtener un pago?

Cada Miembro de la Clase del Arreglo que recibiera un aviso de tarjeta postal sobre este caso recibirá una Compensación del Arreglo sin presentar un formulario de reclamación. Cualquier Miembro de la Clase del Arreglo que no recibiera un aviso de tarjeta postal sobre el caso pero que presenta un formulario de reclamación válido y oportuno también recibirá una Compensación del Arreglo. La Compensación del Arreglo es un pago en efectivo. La cantidad final del pago en efectivo dependerá del número total de Miembros de la Clase del Arreglo con direcciones conocidas que recibieron el aviso de tarjeta postal sobre el caso además de las reclamaciones válidas y oportunas presentadas por los Miembros de la Clase del Arreglo que no recibieron el aviso de tarjeta postal, y se distribuirá en base prorrateada del Fondo del Arreglo descontando los costos del aviso y de administración, los honorarios y costos de los Abogados de la Clase, y la adjudicación al Representante de la Clase. Los Miembros de la Clase del Arreglo que recibieron llamadas en más de un celular pueden presentar una reclamación por cada número celular. Los Abogados de la Clase estiman que la cantidad del pago en efectivo (aunque depende del número de reclamaciones) estaría dentro del rango de $100 a $120. Los Miembros de la Clase del Arreglo elegibles pueden presentar una reclamación por cada número de teléfono celular único asociado al que se haya llamado.

Las reclamaciones pueden presentarse electrónicamente mediante el sitio web del Arreglo en www.ohagencytelemarketingsettlement.com, o por correo a:

Oh Agency TCPA Settlement Administrator
c/o KCC Class Action Services
P.O. Box 404000
Louisville KY 40233-4000

Si usted no recibió una notificación Postal y está presentando un formulario de reclamación, la fecha límite para presentar su reclamación es el 15 de octubre de 2019.

El Tribunal celebrará una audiencia el 13 de noviembre de 2019 para decidir si aprueba el Arreglo. Si el Arreglo se aprueba, puede que haya apelaciones. No es seguro si las apelaciones, si las hay, pueden ser resueltas, y el resolverlas puede llevar tiempo, quizá más de un año. Por favor, sea paciente.

## 7. ¿A qué renuncio para obtener un pago o permanecer en la Clase?

Si usted es un Miembro de la Clase, a menos que se excluya, estará obligado por la liberación de las reclamaciones en el Arreglo. Esto significa que, si el Arreglo se aprueba, no puede demandar, continuar demandando, o formar parte de cualquier otra demanda contra Oh Agency, Allstate o cualquier otra persona que tenga que ver con la TCPA y/o cualquier otra ley de telemercadeo federal o estatal por violaciones que surjan de las llamadas de telemercadeo efectuadas por Oh Agency para fomentar la compra de bienes o servicios de Allstate utilizando su marcador SalesDialers entre el 19 de abril de 2013 y 21 de febrero de 2017, incluyendo, pero sin limitarse a, las reclamaciones de cualquier tipo o naturaleza alegando que Allstate es indirectamente responsable por dichas llamadas de Oh Agency, y estará obligado por todas las decisiones y sentencias del Tribunal.

Para las llamadas de no emergencia o mensajes de texto efectuados a un número de teléfono celular utilizando un sistema de marcado automático telefónico o una voz artificial o pregrabada sin el previo consentimiento expreso de la persona llamada, la TCPA dispone unos daños de $500 por violación, o hasta $1,500 por violaciones conocidas o intencionales, más un mandato limitando la conducta futura. Sin embargo, los Demandados han negado haber hecho o mandado hacer llamadas ilegales a nadie, y en cualquier demanda futura tendrán una amplia gama de defensas potenciales, incluyendo que tenían previa autorización expresa para hacer las llamadas y que Allstate no es indirectamente responsable por ellas. Además, la TCPA no estipula los honorarios de abogados a los demandantes individuales imperantes. Este Arreglo permite a los Miembros de la Clase la oportunidad de obtener una cantidad menor de dinero, sin riesgo.

Si no se excluye de este Arreglo, no podrá presentar su propia demanda sobre las reclamaciones que se describen en este Aviso, y exonerará a los Demandados de toda responsabilidad por las Reclamaciones Exoneradas que se definen a continuación y en el Arreglo.

Permanecer en la Clase del Arreglo significa que usted, así como cualquiera que reclame en su nombre, como sus herederos, sucesores y cesionarios, renuncian y liberan a todas y cada una de las Partes Exoneradas de cada una de las Reclamaciones Exoneradas (como se define más adelante).

Si se aprueba el Arreglo, a la Fecha del Arreglo Final, las Personas Exonerantes, en virtud de la sentencia, se considerarán haber liberado, renunciado y liquidado de manera total, concluyente, irrevocable y final a las Personas Exoneradas de todas y cada una de las Reclamaciones Exoneradas (es decir, todas las reclamaciones, exigencias, causas de acción, demandas, daños y honorarios que surjan conforme a la Ley de Protección al Consumidor de Telefonía ("TCPA"), 47 U.S.C. § 227, y/o de cualquier otra ley federal o estatal de telemercadeo, ya sea en derecho o equidad, que hayan sido o pudieran haber sido presentadas por una Persona Exonerante contra Oh Agency o Allstate Insurance Company en relación con las llamadas de telemercadeo que Oh Agency hizo o mandó hacer para promocionar bienes y servicios de Allstate, cuando dichas llamadas se hicieran entre el 19 de abril de 2013 y el 21 de febrero de 2017, incluyendo, pero sin limitarse a, las reclamaciones de cualquier tipo o naturaleza alegando que Allstate Insurance Company es indirectamente responsable por dichas llamadas de Oh Agency. Las "Personas Exoneradas" significa los Demandados Oh Insurance Agency y Allstate Insurance Company, y todos sus predecesores, sucesores, matrices, subsidiarias,

filiales, funcionarios, directores, socios, miembros, jefes, empleados, agentes, abogados, subalternos y cesionarios. "Personas Exonerantes" significa el Demandante (incluyendo al Demandante principal Fred Heidarpour) y cada miembro de la Clase que se identifica en la Lista de la Clase y no se excluye, y sus respectivos cesionarios, herederos, sucesores, predecesores, matrices, subsidiarias, filiales, funcionarios, directores, accionistas, miembros, gerentes, socios, jefes, representantes y empleados (cada uno exclusivamente en su capacidad respectiva como tal).

El Acuerdo del Arreglo (disponible en el sitio web www.ohagencytelemarketingsettlement.com) proporciona más detalles sobre la liberación y describe las Reclamaciones Exoneradas con descripciones específicas en terminología legal necesaria y precisa, por lo tanto, léalo detenidamente. Usted puede hablar con los bufetes de abogados que representan a la Clase listados en la Pregunta 9 gratuitamente, o puede, por su cuenta, hablar con su propio abogado si tiene preguntas sobre las Partes Exoneradas o las Reclamaciones Exoneradas o lo que estas significan.

La liberación no aplica a los Miembros de la Clase del Arreglo que se excluyan oportunamente del Arreglo.

# EXCLUIRSE DEL ARREGLO

Si no desea un pago de este Arreglo, y desea conservar el derecho a demandar o continuar demandando a los Demandados por su cuenta sobre los asuntos legales en este caso, entonces tiene que tomar medidas para excluirse del Arreglo.

## 8. ¿Cómo me excluyo del Arreglo?

Para excluirse del Arreglo, tiene que enviar una carta por correo diciendo que desea ser excluido del caso *Abante Rooter & Plumbing, Inc. v. Oh Ins. Agency*, No. 1:15-cv-09025 (N.D. Ill.). Asegúrese de incluir su nombre, dirección y número (o números) de teléfono a los que fue llamado por Oh Agency durante el Periodo de la Clase del Arreglo. También tiene que incluir una declaración de que desea ser excluido del Arreglo y firmar la declaración. **Tiene que enviar por correo la solicitud de exclusión con matasellos de no más tarde del 15 de octubre de 2019** a:

Oh Agency TCPA Settlement Administrator
c/o KCC Class Action Services
P.O. Box 404000
Louisville KY 40233-4000

Si solicita ser excluido, no obtendrá ninguna Compensación del Arreglo y no puede objetar al mismo. No estará legalmente obligado por nada que ocurra en este Litigio. Puede demandar (o continuar demandando) a los Demandados en el futuro. Aunque ninguna otra persona puede excluirle de la Clase del Arreglo, nada le prohíbe obtener la asistencia de otra persona, como un abogado o miembro de familia, para preparar o presentar una exclusión individual.

# LOS ABOGADOS QUE LE REPRESENTAN

## 9. ¿Tengo un abogado en este caso?

El Tribunal nombró a los siguientes abogados para representarle a usted y a otros Miembros de la Clase: Alexander H. Burke y Daniel J. Marovitch de Burke Law Offices, LLC; Edward A. Broderick de Broderick Law, P.C.; y Matthew P. McCue de The Law Office of Matthew P. McCue.

A todos estos abogados se les llama Abogados de la Clase. A usted no se le cobrará por separado por los servicios de estos abogados. Si desea estar representado por su propio abogado, puede contratar uno por su cuenta.

Usted puede registrar una comparecencia mediante su propio abogado si lo desea, pero no es necesario hacerlo.

**10. ¿Cómo se les pagará a los abogados y al Representante de la Clase?**

Los Abogados de la Clase solicitarán al Tribunal que apruebe un pago de hasta $3,500,000 para compensarlos por los honorarios de abogados por investigar los hechos, litigar el caso, y negociar el Arreglo, más los costos incurridos en el caso que no excedan de $50,000. Los Abogados de la Clase también solicitarán una adjudicación de $10,000 para el Representante de la Clase, como compensación por su tiempo y esfuerzo. El Tribunal puede adjudicar unas cantidades menores. Estos pagos, junto con los costos de administrar el Arreglo, se harán del Fondo del Arreglo.

# OBJETAR AL ARREGLO

Usted puede comunicarle al Tribunal que no está de acuerdo con el Arreglo o parte del mismo.

**11. ¿Cómo le digo al Tribunal que no pienso que el Arreglo sea justo?**

Si es un Miembro de la Clase del Arreglo y no se excluye, puede objetar al Arreglo o a cualquier parte del mismo, por ejemplo, si no piensa que el Arreglo es justo. Puede explicar las razones por las que piensa que el Tribunal no debe aprobarlo. El Tribunal considerará sus puntos de vista. Para objetar, tiene que presentar una declaración por escrito al Tribunal diciendo que objeta al Arreglo propuesto en el caso *Abante Rooter & Plumbing, Inc. v. Oh Ins. Agency*, No. 1:15-cv-09025 (N.D. Ill.). Asegúrese de incluir: (a) su nombre, dirección, número de teléfono y, si es diferente, el número del teléfono celular al que fue llamado por Oh Agency durante el Periodo de la Clase del Arreglo; (b) si está representado por un abogado, el nombre, dirección y número de teléfono de su abogado; (c) las bases específicas de su objeción, y si solamente aplica a usted, a un subgrupo de la Clase, o a la totalidad de la Clase; y (d) una declaración de si tiene intención de comparecer en la Audiencia de Equidad, ya sea con o sin abogado. Tiene también que adjuntar a la objeción cualquier documento que desee que sea considerado por el Tribunal, y la objeción debe ser enviada a los Abogados de la Clase y a los abogados de los Demandados. **Su objeción al Arreglo tiene que presentarse y ser enviada con matasellos postal a los respectivos abogados de las partes no más tarde del 15 de octubre de 2019**.

La objeción tiene que enviarse o ser presentada a los siguientes:

Para ser archivada:

*Abante Rooter & Plumbing, Inc. v.*
*Oh Ins. Agency*, No. 1:15-cv-09025 (N.D. Ill.)
U.S. District Court, Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

Por correo:

Alexander H. Burke
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601

**Abogado del Demandante y de la Clase del Arreglo**

Mark J. Levin
Ballard Spahr LLP
1735 Market St., 51st Floor
Philadelphia, PA 19103

**Abogado de Allstate Insurance Company**

John D. Dalton
Kaufman Dolowich & Voluck, LLP
135 S. LaSalle St., Suite 2100
Chicago, IL 60603

**Abogado de Oh Insurance Agency**

# LA AUDIENCIA DE EQUIDAD DEL TRIBUNAL

### 12. ¿Cuándo y dónde decidirá el Tribunal si aprueba el Arreglo?

El Tribunal celebrará una audiencia para decidir si aprueba el Arreglo. La Audiencia de Equidad se celebrará el 13 de noviembre de 2019, a las 11:00 a.m., en el Tribunal de Distrito de los Estados Unidos por el Distrito Norte de Illinois, 219 S. Dearborn St., Chicago, Illinois 60604, en la Sala 1903. La audiencia puede cambiarse a una fecha u hora diferente sin previo aviso, por lo tanto, sería buena idea comprobar el sitio web del Arreglo para ver las actualizaciones. En esta audiencia, el Tribunal considerará si el Arreglo es justo, razonable y adecuado, y si otorga los honorarios de abogados, gastos, y una adjudicación de incentivo al Representante de la Clase, como se describe anteriormente, y en qué cantidades. Si hay objeciones, el Tribunal las considerará. Durante la audiencia, o después de la misma, el Tribunal decidirá si aprueba el Arreglo. No sabemos cuánto tiempo tomará el Tribunal para emitir su decisión. <u>Usted no tiene que ir a esta audiencia</u>, pero puede asistir por su cuenta. Sin embargo, cualquier Miembro de la Clase del Arreglo que no objete al Arreglo de la manera que se describe en la sección 11 se le considerará que ha renunciado a dicha objeción, no se le permitirá objetar a cualquiera de los términos o a la aprobación del Arreglo en la Audiencia de Equidad, y no se le permitirá solicitar ninguna revisión del Arreglo o de los términos del Acuerdo mediante apelación o de otra manera.

### 13. ¿Puedo hablar en la audiencia?

Usted puede solicitar permiso al Tribunal para hablar en la Audiencia de Equidad. Para hacerlo, tiene que presentar un aviso en el Tribunal diciendo que tiene intención de comparecer en la Audiencia de Equidad en el caso *Abante Rooter & Plumbing, Inc. v. Oh Ins. Agency*, No. 1:15-cv-09025 (N.D. Ill.). Asegúrese de incluir su nombre, dirección, número de teléfono y, en la medida que no se presentara de otra manera en relación con una objeción presentada, copias de cualquier documento, anexos u otras pruebas que pretenda presentar al Tribunal. Su aviso de intención de comparecer tiene que presentarse no más tarde del 15 de octubre de 2019. Tiene también que enviar copias de su aviso de intención de comparecer a los abogados del Demandante y la Clase del Arreglo y a los abogados de los Demandados a las direcciones que se indican anteriormente.

Usted no puede hablar en la audiencia si se excluye del Arreglo o si no presenta a tiempo un aviso de intención de comparecencia.

# SI NO HACE NADA

### 14. ¿Qué ocurre si no hago nada en absoluto?

Si no hace nada, y es un Miembro de la Clase, y recibió un aviso de tarjeta postal por correo sobre este caso, recibirá un pago después de que el Tribunal apruebe el Arreglo y se haya resuelto cualquier apelación. **Si no recibió un aviso de tarjeta postal por correo sobre este caso, para recibir un pago, tiene que presentar un formulario de reclamación**. Independientemente de si recibe un aviso de tarjeta postal, si es un Miembro de la Clase del Arreglo, a menos que se excluya, no podrá iniciar una demanda, continuar con una demanda, o formar parte de cualquier otra demanda contra Oh Agency, Allstate o cualquier otra persona que tenga que ver con los asuntos legales en este caso.

# OBTENER MÁS INFORMACIÓN

### 15. ¿Cómo obtengo más información?

Este aviso resume el Arreglo propuesto. En el Acuerdo del Arreglo hay más detalles. Puede obtener una copia del Acuerdo del Arreglo llamando gratuitamente al Administrador del Arreglo al 1-855-222-6832, escribiendo a:

Oh Agency TCPA Settlement Administrator
c/o KCC Class Action Services
P.O. Box 404000
Louisville KY 40233-4000

o visitando el sitio web en www.ohagencytelemarketingsettlement.com, donde también encontrará respuestas a las preguntas frecuentes del Arreglo, un formulario de reclamación, además de otra información para ayudarle a determinar si usted es un Miembro de la Clase y si es elegible para obtener un pago.

# Exhibit I

Oh Agency TCPA Settlement Administrator
c/o KCC Class Action Services
P.O. Box 404000
Louisville KY  40233-4000

**AHU**

*Abante Rooter & Plumbing, Inc. v. Oh Ins. Agency*

United States District Court for
the Northern District of Illinois

No. 1:15-cv-09025 (N.D. Ill.)

**Must Be Postmarked
No Later Than
October 15, 2019**

# Oh Agency TCPA Settlement Claim Form

## Your Information

First Name

Last Name

Address

Address (continued)

City

State

Zip Code

Email

Contact Telephone Number

Cell phone number at which you received calls from Oh Insurance Agency

(Your cell phone number must be listed in our records as one of the phone numbers that Oh Insurance Agency called using SalesDialers to telemarket Allstate goods and services, and included as part of the Settlement. If you are not certain which of your cell phone numbers may have been called, you may submit each of them separately.)

## Certification

By signing and submitting this claim form, I certify that I received a call from Oh Insurance Agency on the above cell phone number between April 19, 2013 and February 21, 2017, and was the subscriber or user of the cell phone number.

Signature: _____   Date (mm/dd/yyyy): _____

## Return the Claim Form to:

Oh Agency TCPA Settlement Administrator
c/o KCC Class Action Services
P.O. Box 404000, Louisville KY 40233-4000

YOUR CLAIM FORM WILL NOT BE RETURNED TO YOU.  PLEASE RETAIN A COPY FOR YOUR RECORDS.  ACCURATE PROCESSING AND VERIFICATION OF CLAIMS MAY TAKE A SIGNIFICANT AMOUNT OF TIME.  THANK YOU IN ADVANCE FOR YOUR PATIENCE.

**QUESTIONS?**  A copy of the class notice, Settlement Agreement and other information regarding the Settlement is available at the Settlement Website at www.ohagencytelemarketingsettlement.com.  You can also call the Settlement Administrator toll-free at 1-855-222-6832.

# Exhibit J

July 23, 2019

Oh Agency TCPA Settlement Adminstrator
c/o KCC Class Action Services
P.O. Box 404000
Louisville KY 40233-4000

To Whom It May Concern:

Please exclude me from the Settlement Agreement in the following matter:

Abante Rooter & Plumbing, Inc. v. Oh Ins. Agency, No. 1:15-cv-09025 (N.D. Ill.).

My information is as follows:

Name: Kenneth Cross
Address:

      Cell phone number:

Thank you.

Sincerely,

Kenneth Cross

NORTH TEXAS TX PSDC
DALLAS TX 750
26 JUL 2019 PM 1 L

Received

JUL 2 9 2019

On Agency TCPA Settlement Admin
c/o KCC Class Action Services
P.O. Box 404000
Louisville, KY 40233-4000

40233-400000